1  DANIEL J. BERGESON, SBN 105439, dbergeson@be-law.com
   CAROLINE McINTYRE, SBN 159005, cmcintyre@be-law.com
2  ELIZABETH D. LEAR, SBN 122922, elear@be-law.com
   BERGESON, LLP
3  303 Almaden Blvd., Suite 500
   San Jose, CA 95110-2712
4  Telephone:  (408) 291-6200
   Facsimile:   (408) 297-6000
5
   Attorneys for Defendant
6  GEORGE HERVEY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11
   In Re Marvell Technology Group, Ltd.      Master File No. C-06-06286 RMW
12 Securities Litigation
                                             CLASS ACTION
13
                                             DEFENDANT GEORGE HERVEY'S
14                                           ANSWER TO CONSOLIDATED CLASS
                                             ACTION COMPLAINT AND DEMAND
15 THIS DOCUMENT RELATES TO:                 FOR JURY TRIAL

   All Actions.
16
                                             Complaint Filed:    August 16, 2007
17                                           Trial Date:         None Set

18

19

20

21

22

23

24

25

26

27

28

---

1    Defendant George Hervey ("Hervey") hereby answers the above-entitled Consolidated

2  Class Action Complaint (the "Complaint") as set forth below.  In answer to the Complaint, Hervey

3  denies each and every allegation thereof, except those allegations that are expressly admitted, or

4  qualified, and Hervey further denies that Plaintiffs have suffered any damages by reason of any

5  act, omission, or conduct on the part of Hervey, and further denies that Plaintiffs have been

6  damaged whatsoever, and denies that Plaintiffs are entitled to the relief sought in the Complaint,

7  or to any relief at all.

8    The allegations of the first two unnumbered paragraphs of the Complaint contain legal

9  conclusions as to which no response is required.  To the extent that a response is required, Hervey

10  admits that publicly available information reflects that this Court appointed the Police and Fire

11  Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A, and

12  Puerto Rico Government Employees Retirement System as Lead Plaintiffs.  Except as expressly

13  admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

14  allegations contained in the first two unnumbered paragraphs of the Complaint, and, on that

15  ground, denies each and every allegation contained in such paragraph.

16    1.    Answering the allegations contained in paragraph 1 of the Complaint, Hervey notes

17  that this paragraph contains certain legal conclusions and characterizations as to which no

18  response is required.  Hervey denies generally and specifically each and every allegation contained

19  in such paragraph that is directed against Hervey.  With respect to allegations directed against

20  defendants other than Hervey, or otherwise, Hervey does not have information or belief sufficient

21  to enable him to answer the allegations contained therein, and, on that ground, denies each and

22  every allegation contained in such paragraph.

23    2.    Answering the allegations contained in paragraph 2 of the Complaint, Hervey notes

24  that this paragraph contains certain legal conclusions and characterizations as to which no

25  response is required.   Hervey denies generally and specifically each and every allegation

26  contained in such paragraph that is directed against Hervey.  With respect to allegations directed

27  against defendants other than Hervey, or otherwise, Hervey does not have information or belief

28

- 1 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1    sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

2    each and every allegation contained in such paragraph.

3            3.      Answering the allegations contained in paragraph 3 of the Complaint, Hervey

4    admits that publicly available information reflects that Marvell Technology Group, Ltd.

5    ("Marvell" or the "Company") filed its Form 10-K with the SEC on or about July 2, 2007 (the

6    "Restatement") which states: "In this Form 10-K, we are restating our consolidated financial

7    statements and related disclosures for the fiscal years ended January 28, 2006 and January 29,

8    2005.  This Form 10-K also reflects the restatement of 'Selected Consolidated Financial Data' in

9    Item 6 for fiscal years 2006, 2005, 2004, and 2003, and 'Management's Discussion and Analysis

10   of Financial Condition and Results of Operation' in Item 7 for fiscal years 2006 and 2005.

11   Furthermore, under 'Supplementary Data' in Item 8, we have included restated unaudited

12   condensed consolidated financial information for each affected quarter during fiscal 2006 and the

13   first quarter of fiscal 2007."  Hervey states that the Restatement speaks for itself.  Except as

14   expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

15   answer the allegations contained therein, and, on that ground, denies each and every allegation

16   contained in such paragraph.

17           4.      Answering the allegations contained in paragraph 4 of the Complaint, Hervey

18   admits that the Restatement states: "[a]pproximately 74% of shares granted during the Relevant

19   Period were backdated or resulted in additional accounting charges.  Of these re-measured grants,

20   the stock prices on the original grant date were lower than the prices on the appropriate

21   measurement dates for 97% of such shares."  Hervey admits that the Restatement states: "The

22   Special Committee determined that in a substantial number of instances grant dates were chosen

23   with the benefit of hindsight, so as to provide exercise prices lower than the fair market value on

24   the actual measurement date."  Hervey states that the Restatement speaks for itself.  Except as

25   expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

26   answer the allegations contained therein, and, on that ground, denies each and every allegation

27   contained in such paragraph.

28

- 2 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

5.     Answering the allegations contained in paragraph 5 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

6.     Answering the allegations contained in paragraph 6 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that the Restatement contains Findings of the Special Committee, including the language quoted in paragraph 6 of the Complaint.  Hervey states that the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

7.     Answering the allegations contained in paragraph 7 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey admits that the Restatement contains Findings of the Special Committee, including the language quoted in paragraph 7 of the Complaint.  Hervey states that the Restatement speaks for itself.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

8.     Answering the allegations contained in paragraph 8 of the Complaint, Hervey admits that Marvell had an Executive Compensation Committee that was responsible for administering stock option grants to the Company's executive officers during at least a period of time while Hervey was employed by Marvell.  Hervey admits that John M. Cioffi ("Cioffi") was a member of the Company's Executive Compensation Committee during at least a period of time that Hervey was employed by Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

9.     Answering the allegations contained in paragraph 9 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph that is directed against Hervey.  With respect to allegations directed against defendants other than

- 3 -

1   Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to

2   answer the allegations contained therein, and, on that ground, denies each and every allegation

3   contained in such paragraph.

4         10.     Answering the allegations contained in paragraph 10 of the Complaint, Hervey

5   Hervey notes that this paragraph contains certain legal conclusions and characterizations as to

6   which no response is required.  Hervey admits that he received stock options from Marvell.

7   Except as expressly admitted herein, Hervey denies generally and specifically each and every

8   allegation contained in such paragraph that is directed against Hervey.  With respect to allegations

9   directed against defendants other than Hervey, or otherwise, Hervey does not have information or

10   belief sufficient to enable him to answer the allegations contained therein, and, on that ground,

11   denies each and every allegation contained in such paragraph.

12         11.     Answering the allegations contained in paragraph 11 of the Complaint, Hervey

13   notes that this paragraph contains certain legal conclusions and characterizations as to which no

14   response is required.  Hervey states that the analyst report speaks for itself.  Hervey does not have

15   information or belief sufficient to enable him to answer the remaining allegations contained

16   therein, and, on that ground, denies each and every allegation contained in such paragraph.

17         12.     Answering the allegations contained in paragraph 12 of the Complaint, Hervey

18   admits that publicly available information reflects that on or about July 3, 2006, the Company

19   filed a Form 8-K with the United States Securities and Exchange Commission ("SEC") disclosing,

20   among other things, that it had received a letter of informal inquiry from the Securities and

21   Exchange Commission requesting certain documents relating to the Company's stock option

22   grants and practices.  The Company also disclosed that it had received a grand jury subpoena from

23   the office of the United States Attorney for the Northern District of California requesting

24   substantially similar documents.  Except as expressly admitted herein, Hervey does not have

25   information or belief sufficient to enable him to answer the allegations contained therein, and, on

26   that ground, denies each and every allegation contained in such paragraph.

27

28

- 4 -

13.     Answering the allegations contained in paragraph 13 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey admits that publicly available information reflects that, on or about October 2, 2006, the Company filed a Form 8-K with the SEC (the "October 2, 2006 Form 8-K") disclosing, among other things, that "the Company will need to restate historical financial statements to record additional non-cash charges for stock-based compensation expense related to past option grants."  In the October 2, 2006 Form 8-K, the Company also stated that "the Board of Directors has concluded that the financial statements and all earnings press releases and similar communications issued by the Company relating to periods beginning on or after its initial public offering in June 2000 should no longer be relied upon."  Hervey states that the October 2, 2006 Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

14.     Answering the allegations contained in paragraph 14 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that publicly available information reflects:  the closing price of Marvell's common stock on May 22, 2006 was $26.50; the closing price of Marvell's common stock on July 3, 2006 was $22.42; the closing price of Marvell's common stock on July 5, 2006 was $20.66; and the closing price of Marvell's common stock on October 3, 2006 was $16.80. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

15.     Answering the allegations contained in paragraph 15 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 5 -

16.     Answering the allegations contained in paragraph 16 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that Marvell's wholly owned subsidiary, Marvell Semiconductor, Inc. ("MSI"), and MSI's U.S. headquarters and principal executive offices were located within this District.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

17.     Answering the allegations contained in paragraph 17 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey denies generally and specifically each and every remaining allegation contained in such paragraph.

18.     Answering the allegations contained in paragraph 18 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey denies generally and specifically each and every allegation contained in such paragraph that is directed against Hervey.  With respect to allegations directed against defendants other than Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

19.     Answering the allegations contained in paragraph 19 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

20.     Answering the allegations contained in paragraph 20 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to

- 6 -

1  answer the remaining allegations contained therein, and, on that ground, denies each and every

2  allegation contained in such paragraph.

3       21.     Answering the allegations contained in paragraph 21 of the Complaint, Hervey

4  notes that this paragraph contains certain legal conclusions and characterizations as to which no

5  response is required.   Hervey does not have information or belief sufficient to enable him to

6  answer the remaining allegations contained therein, and, on that ground, denies each and every

7  allegation contained in such paragraph.

8       22.     Answering the allegations contained in paragraph 22 of the Complaint, Hervey

9  admits that by Order of this Court dated February 2, 2007, and amended February 7, 2007, PFRS,

10  PRGERS and Monte Paschi were appointed Lead Plaintiffs in this Action purportedly on behalf of

11  a class of purchasers of Marvell common stock.  Except as expressly admitted herein, Hervey does

12  not have information or belief sufficient to enable him to answer the allegations contained therein,

13  and, on that ground, denies each and every allegation contained in such paragraph.

14       23.     Answering the allegations contained in paragraph 23 of the Complaint, Hervey

15  admits that, according to the Company's Form 10-K for the fiscal year ended January 28, 2006,

16  filed with the SEC on or about April 13, 2006 ("2006 Form 10-K"), the Company was

17  incorporated in Bermuda in January 1995, and has a registered address of Canon's Court, 22

18  Victoria Street, Hamilton HM 12, Bermuda.  Hervey admits that, according to 2006 Form 10-K,

19  the address of the Company's United States subsidiary, Marvell Semiconductor, Inc., is 5488

20  Marvell Lane, Santa Clara, California 95054.  Hervey states that the 2006 Form 10-K speaks for

21  itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient

22  to enable him to answer the allegations contained therein, and, on that ground, denies each and

23  every allegation contained in such paragraph.

24       24.     Answering the allegations contained in paragraph 24 of the Complaint, Hervey

25  admits that the language quoted in paragraph 24 of the Complaint is contained in the Company's

26  Form 10-K for the fiscal year ended January 29, 2005 filed with the SEC on or about April 14,

27  2005 ("2005 Form 10-K").  Hervey states that the 2005 Form 10-K speaks for itself.  Except as

28

- 7 -

1  expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

2  answer the allegations contained therein, and, on that ground, denies each and every allegation

3  contained in such paragraph.

4         25.      Answering the allegations contained in paragraph 25 of the Complaint, Hervey

5  admits that, during the Class Period, as defined in the Complaint (the "Class Period"), Marvell

6  was engaged in the business of providing high-performance analog, mixed-signal, digital signal

7  processing and embedded microprocessor integrated circuits to end users and others. Except as

8  expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

9  answer the allegations contained therein, and, on that ground, denies each and every allegation

10  contained in such paragraph.

11         26.      Answering the allegations contained in paragraph 26 of the Complaint, Hervey

12  admits that the Company's 2005 Form 10-K for the fiscal year ended January 29, 2005 states,

13  among other things: "On February 25, 2004, the Board of Directors approved a 2 for 1 stock split

14  of the Company's common stock, to be effected pursuant to the issuance of additional shares," and

15  that "[s]tock certificates representing one additional share for each share held were delivered on

16  June 28, 2004 (payment date) to all shareholders of record at the close of business on

17  June 14, 2004 (record date)." Hervey states that the 2005 Form 10-K speaks for itself. Except as

18  expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

19  answer the allegations contained therein, and, on that ground, denies each and every allegation

20  contained in such paragraph.

21         27.      Answering the allegations contained in paragraph 27 of the Complaint, Hervey

22  admits that publicly available information reflects that on February 21, 2006, the Company's

23  Board of Directors approved a 2-for-1 split of the Company's common stock. Except as expressly

24  admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

25  allegations contained therein, and, on that ground, denies each and every allegation contained in

26  such paragraph.

27

28

- 8 -

28.     Answering the allegations contained in paragraph 28 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

29.     Answering the allegations contained in paragraph 29 of the Complaint, Hervey admits that, during the period of time he was employed by Marvell, the Company's fiscal year ended on the Saturday nearest January 31.  Hervey admits that, during the period of time that he was employed by Marvell, that the Company defined its "fiscal year" as the year in which the reporting period ended.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

30.     Answering the allegations contained in paragraph 30 of the Complaint, Hervey admits that Marvell's common stock traded on the NASDAQ under the ticker symbol "MRVL" while Hervey was employed by Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

31.     Answering the allegations contained in paragraph 31 of the Complaint, Hervey admits that he understands that Sutardja and his wife co-founded Marvell.  Hervey admits that he understands that Sutardja was Marvell's President and CEO during the period of time Hervey was employed by Marvell.  Hervey admits that he understands that Sutardja became the Company's sole Chairman at some point during the period of time when Hervey was employed by Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

32.     Answering the allegations contained in paragraph 32 of the Complaint, Hervey admits that he understands that Dai was a Director of the Company during the period of time that Hervey was employed by Marvell.  Hervey admits that he understands that Dai was Executive Vice President during some period of time that Hervey worked for Marvell.  Hervey admits that he

- 9 -

understands that Dai was promoted to Executive Vice President and General Manager of the Communications Business Group during some period of time while Hervey worked for Marvell. Hervey admits that he understands that Dai became the COO for Marvell during some period of time that Hervey worked for Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

33.     Answering the allegations contained in paragraph 33 of the Complaint, Hervey admits that, it is his understanding that, for a period of time while Hervey was employed by Marvell, Sutardja and Dai were the sole members of Marvell's Stock Option Committee.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

34.     Answering the allegations contained in paragraph 34 of the Complaint, Hervey admits that, the Company's Form 10-K for the fiscal year ended January 27, 2007 filed with the SEC on or about July 2, 2007 (the "Restatement") contains the language that is block quoted in paragraph 34 of the Complaint.  Hervey states that the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

35.     Answering the allegations contained in paragraph 35 of the Complaint, Hervey admits that he was Marvell's Vice President of Finance and CFO from April 2000 through May 2, 2007, when he resigned.  Hervey admits that, following his resignation, in accordance with Marvell's stock option plan, the vesting on stock options previously awarded to him ceased. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

36.     Answering the allegations contained in paragraph 36 of the Complaint, Hervey notes that this paragraph contains Plaintiffs' characterizations of the Restatement to which no response is required.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

37.     Answering the allegations contained in paragraph 37 of the Complaint, Hervey admits that any Sarbanes-Oxley certifications signed by Hervey certified what was set forth in such certifications, and that these certifications describe Hervey's responsibility with respect to Marvell's internal controls and disclosure controls and procedures.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

38.     Answering the allegations contained in paragraph 38 of the Complaint, Hervey admits that, at times, the Complaint appears to collectively refer to Sutardja, Dai, and Hervey as the "Individual Defendants."  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

39.     Answering the allegations contained in paragraph 39 of the Complaint, Hervey understands that Cioffi was a director of Marvell during at least some period of time that Hervey was employed by Marvell.  Hervey understands that Cioffi was a member and Chairman of the Company's Executive Compensation Committee during at least some period of time that Hervey was employed by Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

40.     Answering the allegations contained in paragraph 40 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that, as a Chief Financial Officer for Marvell, he had a duty to provide accurate and truthful information regarding the Company.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

- 11 -

1    allegations contained therein, and, on that ground, denies each and every allegation contained in

2    such paragraph.

3            41.     Answering the allegations contained in paragraph 41 of the Complaint, Hervey

4    notes that this paragraph contains certain legal conclusions and characterizations as to which no

5    response is required.   Hervey does not have information or belief sufficient to enable him to

6    answer the remaining allegations contained therein, and, on that ground, denies each and every

7    allegation contained in such paragraph.

8            42.     Answering the allegations contained in paragraph 42 of the Complaint, Hervey

9    does not have information or belief sufficient to enable him to answer the allegations contained

10   therein, and, on that ground, denies each and every allegation contained in such paragraph.

11           43.     Answering the allegations contained in paragraph 43 of the Complaint, Hervey

12   notes that this paragraph contains certain legal conclusions and characterizations as to which no

13   response is required.   Hervey does not have information or belief sufficient to enable him to

14   answer the remaining allegations contained therein, and, on that ground, denies each and every

15   allegation contained in such paragraph.

16           44.     Answering the allegations contained in paragraph 44 of the Complaint, Hervey

17   admits that, throughout the Class Period, he believes Marvell common stock was traded on the

18   NASDAQ.  Except as expressly admitted herein, Hervey does not have information or belief

19   sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

20   each and every allegation contained in such paragraph.

21           45.     Answering the allegations contained in paragraph 45 of the Complaint, Hervey

22   does not have information or belief sufficient to enable him to answer the allegations contained

23   therein, and, on that ground, denies each and every allegation contained in such paragraph.

24           46.     Answering the allegations contained in paragraph 46 of the Complaint, Hervey

25   does not have information or belief sufficient to enable him to answer the allegations contained

26   therein, and, on that ground, denies each and every allegation contained in such paragraph.

27

28
DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

47.     Answering the allegations contained in paragraph 47 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

48.     Answering the allegations contained in paragraph 48 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

49.     Answering the allegations contained in paragraph 49 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

50.     Answering the allegations contained in paragraph 50 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

51.     Answering the allegations contained in paragraph 51 of the Complaint, Hervey admits that he understands that publicly traded companies may, under certain circumstances, award their employees stock option grants.  Hervey admits that he understands that a stock option grant may give an employee the right to purchase shares of a company at a specific price on or after a specific date.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

52.     Answering the allegations contained in paragraph 52 of the Complaint, Hervey states that this paragraph contains allegations regarding hypothetical situations as to which no response is required.  Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 13 -

53.     Answering the allegations contained in paragraph 53 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

54.     Answering the allegations contained in paragraph 54 of the Complaint, Hervey admits that, at the time Marvell granted the stock options referenced in the Complaint, the Company accounted for non-statutory stock option grants pursuant to Accounting Principles Bulletin 25 ("APB 25").  Hervey states that APB 25 speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

55.     Answering the allegations contained in paragraph 55 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

56.     Answering the allegations contained in paragraph 56 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

57.     Answering the allegations contained in paragraph 57 of the Complaint, Hervey notes that this paragraph contains certain hypotheticals, legal conclusions and characterizations as to which no response is required.   Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

58     Answering the allegations contained in paragraph 58 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no

- 14 -

1   response is required.   Hervey does not have information or belief sufficient to enable him to

2   answer the remaining allegations contained therein, and, on that ground, denies each and every

3   allegation contained in such paragraph.

4          59.    Answering the allegations contained in paragraph 59 of the Complaint, Hervey

5   notes that this paragraph contains certain legal conclusions and characterizations as to which no

6   response is required.   Hervey does not have information or belief sufficient to enable him to

7   answer the remaining allegations contained therein, and, on that ground, denies each and every

8   allegation contained in such paragraph.

9          60.    Answering the allegations contained in paragraph 60 of the Complaint, Hervey

10  notes that this paragraph contains certain legal conclusions and characterizations as to which no

11  response is required.   Hervey does not have information or belief sufficient to enable him to

12  answer the remaining allegations contained therein, and, on that ground, denies each and every

13  allegation contained in such paragraph.

14         61.    Answering the allegations contained in paragraph 61 of the Complaint, Hervey

15  notes that this paragraph contains certain legal conclusions and characterizations as to which no

16  response is required.   Hervey admits that the language attributed to Christopher Cox in paragraph

17  61 of the Complaint is contained in a publicly available document entitled "Testimony Concerning

18  Options Backdating," dated September 6, 2006.  Except as expressly admitted herein, Hervey does

19  not have information or belief sufficient to enable him to answer the allegations contained therein,

20  and, on that ground, denies each and every allegation contained in such paragraph.

21         62.    Answering the allegations contained in paragraph 62 of the Complaint, Hervey

22  admits that the language quoted in paragraph 62 of the Complaint is contained in a document

23  entitled "Speech by SEC Chairman:  Remarks at Press Conference on Actions Against Brocade

24  Communications Systems by Chairman Christopher Cox."  Except as expressly admitted herein,

25  Hervey does not have information or belief sufficient to enable him to answer the allegations

26  contained therein, and, on that ground, denies each and every allegation contained in such

27  paragraph.

28

63. Answering the allegations contained in paragraph 63 of the Complaint, Hervey admits that a publicly available press release entitled "Grassley Takes Aim At Stock Options Backdating, Executive Compensation Tax Loophole" contains the language attributed to Senator Chuck Grassley in paragraph 63 of the Complaint. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

64. Answering the allegations contained in paragraph 64 of the Complaint, Hervey admits that a publicly available document entitled "Five More Companies Show Questionable Options Pattern" contains the language attributed to Arthur Levitt in paragraph 64 of the Complaint. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

65. Answering the allegations contained in paragraph 65 of the Complaint, Hervey admits that a publicly available document entitled "Lessons of the stock options scandal" contains the language attributed to Former SEC Chairman Harvey Pitt in paragraph 65 of the Complaint. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

66. Answering the allegations contained in paragraph 66 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required. Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

67. Answering the allegations contained in paragraph 67 of the Complaint, Hervey admits that Marvell's Form 10-K for the fiscal year ended January 31, 2004 ("2004 Form 10-K") filed with the SEC on April 13, 2004, p.81 n.8 provides that "[i]n April 1995, the Company adopted the 1995 Stock Option Plan." Hervey admits that Marvell's Form 10-Q filed with the

- 16 -

SEC on or about September 15, 2003 includes as Exhibit 10.20: Amended and Restated Stock Option Plan. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph

68.    Answering the allegations contained in paragraph 68 of the Complaint, Hervey admits that paragraph 21 of the Stock Option Plan ("SOP") contains a definition of "Administrator" as "the Board or a committee appointed by the Board under Section 4." Hervey admits that paragraph 4(a) of the SOP provides, among other things, that "[o]nce appointed, a Committee shall serve until otherwise directed by the Board." Hervey admits that paragraph 4(c)(i-vii) of the SOP sets forth certain authority of the Administrator. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

69.    Answering the allegations contained in paragraph 69 of the Complaint, Hervey states that the SOP speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

70.    Answering the allegations contained in paragraph 70 of the Complaint, Hervey admits that paragraph 21 of the SOP contains the definition of "Fair Market Value" that is quoted in paragraph 70 of the Complaint. Hervey states that the SOP speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

71.    Answering the allegations contained in paragraph 71 of the Complaint, Hervey notes that this paragraph contains certain characterizations of Marvell's Proxy Statements as to which no response is required. Hervey does not have information or belief sufficient to enable

1   him to answer the remaining allegations contained therein, and, on that ground, denies each and

2   every allegation contained in such paragraph.

3       72.     Answering the allegations contained in paragraph 72 of the Complaint, Hervey

4   notes that this paragraph contains certain legal conclusions and characterizations as to which no

5   response is required.   Hervey admits that the Company's Proxy Statement Pursuant To Section

6   14(a) of the Securities Exchange Act of 1934, dated April 29, 2005 (the "2005 Proxy"), contains

7   the language quoted in paragraph 72 of the Complaint.  Hervey states that the 2005 Proxy speaks

8   for itself.  Except as expressly admitted herein, Hervey does not have information or belief

9   sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

10  each and every allegation contained in such paragraph.

11      73.     Answering the allegations contained in paragraph 73 of the Complaint, Hervey

12  notes that this paragraph contains certain legal conclusions and characterizations as to which no

13  response is required.   Hervey notes that Marvell's Proxy Statements speak for themselves.

14  Hervey does not have information or belief sufficient to enable him to answer the remaining

15  allegations contained therein, and, on that ground, denies each and every allegation contained in

16  such paragraph.

17      74.     Answering the allegations contained in paragraph 74 of the Complaint, Hervey

18  notes that this paragraph contains certain legal conclusions and characterizations as to which no

19  response is required.   Hervey does not have information or belief sufficient to enable him to

20  answer the remaining allegations contained therein, and, on that ground, denies each and every

21  allegation contained in such paragraph.

22      75.     Answering the allegations contained in paragraph 75 of the Complaint, Hervey

23  admits that, the 2005 Proxy contains the language quoted in paragraph 75 of the Complaint.

24  Hervey notes that the 2005 Proxy speaks for itself.  Except as expressly admitted herein, Hervey

25  does not have information or belief sufficient to enable him to answer the allegations contained

26  therein, and, on that ground, denies each and every allegation contained in such paragraph.

27

28

- 18 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

76.     Answering the allegations contained in paragraph 76 of the Complaint, Hervey admits that the Company's Restatement contains the language quoted in paragraph 76 of the Complaint.  Hervey notes that Restatement and Marvell's Proxy Statements speak for themselves. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

77.     Answering the allegations contained in paragraph 77 of the Complaint, Hervey admits that the Proxy Statements that the Company filed with the SEC on May 21, 2001 ("2001 Proxy"), May 17, 2002 ("2002 Proxy"), May 23, 2003 ("2003 Proxy"), April 26, 2004 ("2004 Proxy"), April 29, 2005 ("2005 Proxy") and May 8, 2006 ("2006 Proxy") referenced that the Company's Stock Option Committee consisted of Sutardja and Dai.  Hervey states that Marvell's Proxy Statements speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

78.     Answering the allegations contained in paragraph 78 of the Complaint, Hervey admits that the 2001 Proxy states: "The Stock Option Committee held five meetings during the period from its inception in December 2000 through the end of the Company's 2001 fiscal year." Hervey admits that the 2002 Proxy states:  "The Stock Option Committee held nine meetings during fiscal 2002."  Hervey admits that the 2003 Proxy states:  "[t]he Stock Option Committee held five meetings during fiscal 2003."  Hervey admits that the 2004 Proxy states: "[t]he Stock Option Committee held nine meetings during fiscal 2004."  Hervey admits that the 2005 Proxy states: "[t]he Stock Option Committee held 11 meetings during fiscal 2005."  Hervey admits that the 2006 Proxy states: "Number of Meetings in Fiscal 2006:  14."  Hervey states that Marvell's Proxy Statements speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 19 -

79.     Answering the allegations contained in paragraph 79 of the Complaint, Hervey admits that he understood that, during at least a period of time that he was employed by Marvell, that the Executive Compensation Committee had the authority to approve salaries and bonuses and other compensation matters for the Company's executive officers.  Hervey admits that the 2001 Proxy and 2002 Proxy state: "The Compensation Committee has the authority to approve salaries and bonuses and other compensation matters for the Company's executive officers and consultants, to approve employee health and benefit plans and to administer its stock option plans."  Hervey admits the 2003 Proxy states: "The Compensation Committee has the authority to approve salaries and bonuses and other compensation matters for the Company's executive officers, to approve employee health and benefit plans and to administer its stock option plans." Hervey admits that the 2004 Proxy and 2005 Proxy state: "The Executive Compensation Committee has the authority to approve salaries and bonuses and other compensation matters for the Company's executive officers, to approve employee health and benefit plans and to administer the Company's stock option plans."  Hervey admits that 2006 Proxy states: "The Executive Compensation Committee has the authority to approve salaries and bonuses and other compensation matters for the Company's executive officers, assists the Board of Directors in developing and evaluating potential candidates for any executive officer position and administers executive officer compensation within the terms of any applicable Company compensation plans." Hervey admits that the 2004 Proxy states: "In fiscal year 2004, the Executive Compensation Committee granted Dr. Sehat Sutardja options to purchase 1,500,000 shares of the Company's Common Stock.  In determining the size of this grant, the Executive Compensation Committee considered prior stock option grants to Dr. Sutardja by the Company and the stock option awards granted to chief executive officers of comparable companies in the Company's industry."  Hervey states that Marvell's Proxy Statements speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 20 -

80.     Answering the allegations contained in paragraph 80 of the Complaint, Hervey Hervey admits that the 2001 Proxy states: "The Stock Option Committee held five meetings during the period from its inception in December 2000 through the end of the Company's 2001 fiscal year." Hervey admits that the 2002 Proxy states: "The Stock Option Committee held nine meetings during fiscal 2002." Hervey admits that the 2003 Proxy states: "[t]he Stock Option Committee held five meetings during fiscal 2003." Hervey admits that the 2004 Proxy states: "[t]he Stock Option Committee held nine meetings during fiscal 2004." Hervey admits that the 2005 Proxy states: "[t]he Stock Option Committee held 11 meetings during fiscal 2005." Hervey admits that the 2006 Proxy states: "Number of Meetings in Fiscal 2006: 14." Hervey states that Marvell's Proxy Statements speak for themselves. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

81.     Answering the allegations contained in paragraph 81 of the Complaint, Hervey states the Merrill Lynch report speaks for itself. Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

82.     Answering the allegations contained in paragraph 82 of the Complaint, Hervey states the Merrill Lynch report speaks for itself. Hervey does not have information or belief sufficient to enable him to answer the remaining allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

83.     Answering the allegations contained in paragraph 83 of the Complaint, Hervey admits that publicly available information reflects that the closing price of Marvell's common stock on May 19, 2006 was $28.11, and that the closing price of Marvell's common stock on May 22, 2006 was $26.50. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

84.     Answering the allegations contained in paragraph 84 of the Complaint, Hervey admits that the Company's Form 8-K, filed on or about July 3, 2006, stated the Company "has received a letter of informal inquiry from the Securities and Exchange Commission requesting certain documents relating to the Company's stock option grants and practices.  The Company has also received a grand jury subpoena from the office of the United States Attorney for the Northern District of California requesting substantially similar documents.  The Company intends to cooperate fully with both requests.  At the direction of the Company's Board of Directors, a special committee of the Board has commenced an internal review, assisted by outside legal counsel, relating to past stock option grants, the timing of such grants and related accounting matters."  Hervey states the Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

85.     Answering the allegations contained in paragraph 85 of the Complaint, Hervey admits that publicly available information reflects that Marvell's common stock closed at $22.42 on July 3, 2006, and closed at $20.66 on July 5, 2006.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

86.     Answering the allegations contained in paragraph 86 of the Complaint, Hervey admits that Marvell's Form 8-K filed with the SEC on or about August 17, 2006, contains the language quoted in paragraph 86 of the Complaint.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

87.     Answering the allegations contained in paragraph 87 of the Complaint, Hervey admits that publicly available information indicates that the closing price of Marvell's common stock on August 17, 2006 was $20.48, and that the closing price of Marvell's common stock on

- 22 -

1   August 18, 2006 was $19.05.  Except as expressly admitted herein, Hervey does not have

2   information or belief sufficient to enable him to answer the allegations contained therein, and, on

3   that ground, denies each and every allegation contained in such paragraph.

4           88.      Answering the allegations contained in paragraph 88 of the Complaint, Hervey

5   admits that publicly available information reflects that Marvell issued a press release on

6   October 2, 2006 containing the language quoted in paragraph 88 of the Complaint.  Hervey states

7   the press release speaks for itself.  Except as expressly admitted herein, Hervey does not have

8   information or belief sufficient to enable him to answer the allegations contained therein, and, on

9   that ground, denies each and every allegation contained in such paragraph.

10          89.      Answering the allegations contained in paragraph 89 of the Complaint, Hervey

11  admits that the closing price of Marvell's common stock on October 2, 2006 was $19.09, and the

12  closing price of Marvell's common stock on October 3, 2006 was $16.80.  Except as expressly

13  admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

14  allegations contained therein, and, on that ground, denies each and every allegation contained in

15  such paragraph.

16          90.      Answering the allegations contained in paragraph 90 of the Complaint, Hervey

17  admits that the language quoted in paragraph 90 of the Complaint is contained in Marvell's Form

18  8-K filed with the SEC on or about January 4, 2007.  Hervey states the Form 8-K speaks for itself.

19  Except as expressly admitted herein, Hervey does not have information or belief sufficient to

20  enable him to answer the allegations contained therein, and, on that ground, denies each and every

21  allegation contained in such paragraph.

22          91.      Answering the allegations contained in paragraph 91 of the Complaint, Hervey

23  admits that information contained in the chart in paragraph 91 of the Complaint is included in the

24  Company's Form 8-K filed with the SEC on or about January 4, 2007.  Hervey states the Form

25  8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or

26  belief sufficient to enable him to answer the allegations contained therein, and, on that ground,

27  denies each and every allegation contained in such paragraph.

28

- 23 -

92.     Answering the allegations contained in paragraph 92 of the Complaint, Hervey admits that the Company's Form 8-K filed with the SEC on or about January 4, 2007 states that Sutardja, Dai and Hervey agreed to reform their stock option agreements.  Hervey admits that the Company's Form 8-K filed with the SEC on or about January 4, 2007 states that Hervey agreed to return $615,673.  Hervey states the Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

93.     Answering the allegations contained in paragraph 93 of the Complaint, Hervey admits that, following his resignation, in accordance with Marvell's stock option plan, the vesting on stock options previously awarded to him ceased.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

94.     Answering the allegations contained in paragraph 94 of the Complaint, Hervey admits that the Company's Form 8-K filed with the SEC on or about April 24, 2007 states that on April 20, 2007, "the Company was informed that the SEC is now conducting a formal investigation" regarding the Company's stock option grants and practices.  Hervey states the Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

95.     Answering the allegations contained in paragraph 95 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

96.     Answering the allegations contained in paragraph 96 of the Complaint, Hervey admits that publicly available information indicates that the Company filed a Form 10-K with the SEC on or about July 2, 2007 (the "Restatement").  Hervey admits that the Restatement states: "[o]n May 25, 2006, the Board appointed a committee, chaired by and consisting solely of an

- 24 -

independent and disinterested member of the Audit Committee who had no prior involvement in the stock option process, to conduct the internal review of [the Company's] historical stock option practices and related accounting matters.  This committee retained outside legal counsel at the time to assist with this internal review.  In June and July 2006, this committee identified various stock option grants as having been potentially selected with the benefit of hindsight."  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

97.     Answering the allegations contained in paragraph 97 of the Complaint, Hervey admits that the Restatement states that on July 19, 2006, the Board "appointed a successor special committee, titled the Special Committee Regarding Derivative Litigation, to assume responsibility for the stock option review and to evaluate and address matters raised by the derivative action (the "Special Committee").  The same independent director continued as the sole member of the Special Committee and, after consideration of a number of firms, selected new, independent counsel to represent the Special Committee.  The Special Committee subsequently retained a second independent law firm (collectively "Independent Counsel").  Independent Counsel retained forensic accounting experts to assist in the internal review."  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

98.     Answering the allegations contained in paragraph 98 of the Complaint, Hervey admits that the Restatement states that "[o]n March 30, 2007, the independent director resigned from the Special Committee and the Board appointed two independent non-director members to the Special Committee to continue the review of [the Company's] historical stock option practices and related accounting matters…As a result, the Special Committee thereafter consisted of two non-directors."  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

- 25 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND FOR JURY TRIAL
Case No. C-06-06286

allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

99.     Answering the allegations contained in paragraph 99 of the Complaint, Hervey admits that publicly available information indicates that the Company filed its Restatement with the SEC on or about July 2, 2007.  Hervey admits that the Restatement references findings of the Special Committee regarding its review of the Company's historical stock option practices and related accounting matters.  Hervey admits that the Restatement states that "Ms. Dai participated in the selection of grant dates with the benefit of hindsight . . ."  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

100.     Answering the allegations contained in paragraph 100 of the Complaint, Hervey admits that the Restatement states that "the Stock Option Committee conducted no meetings with respect to option grants and that minutes reflecting such meetings were false."  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

101.     Answering the allegations contained in paragraph 101 of the Complaint, Hervey admits that the Restatement states that "[o]f the 59 minutes of meetings of the Stock Option Committee, all of which were prepared by or under the direction of the former General Counsel of MSI, only the first set of minutes were separately prepared for each member's signature and signed by each of them; subsequently the minutes were only prepare for one member to sign, and only one member signed those minutes."  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 26 -

102.   Answering the allegations contained in paragraph 102 of the Complaint, Hervey admits that the Restatement states that "in a substantial number of instances grant dates were chosen with the benefit of hindsight, so as to provide exercise prices lower than the fair market value on the actual measurement date." Hervey admits that the Restatement states that "false documentation supporting new hires was employed to reflect start dates that preceded the actual first day of employment and to reflect secondary grant authorization as if they occurred on dates prior to the original grant date, which facilitated giving the employees favorable prices." Hervey admits that the Restatement states: "Weili Dai . . . played a central role in all Stock Option Committee grants. Ms. Dai participated in the selection of grant dates with the benefit of hindsight and signed false minutes and other relate corporate documents. The Special Committee also found that she failed to establish proper internal controls and failed to exercise proper review and inquiry as an officer. Certain individuals involved in the process said that they did not feel able to provide her with frank advice. She signed inaccurate external documents, including 10-K's and proxy statements" Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

103.   Answering the allegations contained in paragraph 103 of the Complaint, Hervey admits the Restatement states that "Weili Dai . . . played a central role in all Stock Option Committee grants. Ms. Dai participated in the selection of grant dates with the benefit of hindsight and signed false minutes and other relate corporate documents. The Special Committee also found that she failed to establish proper internal controls and failed to exercise proper review and inquiry as an officer. Certain individuals involved in the process said that they did not feel able to provide her with frank advice. She signed inaccurate external documents, including 10-K's and proxy statements." Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

- 27 -

1   allegations contained therein, and, on that ground, denies each and every allegation contained in

2   such paragraph.

3          104.    Answering the allegations contained in paragraph 104 of the Complaint, Hervey

4   admits that the Restatement states that "[Sutardja] was found to have had a limited role in the

5   stock option process and to have participated in only a few instances in awards with incorrect

6   measurement dates with respect to which he had received no or inadequate advice.  He signed

7   inaccurate external documents, including [the Company's] SEC filings, financial statements, and

8   proxy statements.  The Special Committee found that he failed to establish proper internal controls

9   and that certain individuals involved in the process to some extent did not feel able to provide him

10  with frank advice."  Hervey states the Restatement speaks for itself.  Except as expressly admitted

11  herein, Hervey does not have information or belief sufficient to enable him to answer the

12  allegations contained therein, and, on that ground, denies each and every allegation contained in

13  such paragraph.

14         105.    Answering the allegations contained in paragraph 105 of the Complaint, Hervey

15  admits that the Restatement states that Hervey "was found to have been aware of awarding options

16  to two employees prior to their start date."  Hervey states the Restatement speaks for itself.

17  Except as expressly admitted herein, Hervey denies each and every allegation contained in such

18  paragraph.

19         106.    Answering the allegations contained in paragraph 106 of the Complaint, Hervey

20  admits that the Restatement states that "Mr. Hervey also was found to have been aware of

21  awarding options to two employees prior to their start date.  He also failed to establish a system of

22  proper controls despite being on notice of repeated concerns raised by others regarding the stock

23  option process.  He signed inaccurate external documents, including [the Company's] SEC filings

24  and financial statements."  Hervey states the Restatement speaks for itself.  Except as expressly

25  admitted herein, Hervey denies each and every allegation contained in such paragraph.

26         107.    Answering the allegations contained in paragraph 107 of the Complaint, Hervey

27  admits that the Restatement states that "Approximately 74% of shares granted [between June 2000

- 28 -

28  DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1   and June 2006] were backdated or resulted in additional accounting charges.  Of these re-

2   measured grants, the stock prices on the original grant date were lower than the prices on the

3   appropriate measurement dates for 97% if such shares."  Hervey states the Restatement speaks for

4   itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient

5   to enable him to answer the allegations contained therein, and, on that ground, denies each and

6   every allegation contained in such paragraph.

7   108.     Answering the allegations contained in paragraph 108 of the Complaint, Hervey

8   admits that the language quoted in paragraph 108 of the Complaint is contained in the

9   Restatement.  Hervey states the Restatement speaks for itself.  Except as expressly admitted

10   herein, Hervey does not have information or belief sufficient to enable him to answer the

11   allegations contained therein, and, on that ground, denies each and every allegation contained in

12   such paragraph.

13   109.     Answering the allegations contained in paragraph 109 of the Complaint, Hervey

14   admits that the Restatement states: "Since our inception, 3,819,000 options were granted to 13

15   recipients who were not employees or directors.  These grants were erroneously accounted for

16   under APB 25 as if they had been made to employees."  Hervey states the Restatement speaks for

17   itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient

18   to enable him to answer the allegations contained therein, and, on that ground, denies each and

19   every allegation contained in such paragraph.

20   110.     Answering the allegations contained in paragraph 110 of the Complaint, Hervey

21   generally and specifically denies each and every allegation contained in such paragraph that is

22   directed against Hervey.  With respect to allegations directed against defendants other than

23   Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to

24   answer the allegations contained therein, and, on that ground, denies each and every allegation

25   contained in such paragraph.

26

27

28

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1    111.    Answering the allegations contained in paragraph 111 of the Complaint, Hervey

2    does not have information or belief sufficient to enable him to answer the allegations contained

3    therein, and, on that ground, denies each and every allegation contained in such paragraph.

4    112.    Answering the allegations contained in paragraph 112 of the Complaint, Hervey

5    does not have information or belief sufficient to enable him to answer the allegations contained

6    therein, and, on that ground, denies each and every allegation contained in such paragraph.

7    113.    Answering the allegations contained in paragraph 113 of the Complaint, Hervey

8    does not have information or belief sufficient to enable him to answer the allegations contained

9    therein, and, on that ground, denies each and every allegation contained in such paragraph.

10   114.    Answering the allegations contained in paragraph 114 of the Complaint, Hervey

11   does not have information or belief sufficient to enable him to answer the allegations contained

12   therein, and, on that ground, denies each and every allegation contained in such paragraph.

13   115.    Answering the allegations contained in paragraph 115 of the Complaint, Hervey

14   does not have information or belief sufficient to enable him to answer the allegations contained

15   therein, and, on that ground, denies each and every allegation contained in such paragraph.

16   116.    Answering the allegations contained in paragraph 116 of the Complaint, Hervey

17   does not have information or belief sufficient to enable him to answer the allegations contained

18   therein, and, on that ground, denies each and every allegation contained in such paragraph.

19   117.    Answering the allegations contained in paragraph 117 of the Complaint, Hervey

20   does not have information or belief sufficient to enable him to answer the allegations contained

21   therein, and, on that ground, denies each and every allegation contained in such paragraph.

22   118.    Answering the allegations contained in paragraph 118 of the Complaint, Hervey

23   does not have information or belief sufficient to enable him to answer the allegations contained

24   therein, and, on that ground, denies each and every allegation contained in such paragraph.

25   119.    Answering the allegations contained in paragraph 119 of the Complaint, Hervey

26   does not have information or belief sufficient to enable him to answer the allegations contained

27   therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 30 -

28

120.    Answering the allegations contained in paragraph 120 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

121.    Answering the allegations contained in paragraph 121 of the Complaint, Hervey denies each and every allegation contained in such paragraph.

122.    Answering the allegations contained in paragraph 122 of the Complaint, denies each and every allegation contained in such paragraph.

123.    Answering the allegations contained in paragraph 123 of the Complaint, Hervey denies each and every allegation contained in such paragraph.

124.    Answering the allegations contained in paragraph 124 of the Complaint, Hervey denies each and every allegation contained in such paragraph.

125.    Answering the allegations contained in paragraph 125 of the Complaint, Hervey denies each and every allegation contained in such paragraph.

126.    Answering the allegations contained in paragraph 126 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

127.    Answering the allegations contained in paragraph 127 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph that is directed against Hervey.  With respect to allegations directed against defendants other than Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

128.    Answering the allegations contained in paragraph 128 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

129.    Answering the allegations contained in paragraph 129 of the Complaint, Hervey admits that the language quoted in paragraph 129 of the Complaint is contained in the

- 31 -

1  Restatement.  Hervey states the Restatement speaks for itself.  Except as expressly admitted

2  herein, Hervey does not have information or belief sufficient to enable him to answer the

3  allegations contained therein, and, on that ground, denies each and every allegation contained in

4  such paragraph.

5        130.   Answering the allegations contained in paragraph 130 of the Complaint, Hervey

6  denies generally and specifically each and every allegation contained in such paragraph that is

7  directed against Hervey.  With respect to allegations directed against defendants other than

8  Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to

9  answer the allegations contained therein, and, on that ground, denies each and every allegation

10  contained in such paragraph.

11        131.   Answering the allegations contained in paragraph 131 of the Complaint, Hervey

12  admits that the language quoted in paragraph 131 of the Complaint is contained in the

13  Restatement.   Hervey states the Restatement speaks for itself.  Except as expressly admitted

14  herein, Hervey does not have information or belief sufficient to enable him to answer the

15  allegations contained therein, and, on that ground, denies each and every allegation contained in

16  such paragraph.

17        132.   Answering the allegations contained in paragraph 132 of the Complaint, Hervey

18  admits that publicly available information indicates that the Company restated its financial

19  statements as set forth in paragraph 132 of the Complaint.  Hervey states the Restatement speaks

20  for itself.  Except as expressly admitted herein, Hervey does not have information or belief

21  sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

22  each and every allegation contained in such paragraph.

23        133.   Answering the allegations contained in paragraph 133 of the Complaint, Hervey

24  does not have information or belief sufficient to enable him to answer the allegations contained

25  therein, and, on that ground, denies each and every allegation contained in such paragraph.

26        134.   Answering the allegations contained in paragraph 134 of the Complaint, Hervey

27  admits that the chart contained in paragraph 134 of the Complaint is contained in the Restatement.

- 32 -

28

Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

135.    Answering the allegations contained in paragraph 135 of the Complaint, Hervey admits that the chart contained in paragraph 135 of the Complaint is contained in the Restatement. Except as expressly admitted herein, Hervey denies generally and specifically each and every allegation contained in such paragraph that is directed against Hervey.  With respect to allegations directed against defendants other than Hervey, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

136.    Answering the allegations contained in paragraph 136 of the Complaint, Hervey admits that the chart contained in paragraph 136 of the Complaint is contained in the Restatement. Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

137.    Answering the allegations contained in paragraph 137 of the Complaint, Hervey admits that the chart contained in paragraph 137 of the Complaint is contained in the Restatement. Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

138.    Answering the allegations contained in paragraph 138 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

139.    Answering the allegations contained in paragraph 139 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

140.     Answering the allegations contained in paragraph 140 of the Complaint, Hervey admits that the chart contained in paragraph 140 of the Complaint is contained in the Restatement. Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

141.     Answering the allegations contained in paragraph 141 of the Complaint, Hervey admits that the chart contained in paragraph 141 of the Complaint is contained in the Restatement. Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

142.     Answering the allegations contained in paragraph 142 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

143.     Answering the allegations contained in paragraph 143 of the Complaint, Hervey states that GAAP speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

144.     Answering the allegations contained in paragraph 144 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

145.     Answering the allegations contained in paragraph 145 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

146.     Answering the allegations contained in paragraph 146 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

147. Answering the allegations contained in paragraph 147 of the Complaint, Hervey admits that Marvell's Form 8-K dated February 27, 2003 contained a press release dated February 27, 2003 which states: "Net loss under GAAP was $72.2 million, or $0.61 per share (diluted), for the period ended February 1, 2003…" Hervey admits that he signed Marvell's Form 8-K dated February 27, 2003. Hervey states the Form 8-K speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

148. Answering the allegations contained in paragraph 148 of the Complaint, Hervey admits that Marvell's Form 10-K for the fiscal year ended February 1, 2003 ("2003 Form 10-K") reported Marvell's Fiscal 2003 financial results. Hervey admits that he signed the 2003 Form 10-K. Hervey admits that the 2003 Form 10-K indicates that Marvell's financial statements were prepared in conformance with GAAP. Hervey admits that the 2003 Form 10-K states: "The Company's employee stock based compensation is accounted for in accordance with Accounting Board Opinion No. 25 . . ." Hervey states the 2003 Form 10-K speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

149. Answering the allegations contained in paragraph 149 of the Complaint, Hervey admits that the language quoted in paragraph 149 of the Complaint is contained in the Form 2003 10-K. Hervey states the 2003 Form 10-K speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

150. Answering the allegations contained in paragraph 150 of the Complaint, Hervey admits that he signed a certification pursuant to 18 U.S.C. Section 1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002, indicating that the 2003 Form 10-K "fully

complies with the requirements of section 13(a) or 15(d) of the Securities Exchange Act of 1934," and the information contained in 2003 10-K "fairly presents, in all material respects, the financial condition and result of operations of the Company." Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

151. Answering the allegations contained in paragraph 151 of the Complaint, Hervey states Marvell's February 27, 2003 press release and the 2003 Form 10-K speak for themselves. Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

152. Answering the allegations contained in paragraph 152 of the Complaint, Hervey states Marvell's 2003 Form 10-K speaks for itself. Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

153. Answering the allegations contained in paragraph 153 of the Complaint, Hervey admits that Marvell's Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934, filed with the SEC on or about May 23, 2003 (the "2003 Proxy Statement") contains a "Joint Report of the Executive Compensation and Stock Option Committees." Hervey states the 2003 Proxy Statement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

154. Answering the allegations contained in paragraph 154 of the Complaint, Hervey admits that the 2003 Proxy references certain stock options received by certain officers and directors of the Company. Hervey states the 2003 Proxy and the Restatement speak for themselves. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

155. Answering the allegations contained in paragraph 155 of the Complaint, Hervey admits that he signed Marvell's Form 8-K filed with the SEC on or about February 26, 2004.

1   Hervey admits that the Form 8-K states: "Net income under GAAP was $45.5 million, or $0.33

2   per share (diluted), for the period ended January 31, 2004, compared with a net loss under GAAP

3   of $72.2 million, or $0.61 per share (diluted), for the year ended February 1, 2003."  Hervey states

4   the Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have

5   information or belief sufficient to enable him to answer the allegations contained therein, and, on

6   that ground, denies each and every allegation contained in such paragraph.

7          156.    Answering the allegations contained in paragraph 156 of the Complaint, Hervey

8   admits that he signed Marvell's Form 10-K for the fiscal year ended January 31, 2004 ("2004

9   Form 10-K").  Hervey admits that the 2004 Form 10-K stated: "The Company's stock based

10  compensation is accounted for in accordance with Accounting Principles Board Opinion No.

11  25…"  Hervey states the 2004 Form 10-K speaks for itself.  Except as expressly admitted herein,

12  Hervey does not have information or belief sufficient to enable him to answer the allegations

13  contained therein, and, on that ground, denies each and every allegation contained in such

14  paragraph.

15         157.    Answering the allegations contained in paragraph 157 of the Complaint, Hervey

16  admits that the language quoted in paragraph 157 of the Complaint is contained in Marvell's 2004

17  Form 10-K.  Hervey states the 2004 10-K speaks for itself.  Except as expressly admitted herein,

18  Hervey does not have information or belief sufficient to enable him to answer the allegations

19  contained therein, and, on that ground, denies each and every allegation contained in such

20  paragraph.

21         158.    Answering the allegations contained in paragraph 158 of the Complaint, Hervey

22  admits that he signed a Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act Of 2002

23  for the 2004 Form 10-K.  Hervey admits that he certified the information set forth in this

24  certification.  Except as expressly admitted herein, Hervey does not have information or belief

25  sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

26  each and every allegation contained in such paragraph.

27

28

- 37 -

159.     Answering the allegations contained in paragraph 159 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the February 26, 2004 press release, the 2004 Form 10-K, and the Restatement speak for themselves.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

160.     Answering the allegations contained in paragraph 160 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the 2004 Form 10-K speaks for itself.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

161.     Answering the allegations contained in paragraph 161 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that the Company's Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (the "2004 Proxy") states "[t]he Stock Option Committee held nine meetings during fiscal 2004."  Hervey admits that the 2004 Proxy states: "Options have an exercise price equal to the fair market value of a share of the Company's common stock on the grant date thereof."  Hervey states the 2004 Proxy and the Restatement speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

162.     Answering the allegations contained in paragraph 162 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that the 2004 Proxy states that "[i]n fiscal year 2004, the Executive Compensation Committee granted Dr. Sehat Sutardja options to purchase 1,500,000 shares of the Company's Common Stock."  Hervey admits that the 2004 Proxy states that Weili Dai received 1,000,000 options in fiscal year end 2004.  Hervey states the 2004 Proxy and Restatement speak for themselves.  Except as expressly admitted herein, Hervey does not have

information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

163.   Answering the allegations contained in paragraph 163 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey admits that the 2004 Proxy states that Hervey received 50,000 stock options with an expiration date of May 5, 2013, and 70,000 stock options with an expiration date of January 2, 2014.  Hervey states the 2004 Proxy and Restatement speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

164.   Answering the allegations contained in paragraph 164 of the Complaint, Hervey admits that he signed the Company's Form 8-K filed with the SEC on February 24, 2005.  Hervey admits that this Form 8-K attached a Company press release announcing Marvell's financial results for the fourth quarter and fiscal year ended January 29, 2005.  Hervey admits that the February 24, 2005 press release stated "[n]et income under generally accepted accounting principles (GAAP) was $54.9 million, or $0.18 per share (diluted), for the fourth quarter of fiscal 2005 . . . "   Hervey admits that the February 24, 2005 press release quotes Sutardja as stating "We are pleased to announce the results of another outstanding year and fourth quarter for Marvell. . ."  Hervey states the Form 8-K and press release speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

165.   Answering the allegations contained in paragraph 165 of the Complaint, Hervey admits that he signed the Company's Form 10-K for the fiscal year ended January 29, 2005 filed with the SEC on or about April 14, 2005 ("2005 Form 10-K").  Hervey admits that the 2005 Form 10-K reported Marvell's fiscal 2005 financial results and indicated that the financial results were prepared in conformance with GAAP.  Hervey admits that the 2005 Form 10-K stated:  "We

- 39 -

1   currently account for stock-based awards to employees in accordance with Accounting Principles

2   Board Opinion No. 25. . .” Hervey states the 2005 Form 10-K speaks for itself.  Except as

3   expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

4   answer the allegations contained therein, and, on that ground, denies each and every allegation

5   contained in such paragraph.

6        166.   Answering the allegations contained in paragraph 166 of the Complaint, Hervey

7   admits that he signed the Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act of

8   2002 that is included as Exhibit 31.2 to the 2005 Form 10-K, and that he certified the information

9   contained in this certification.  Except as expressly admitted herein, Hervey does not have

10  information or belief sufficient to enable him to answer the allegations contained therein, and, on

11  that ground, denies each and every allegation contained in such paragraph.

12       167.   Answering the allegations contained in paragraph 167 of the Complaint, Hervey

13  states the February 24, 2005 press release, 2005 Form 10-K and Restatement speak for

14  themselves.  Except as express admitted herein, Hervey denies each and every allegation

15  contained in such paragraph.

16       168.   Answering the allegations contained in paragraph 168 of the Complaint, Hervey

17  states the 2005 Form 10-K speaks for itself.  Except as expressly admitted herein, Hervey denies

18  each and every allegation contained in such paragraph.

19       169.   Answering the allegations contained in paragraph 169 of the Complaint, Hervey

20  admits that Marvell’s Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of

21  1934 filed with the SEC on or about April 29, 2005 (the “2005 Proxy”) included a “Joint Report of

22  the Executive Compensation and Stock Option Committees,” and reported that the Stock Option

23  Committee had “met eleven times throughout fiscal year 2005 to determine stock option grants for

24  the Company’s eligible employees.” Hervey states the 2005 Proxy speaks for itself.  Except as

25  expressly admitted herein, Hervey does not have information or belief sufficient to enable him to

26  answer the allegations contained therein, and, on that ground, denies each and every allegation

27  contained in such paragraph.

- 40 -

28

170.     Answering the allegations contained in paragraph 170 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

171.     Answering the allegations contained in paragraph 171 of the Complaint, Hervey admits that the 2005 Proxy states "We used the grant date price (the closing price on the Nasdaq National market on the date of grant) in determining the value of the options granted to named executive officers in fiscal year 2005."  Hervey states the 2005 Proxy speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

172.     Answering the allegations contained in paragraph 172 of the Complaint, Hervey admits that the language quoted in paragraph 172 of the Complaint is contained in the 2005 Proxy. Hervey states the 2005 Proxy speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

173.     Answering the allegations contained in paragraph 173 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

174.     Answering the allegations contained in paragraph 174 of the Complaint, Hervey admits that Marvell's Form 8-K filed with the SEC on or about May 19, 2005 attached a press release announcing Marvell's quarterly financial results for the first fiscal quarter of fiscal 2006 ended April 30, 2005.  Hervey admits that he signed the Form 8-K filed with the SEC on or about May 19, 2005.  Hervey admits that the press release stated "[n]et income under generally accepted accounting principles (GAAP) was $63.5 million, or $0.20 per share (diluted) for the first quarter of fiscal 2006 . . ."  Hervey admits that the press release quotes Sutardja stating that the first

- 41 -

quarter of fiscal 2006 "was another very strong quarter for Marvell with record revenues and profits."  Hervey states the press release and Form 8-K speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

175.    Answering the allegations contained in paragraph 175 of the Complaint, Hervey admits that Marvell's Form 10-Q filed with the SEC on or about June 9, 2005 ("June 9, 2005 Form 10-Q") reports its quarterly financial results for the first quarter of fiscal 2006.  Hervey admits that the June 9, 2005 Form 10-Q reports that net income was $63.5 million or $.20 diluted net income per share.  Hervey states the June 9, 2005 Form 10-Q speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

176.    Answering the allegations contained in paragraph 176 of the Complaint, Hervey admits that he signed the Form 10-Q for the quarterly period ended April 30, 2005, filed with the SEC on or about June 9, 2005.  Hervey admits that he signed the Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act of 2002 for this Form 10-Q.  Hervey admits that he certified the information contained in the Certification.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

177.    Answering the allegations contained in paragraph 177 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the May 19, 2005 press release and Form 10-Q speak for themselves.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

178.    Answering the allegations contained in paragraph 178 of the Complaint, Hervey admits that he signed Marvell's Form 8-K filed with the SEC on or about August 18, 2005.

- 42 -

Hervey admits that the Form 8-K attached a press release dated August 18, 2005 reporting second quarter fiscal 2006 results.  Hervey admits that the Company reported that "[n]et income under generally accepted accounting principles (GAAP) was $77.3 million, or $0.25 per share (diluted), for the second quarter of fiscal 2006…"  Hervey states the Form 8-K and press release speak for themselves.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

179.    Answering the allegations contained in paragraph 179 of the Complaint, Hervey admits that Marvell's Form 10-Q filed with the SEC on or about September 8, 2005, reported its quarterly financial results for the quarterly period ended July 30, 2005.  Hervey admits that the Form 10-Q reported that net income was $77.3 million, or $0.25 diluted net income per share for the second quarter of fiscal 2006.  Hervey states the Form 10-Q speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

180.    Answering the allegations contained in paragraph 180 of the Complaint, Hervey admits that he signed the Form 10-Q for the period ended July 30, 2005, and that he signed a Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act of 2002.  Hervey admits that he certified the information contained in the certification.  Hervey states the Form 10-Q speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

181.    Answering the allegations contained in paragraph 181 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the August 18, 2005 press release and Form 10-Q speak for themselves.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

- 43 -

182.     Answering the allegations contained in paragraph 182 of the Complaint, Hervey admits that he signed Marvell's Form 8-K filed with the SEC on or about November 17, 2005 (the "November 17, 2005 Form 8-K").  Hervey admits that the November 17, 2005 Form 8-K announced Marvell's quarterly financial results for the third quarter of fiscal 2006, ended October 29, 2005.  Hervey admits the Company reported "[n]et income under generally accepted accounting principles (GAAP) was $93.0 million, or $0.29 per share (diluted), for the third quarter of fiscal 2006 . . ."  Hervey states the Form 8-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

183.     Answering the allegations contained in paragraph 183 of the Complaint, Hervey admits that Marvell's Form 10-Q filed with the SEC on or about December 7, 2005 (the "December 7, 2005 Form 10-Q") reported the Company's quarterly financial results for the third quarter of fiscal 2006.  Hervey admits that the December 7, 2005 Form 10-Q reported net income of $93 million or $0.29 diluted net income per share for the third quarter of fiscal 2006.  Hervey states the Form 10-Q speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

184.     Answering the allegations contained in paragraph 184 of the Complaint, Hervey admits that he signed the December 7, 2005 Form 10-Q and the Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act of 2002.  Hervey admits that he certified the information contained in this certification.  Hervey states the Form 10-Q speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

185.     Answering the allegations contained in paragraph 185 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no

- 44 -

1    response is required. Hervey states the November 17, 2005 press release, Form 10-Q and

2    Restatement speak for themselves. Except as expressly admitted herein, Hervey denies each and

3    every allegation contained in such paragraph.

4          186.    Answering the allegations contained in paragraph 186 of the Complaint, Hervey

5    admits that he signed Marvell's Form 8-K filed with the SEC on or about February 23, 2006 (the

6    "February 23, 2006 Form 8-K"). Hervey admits that the February 23, 2006 Form 8-K attached a

7    press release announcing Marvell's financial results for the fourth quarter and year ended

8    January 28, 2006. Hervey admits that the Company reported "[n]et income under generally

9    accepted accounting principles (GAAP) was $97.5 million, or $0.30 per share (diluted), for the

10   fourth quarter of fiscal 2006." Hervey states the Form 8-K and press release speak for themselves.

11   Except as expressly admitted herein, Hervey does not have information or belief sufficient to

12   enable him to answer the allegations contained therein, and, on that ground, denies each and every

13   allegation contained in such paragraph.

14         187.    Answering the allegations contained in paragraph 187 of the Complaint, Hervey

15   admits that he signed Marvell's Form 10-K which the Company filed with the SEC on or about

16   April 13, 2006 (the "2006 Form 10-K"). Hervey admits that the 2006 Form 10-K reported

17   Marvell's fiscal 2006 financial results and indicated that the financial results were prepared in

18   conformance with GAAP. Hervey admits that the information quoted in paragraph 187 of the

19   Complaint regarding the Company's accounting for stock-based compensation is contained in the

20   2006 Form 10-K. Hervey states the 2006 Form 10-K speaks for itself. Except as expressly

21   admitted herein, Hervey does not have information or belief sufficient to enable him to answer the

22   allegations contained therein, and, on that ground, denies each and every allegation contained in

23   such paragraph.

24         188.    Answering the allegations contained in paragraph 188 of the Complaint, Hervey

25   admits that he signed a Certification Pursuant To Section 302 Of The Sarbanes-Oxley Act of 2002

26   for the 2006 Form 10-K. Hervey states the 2006 Form 10-K speaks for itself. Hervey admits that

27   he certified the information contained in this certification. Except as expressly admitted herein,

                                              - 45 -

28

Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

189.     Answering the allegations contained in paragraph 189 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the February 23, 2006 press release, 2006 Form 10-K and Restatement speak for themselves.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

190.     Answering the allegations contained in paragraph 190 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.   Hervey states the 2006 Form 10-K speaks for itself.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

191.     Answering the allegations contained in paragraph 191 of the Complaint, Hervey admits that Marvell's Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 contains a "Joint Report of the Executive Compensation and Stock Option Committees," and reported that "[t]he Stock Option Committee met fourteen times throughout fiscal year 2006 to determine stock option grants for the Company's eligible employees."  Hervey states the Proxy Statement speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

192.     Answering the allegations contained in paragraph 192 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

193.     Answering the allegations contained in paragraph 193 of the Complaint, Hervey admits that the 2006 Proxy contains the language quoted in paragraph 193 of the Complaint. Except as expressly admitted herein, Hervey does not have information or belief sufficient to

- 46 -

1  enable him to answer the allegations contained therein, and, on that ground, denies each and every

2  allegation contained in such paragraph.

3       194.    Answering the allegations contained in paragraph 194 of the Complaint, Hervey

4  notes that this paragraph contains certain legal conclusions and characterizations as to which no

5  response is required.   Except as expressly admitted herein, Hervey denies each and every

6  allegation contained in such paragraph.

7       195.    Answering the allegations contained in paragraph 195 of the Complaint, Hervey

8  admits that he signed Marvell's Form 8-K filed with the SEC on or about May 18, 2006 ("May 18,

9  2006 Form 8-K").  Hervey admits that the May 18, 2006 Form 8-K attached a press release

10  announcing Marvell's quarterly financial results for the first quarter of fiscal 2007, ended

11  April 29, 2006.  Hervey admits that the press release stated "[n]et income under generally

12  accepted accounting principles (GAAP) was $75.3 million, or $0.23 per share (diluted), for the

13  first quarter of fiscal 2007 . . ."  Hervey states the May 18, 2006 Form 8-K and press release speak

14  for themselves.  Except as expressly admitted herein, Hervey does not have information or belief

15  sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

16  each and every allegation contained in such paragraph.

17       196.    Answering the allegations contained in paragraph 196 of the Complaint, Hervey

18  admits that Marvell's Form 10-Q filed with the SEC on or about June 8, 2006 (the "June 8, 2006

19  Form 10-Q") reported the Company's financial results for the third quarter of fiscal 2006.  Hervey

20  admits that the June 8, 2006 Form 10-Q reported net income under GAAP of $75.3 million and

21  diluted net income per share of $0.23.  Hervey states the June 8, 2006 Form 10-Q speaks for itself.

22  Except as expressly admitted herein, Hervey does not have information or belief sufficient to

23  enable him to answer the allegations contained therein, and, on that ground, denies each and every

24  allegation contained in such paragraph.

25       197.    Answering the allegations contained in paragraph 197 of the Complaint, Hervey

26  admits that he signed the June 8, 2006 Form 10-Q and that he signed a Certification Pursuant To

27  Section 302 Of The Sarbanes-Oxley Act Of 2002.  Hervey admits that he certified the information

- 47 -

28

1   contained in this certification.  Hervey states the June 8, 2006 Form 10-Q speaks for itself.  Except

2   as expressly admitted herein, Hervey does not have information or belief sufficient to enable him

3   to answer the allegations contained therein, and, on that ground, denies each and every allegation

4   contained in such paragraph.

5         198.    Answering the allegations contained in paragraph 198 of the Complaint, Hervey

6   notes that this paragraph contains certain legal conclusions and characterizations as to which no

7   response is required.   Except as expressly admitted herein, Hervey denies each and every

8   allegation contained in such paragraph.

9         199.    Answering the allegations contained in paragraph 199 of the Complaint, Hervey

10   incorporates by reference as though set forth in full herein, paragraph nos. 1 through 198,

11   inclusive, as set forth above.  Except as expressly admitted herein, Hervey does not have

12   information or belief sufficient to enable him to answer the allegations contained therein, and, on

13   that ground, denies each and every allegations contained in this paragraph.

14         200.    Answering the allegations contained in paragraph 200 of the Complaint, Hervey

15   notes that this paragraph contains certain legal conclusions and characterizations as to which no

16   response is required.  Hervey denies generally and specifically each and every allegation contained

17   in such paragraph with respect to allegations against him.  With respect to allegations against other

18   defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to

19   answer the allegations contained therein, and, on that ground, denies each and every allegation

20   contained in such paragraph.

21         201.    Answering the allegations contained in paragraph 201 of the Complaint, Hervey

22   notes that this paragraph contains certain legal conclusions and characterizations as to which no

23   response is required.  Hervey denies generally and specifically each and every allegation contained

24   in such paragraph with respect to allegations against him.  With respect to allegations against other

25   defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to

26   answer the allegations contained therein, and, on that ground, denies each and every allegation

27   contained in such paragraph.

28

202.    Answering the allegations contained in paragraph 202 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

203.    Answering the allegations contained in paragraph 203 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

204.    Answering the allegations contained in paragraph 204 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

205.    Answering the allegations contained in paragraph 205 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 49 -

206.     Answering the allegations contained in paragraph 206 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

207.     Answering the allegations contained in paragraph 207 of the Complaint, Hervey admits that the financial statements which Marvell filed with the SEC were required to conform to GAAP.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

208.     Answering the allegations contained in paragraph 208 of the Complaint, Hervey admits that he affirmed in Sarbanes-Oxley Certifications the information that is included in such certifications.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

209.     Answering the allegations contained in paragraph 209 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to allegations against other defendants, or otherwise, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

210.     Answering the allegations contained in paragraph 210 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no

- 50 -

1   response is required.  Hervey denies generally and specifically each and every allegation contained

2   in such paragraph.

3         211.    Answering the allegations contained in paragraph 211 of the Complaint, Hervey

4   admits that Marvell's Proxy Statement filed with the SEC in 2001 reported that Sutardja and Dai

5   were the members of Marvell's Stock Option Committee, and that the "Stock Option Committee

6   administers the Company's option plans," and is responsible for awarding stock option grants to

7   all of the Company's eligible employees.  Hervey admits that Marvell's Proxy Statement filed

8   with the SEC in 2002 states "[t]he Stock Option Committee, [which reports to the Compensation

9   Committee] determines the grants of stock options to executive officers."  Hervey admits that

10  Marvell's Proxy Statement filed with the SEC in 2003 states that Sutardja and Dai were the

11  members of the Stock Option Committee, and that "[s]tock options may be granted by the

12  Compensation Committee to the Company's executive officers and the Stock Option Committee

13  may grant other employees stock options under the Company's Amended and Restated 1995 Stock

14  Option Plan."  Hervey admits that Marvell's Proxy Statement filed with the SEC in 2004 stated

15  that Sutardja and Dai were members of the Company's Stock Option Committee, and that "[s]tock

16  options may be granted by the Executive Compensation Committee to the Company's executive

17  officers and the Stock Option Committee may grant other employees stock options under the

18  Company's Amended and Restated 1995 Stock Option Plan."  Hervey admits that Marvell's Proxy

19  Statement filed with the SEC in 2005 stated that Sutardja and Dai were member of the Company's

20  Stock Option Committee, and that "[s]tock options may be granted by the Executive

21  Compensation Committee to the Company's executive officers and the Stock Option Committee

22  may grant other employees stock options under the Company's Amended and Restated 1995 Stock

23  Option Plan."  Hervey admits that Marvell's Proxy Statement filed with the SEC in 2006 stated

24  Sutardja and Dai were members of the Company's Stock Option Committee and that the Stock

25  Option Committee "administers the Company's option plans and is solely responsible for

26  awarding stock option grants to all of the Company's eligible employees, and also recommends

27  compensation and stock option grants to the Executive Compensation Committee with respect to

- 51 -

28

the Vice President of Finance and Chief Financial Officer." Hervey states Marvell's Proxy Statements speak for themselves. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

212. Answering the allegations contained in paragraph 212 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required. Hervey admits that the Restatement contains the statement that "[a]pproximately 74% of shares granted during the Relevant Period were backdated or resulted in additional accounting charges." Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

213. Answering the allegations contained in paragraph 213 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required. Hervey admits that the Restatement contains the language quoted in paragraph 213 of the Complaint. Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

214. Answering the allegations contained in paragraph 214 of the Complaint, Hervey notes that this paragraph contains certain characterizations as to which no response is required. Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

215. Answering the allegations contained in paragraph 215 of the Complaint, Hervey notes that this paragraph contains certain characterizations as to which no response is required. Hervey states the Restatement speaks for itself. Except as expressly admitted herein, Hervey does

1  not have information or belief sufficient to enable him to answer the allegations contained therein,

2  and, on that ground, denies each and every allegation contained in such paragraph.

3       216.    Answering the allegations contained in paragraph 216 of the Complaint, Hervey

4  admits that Marvell's Proxy Statements reported the number of meetings convened by the

5  Company's Stock Option Committee.  Hervey admits that the Restatement includes the statement

6  that "the Stock Option Committee conducted no meetings with respect to option grants and that

7  minutes reflecting such meetings were false."  Hervey states Marvell's Proxy Statements speak for

8  themselves.  Except as expressly admitted herein, Hervey does not have information or belief

9  sufficient to enable him to answer the allegations contained therein, and, on that ground, denies

10  each and every allegation contained in such paragraph.

11      217.    Answering the allegations contained in paragraph 217 of the Complaint, Hervey

12  admits that the language quoted in paragraph 217 of the Complaint is included in the Restatement.

13  Hervey states the Restatement speaks for itself.  Except as expressly admitted herein, Hervey does

14  not have information or belief sufficient to enable him to answer the allegations contained therein,

15  and, on that ground, denies each and every allegation contained in such paragraph.

16      218.    Answering the allegations contained in paragraph 218 of the Complaint, Hervey

17  admits that he understood, during at least a period of time that he was employed by Marvell, that

18  the Executive Compensation Committee was responsible for approving salaries and bonuses and

19  other compensation matters for the Company's executive officers and to administer Marvell's

20  stock option plan.  Except as expressly admitted herein, Hervey does not have information or

21  belief sufficient to enable him to answer the allegations contained therein, and, on that ground,

22  denies each and every allegation contained in such paragraph.

23      219.    Answering the allegations contained in paragraph 219 of the Complaint, Hervey

24  admits that Marvell's 2004 Proxy contains the language quoted in paragraph 219 of the

25  Complaint.  Hervey states the 2004 Proxy speaks for itself.  Except as expressly admitted herein,

26  Hervey does not have information or belief sufficient to enable him to answer the allegations

27

28

- 53 -

1    contained therein, and, on that ground, denies each and every allegation contained in such

2    paragraph.

3           220.    Answering the allegations contained in paragraph 220 of the Complaint, Hervey

4    does not have information or belief sufficient to enable him to answer the allegations contained

5    therein, and, on that ground, denies each and every allegation contained in such paragraph.

6           221.    Answering the allegations contained in paragraph 221 of the Complaint, Hervey

7    admits that he was CFO of Marvell from April 2000 until May 2, 2007.  Hervey admits that, as

8    CFO of Marvell, he was responsible for managing the areas of financial accounting and reporting,

9    treasury, facilities, purchasing, and management information systems.  Except as expressly

10   admitted herein, Hervey denies each and every allegation contained in such paragraph.

11          222.    Answering the allegations contained in paragraph 222 of the Complaint, Hervey

12   states the Restatement speaks for itself.  Hervey admits that the Restatement included statements

13   that Hervey "failed to properly advise upper management, including Dr. Sutardja and Ms. Dai,

14   about their responsibilities and duties regarding stock options and other financial filings," and that

15   Hervey "also was found to have been aware of awarding options to two employees prior to their

16   start date."  Hervey denies that he failed to properly advise upper management, including Dr.

17   Sutardja and Ms. Dai, about their responsibilities and duties regarding stock options and other

18   financial filings.  Hervey denies that he was aware of awarding options to two employees prior to

19   their start date.  Except as expressly admitted herein, Hervey denies each and every allegation

20   contained in such paragraph.

21          223.    Answering the allegations contained in paragraph 223 of the Complaint, Hervey

22   denies generally and specifically each and every allegation contained in such paragraph.

23          224.    Answering the allegations contained in paragraph 224 of the Complaint, Hervey

24   admits that the language quoted in paragraph 224 of the Complaint is contained in the

25   Restatement.  Hervey states the Restatement speaks for itself.  Hervey denies that he failed to

26   establish a system of proper controls.  Hervey denies being on notice of repeated concerns raised

27   by others regarding the stock option process.  Hervey denies that he signed inaccurate external

- 54 -

28

documents, including SEC filings and financial statements.  Except as expressly admitted herein, Hervey denies each and every allegation contained in such paragraph.

225.    Answering the allegations contained in paragraph 225 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph.

226.    Answering the allegations contained in paragraph 226 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph.

227.    Answering the allegations contained in paragraph 227 of the Complaint, Hervey admits that he understood that Cioffi was a member of the Executive Compensation Committee for Marvell during at least a period of time that Hervey was employed by Marvell.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

228.    Answering the allegations contained in paragraph 228 of the Complaint, Hervey Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

229.    Answering the allegations contained in paragraph 229 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Except as express admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

230.    Answering the allegations contained in paragraph 230 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph as to the allegations against Hervey.  With respect to allegation against other defendants, Hervey does not have information or belief sufficient to enable him to answer the

- 55 -

allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

231.    Answering the allegations contained in paragraph 231 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

232.    Answering the allegations contained in paragraph 232 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph as to the allegations against Hervey.  With respect to allegation against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

233.    Answering the allegations contained in paragraph 233 of the Complaint, Hervey admits that publicly available information reflects the closing price of Marvell's common stock on May 22, 2006 was $26.50, and that the closing price of Marvell's common stock on May 21, 2006 was $28.11.  Hervey states the Merrill Lynch report speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

234.    Answering the allegations contained in paragraph 234 of the Complaint, Hervey admits that publicly available information reflects the closing price of Marvell's common stock on July 3, 2006 was $22.42, and that the closing price of Marvell's common stock on July 5, 2006 was $20.66.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 56 -

235.    Answering the allegations contained in paragraph 235 of the Complaint, Hervey Hervey admits that publicly available information reflects the closing price of Marvell's common stock on October 2, 2006 was $19.09, and that the closing price of Marvell's common stock on October 3, 2006 was $16.80.  Except as expressly admitted herein, does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

236.    Answering the allegations contained in paragraph 236 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

237.    Answering the allegations contained in paragraph 237 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies making any misrepresentations, and denies engaging in any fraudulent conduct.  Hervey denies knowingly and/or recklessly backdating options.  Hervey denies engaging in any alleged misconduct.  Except as expressly stated herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

238.    Answering the allegations contained in paragraph 238 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically the allegations against him in such paragraph.  With respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

239.    Answering the allegations contained in paragraph 239 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions as to which no response is required.  Hervey denies generally and specifically the allegations against him in such paragraph.  With

- 57 -

respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

240.    Answering the allegations contained in paragraph 240 of the Complaint, Hervey incorporates by reference as though set forth in full herein, paragraph nos. 1 through 239, inclusive, as set forth above.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

241.    Answering the allegations contained in paragraph 241 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

242.    Answering the allegations contained in paragraph 242 of the Complaint, Hervey denies generally and specifically the allegations against him in such paragraph.  With respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

243.    Answering the allegations contained in paragraph 243 of the Complaint, Hervey Hervey denies generally and specifically the allegations against him in such paragraph.  With respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

244.    Answering the allegations contained in paragraph 244 of the Complaint, Hervey Hervey denies generally and specifically the allegations against him in such paragraph.  With respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

245.     Answering the allegations contained in paragraph 245 of the Complaint, Hervey Hervey denies generally and specifically the allegations against him in such paragraph.  With respect to allegations against other defendants, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

246.     Answering the allegations contained in paragraph 246 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

247.     Answering the allegations contained in paragraph 247 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

248.     Answering the allegations contained in paragraph 248 of the Complaint, Hervey admits that the language quoted in paragraph 248 of the Complaint is contained in Marvell's Form 10-K filed on or about April 13, 2006.  Hervey states the Form 10-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

249.     Answering the allegations contained in paragraph 249 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

250.     Answering the allegations contained in paragraph 250 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

251.     Answering the allegations contained in paragraph 251 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

252.    Answering the allegations contained in paragraph 252 of the Complaint, Hervey admits that the language quoted in paragraph 252 of the Complaint is contained in Marvell's Form 10-K filed on or about April 13, 2006.  Hervey states the Form 10-K speaks for itself.  Except as expressly admitted herein, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

253.    Answering the allegations contained in paragraph 253 of the Complaint, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

254.    Answering the allegations contained in paragraph 254 of the Complaint, Hervey admits that, as CFO of Marvell, he was responsible for managing the areas of financial accounting and reporting, treasury, facilities, purchasing, and management information systems. Except as expressly admitted herein, Hervey denies generally and specifically each and every allegation contained in such paragraph.

255.    Answering the allegations contained in paragraph 255 of the Complaint, Hervey admits that, as a Chief Financial Officer for Marvell, he had a duty to provide accurate and truthful information regarding the Company.  Except as expressly admitted herein, Hervey denies generally and specifically each and every allegation contained in such paragraph.

256.    Answering the allegations contained in paragraph 256 of the Complaint, Hervey denies generally and specifically each and every allegation contained in such paragraph.

257.    Answering the allegations contained in paragraph 257 of the Complaint, Hervey admits that Cioffi was a member of the Board of Directors and member of the Executive Compensation Committee of Marvell at least for a period of time that he was employed by Marvell.  Except as expressly admitted here, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

- 60 -

258.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 258 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

259.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 259 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

260.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 260 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

261.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 261 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

262.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 262 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

263.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 263 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

264.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 264 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

265.     Count III has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 265 of the Complaint. Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

266.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 266 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

- 61 -

267.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 267 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

268.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 268 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

269.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 269 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

270.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 270 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

271.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 271 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

272.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 272 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

273.     Count IV has been dismissed against Defendants.  Accordingly, Hervey is not required to respond to the allegations contained in paragraph 273 of the Complaint.  Except as expressly admitted herein, Hervey denies the allegations contained in such paragraph.

274.     Answering the allegations contained in paragraph 274 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required. Hervey admits that, during the period of time he was employed by Marvell, the Company's common stock was traded on Nasdaq.  Hervey admits that, during at least a period of time he was employed by Marvell, the Company filed periodic public reports with the SEC. Hervey admits that he understands that, during at least a period of time he was employed by

- 62 -

Marvell, that certain securities analysts followed Marvell securities.  Hervey admits that, at least a period of time that he was employed by Marvell, that the Company issued press releases.  Except as expressly admitted here, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

275.     Answering the allegations contained in paragraph 275 of the Complaint, Hervey notes that this paragraph contains certain legal conclusions and characterizations as to which no response is required.  Hervey denies generally and specifically each and every allegation contained in such paragraph with respect to allegations against him.  With respect to other allegations, Hervey does not have information or belief sufficient to enable him to answer the allegations contained therein, and, on that ground, denies each and every allegation contained in such paragraph.

**PRAYER FOR RELIEF**

Hervey denies generally and specifically the allegations set forth in Plaintiffs' Prayer for Relief.

**HERVEY'S AFFIRMATIVE DEFENSES**

**<u>FIRST AFFIRMATIVE DEFENSE</u>**
**(Failure to State a Claim)**

1.     The Complaint, and each purported claim for relief alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Hervey.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**
**(Waiver)**

2.     The Complaint, and each purported claim for relief alleged therein, is barred by Plaintiffs' own conduct, actions and inactions, which constitute a waiver of any right Plaintiffs may have had with regard to the matters alleged in the Complaint.

- 63 -

1

2

**THIRD AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

3       3.      If Plaintiffs have sustained, or will sustain, any of the injuries, losses or damages

4   described in their Complaint, which Hervey denies, then such injuries, losses or damages were

5   caused solely or in part by the failure of Plaintiffs to take reasonable steps available to them to

6   mitigate, alter, or lessen such losses, and to the extent that any such losses proven by Plaintiffs

7   were caused by Plaintiffs' own failure to take reasonable steps available to them to mitigate such

8   losses, they shall not be recoverable against Hervey.

9

10

**FOURTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

11       4.      The Complaint, and each purported claim for relief alleged therein, is barred by the

12   doctrine of estoppel, by reason of Plaintiffs' own acts, omissions, representations, course of

13   action,  or those of their agents, employees or representatives, upon which Hervey relied to his

14   detriment.

15

16

**FIFTH AFFIRMATIVE DEFENSE**
**(Laches)**

17       5.      The Complaint, and each purported claim for relief alleged therein, is barred by the

18   doctrine of laches.

19

20

**SIXTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

21       6.      The Complaint, and each purported claim for relief alleged therein, is barred by the

22   doctrine of unclean hands, in that Plaintiffs have been guilty of inequitable conduct with respect to

23   the matters alleged in the Complaint, and such inequitable conduct shall absolutely bar Plaintiffs'

24   recovery herein.

25

26

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Duty)**

27       7.      The Complaint, and each purported claim for relief alleged therein, is barred

28

- 64 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1   because Hervey owed no legal duty, imposed by statute, contract, or otherwise, to Plaintiffs.

2   **EIGHTH AFFIRMATIVE DEFENSE**
**(Consent)**

3

4   8.      The Complaint, and each purported claim for relief alleged therein, is barred

5   because Plaintiffs authorized, consented to, ratified and/or had knowledge of the acts of Hervey as

6   alleged in the Complaint, and, therefore, Plaintiffs may not complain thereof.

7   **NINTH AFFIRMATIVE DEFENSE**
**(Comparative Fault)**

8

9   10.     Plaintiffs were careless and negligent in and about the matters alleged in the

10  Complaint, said carelessness and said negligence on Plaintiffs' own part proximately contributed

11  to the happening of the incidents, injuries, losses and damages complained of, if there were any,

12  and said negligence on the part of Plaintiffs shall diminish their recovery herein, if any, in direct

13  proportion to the extent of such negligence.

14  **TENTH AFFIRMATIVE DEFENSE**
**(No Reliance)**

15

16  10.     The Complaint, and each purported claim for relief alleged therein, is barred

17  because Plaintiffs did not actually or justifiably rely on any of Hervey's alleged conduct or

18  statements.

19  **ELEVENTH AFFIRMATIVE DEFENSE**
**(Justification)**

20

21  11.     The Complaint, and each purported claim for relief alleged therein, is barred

22  because Hervey was justified in doing any and/or all of the acts alleged in the Complaint.

23  **TWELFTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

24

25  12.     Each claim for relief in the Complaint is barred by applicable statutes of limitation.

26

27

28
- 65 -

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1

2

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Privilege)

3      13.      Each claim for relief in the Complaint is barred because Hervey was privileged in

4   doing all of the acts alleged in the Complaint.

5

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Lack of Knowledge)

6

7      14.      Plaintiffs are not entitled to any relief as against Hervey because Hervey had no

8   knowledge of or reasonable grounds to believe in the existence of the facts by reason of which

9   Hervey's liability is alleged to exist in the Complaint.

10

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Unjust Enrichment)

11

12      15.      Each claim for relief in the Complaint is barred because Plaintiffs would be

13   unjustly enriched if they were granted any damages as against Hervey.

14

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Prevention or Excuse)

15

16      16.      The Complaint, and each purported claim for relief alleged therein, is barred, in

17   whole or in part, because the performance of Hervey's duties, if any, were excused or prevented.

18

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Setoff)

19

20      17.      The Complaint, and each purported claim for relief alleged therein, is barred, in

21   whole or in part, because Plaintiffs' damages, if any, are subject to setoff.

22

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Superseding Act)

23

24      18.      To the extent Plaintiffs have incurred, suffered, or sustained any damages, which

25   Hervey denies, any act, conduct, or omission, if any, on the part of Hervey, was neither a

26   substantial factor in bringing about, nor a contributing cause, in law or in fact, of such damages.

27   Instead, any act, conduct, or omission, if any, on the part of Hervey was superseded by the acts,

- 66 -

28

1    conduct, or omissions of Plaintiffs or persons or entities other than Hervey, which were the

2    independent, intervening, and proximate cause of any damages incurred, suffered, or sustained by

3    Plaintiffs, if any.

4    ### NINETEENTH AFFIRMATIVE DEFENSE
     ### (Good Faith)

5

6    19.    Hervey acted reasonably and in good faith at all times material herein, based on all

7    relevant facts and circumstances known by Hervey at the time he so acted.

8    ### TWENTIETH AFFIRMATIVE DEFENSE
     ### (No Damages)

9

10   20.    Plaintiffs have not suffered any damages as a result of any actions taken by Hervey,

11   and Plaintiffs are, therefore, barred from asserting any cause of action against Hervey, or, if any

12   damages were suffered, they were not as extensive as alleged by Plaintiffs.

13   ### TWENTY-FIRST AFFIRMATIVE DEFENSE
     ### (Not Responsible for Others' Actions)

14

15   21.    Hervey is not legally responsible for the actions or inactions of Marvell, or any of

16   the other alleged defendants in this action.

17   ### TWENTY-SECOND AFFIRMATIVE DEFENSE
     ### (Assumption of Risk)

18

19   22.    Plaintiffs assumed the risk that the price of Marvel stock could decline, and,

20   therefore, they are barred from recovery against Hervey.

21   ### TWENTY-THIRD AFFIRMATIVE DEFENSE
     ### (Pleading Uncertain)

22

23   23.    The Complaint, and each purported claim for relief alleged therein, is uncertain in

24   that it, *inter alia*, fails to state with reasonable particularity:  (1) the alleged wrongful acts or

25   omissions on the part of Hervey; or (2) facts sufficient to allege damage or injury to Plaintiffs.

26

27

28

DEFENDANT GEORGE HERVEY'S ANSWER TO CONSOLIDATED CLASS COMPLAINT AND DEMAND
FOR JURY TRIAL
Case No. C-06-06286

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Authorization)**

2

3      24.      The Complaint, and each purported claim for relief alleged therein, is barred

4   because the conduct complained of was authorized by, among other things, applicable law.

5

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Discovery and Investigation Are Incomplete)**

6

7      25.      Hervey has not yet completed his investigation and discovery of all the facts and

8   circumstances regarding the subject matter of Plaintiffs' Complaint, and, accordingly, reserves his

9   right to amend, modify and plead such further defenses, and take such other actions as necessary

10  and proper for his defense, upon completion of his investigation and study.

11      WHEREFORE, Hervey prays for judgment against Plaintiffs as follows:

12      A.      That Plaintiffs take nothing by their Complaint herein, and that the same be

13  dismissed with prejudice;

14      B.      That Hervey recover his costs of suit incurred herein, together with his reasonable

15  attorneys' fees and expenses; and

16      C.      That Hervey be awarded such other and further relief as the Court deems just and

17  proper.

18      **DEMAND FOR JURY TRIAL**

19      Hervey demands a jury trial.

20

21  DATED:  January 12, 2009                    BERGESON, LLP

22

23                                     By: _____/s/_____
                                            Caroline McIntyre
24                                     Attorneys for Defendant
                                       GEORGE HERVEY
25

26

27

- 68 -

28