Michael K. Yarnoff (admitted *Pro Hac Vice*)
John A. Kehoe (admitted *Pro Hac Vice*)
Bharati O. Sharma
**BARROWAY TOPAZ KESSLER**
  **MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
myarnoff@btkmc.com
jkehoe@btkmc.com
bsharma@btkmc.com

*Co-Lead Counsel*

Joseph C. Kohn (admitted *Pro Hac Vice*)
Denis F. Sheils (admitted *Pro Hac Vice*)
William E. Hoese (admitted *Pro Hac Vice*)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
jkohn@kohnswift.com
dsheils@kohnswift.com
whoese@kohnswift.com

*Co-Lead Counsel*
[Additional counsel appear on signature page]

Joseph J. Tabacco, Jr. (Bar No. 75484)
Nicole Lavallee (Bar No. 165755)
Julie J. Bai (Bar No. 227047)
**BERMAN DeVALERIO**
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com
jbai@bermandevalerio.com

*Liaison Counsel*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| In re Marvell Technology Group Ltd. Securities Litigation<br><br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No. C-06-06286 RMW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JULIE J. BAI IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>DATE: JULY 31, 2009<br>TIME: 9:00 A.M.<br>PLACE: COURTROOM 6<br>THE HONORABLE RONALD M. WHYTE |

1   I, Julie J. Bai, declare as follows:

2       1.      I am an associate in the San Francisco office of Berman DeValerio.  I submit this

3   Declaration in Support of Lead Plaintiffs' Motion for Preliminary Approval of Proposed Class

4   Action Settlement.

5       2.      Attached hereto as Exhibit 1 is a true and correct copy of the Stipulation and

6   Agreement of Settlement and exhibits attached thereto.

7       I hereby declare under penalty of perjury pursuant to the laws of the United States that the

8   foregoing is true and correct.

9   Executed this 12th day of June, 2009, at San Francisco, California.

10

11

12                                          Julie J. Bai

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Michael K. Yarnoff (admitted *Pro Hac Vice*)
John A. Kehoe (admitted *Pro Hac Vice*)
Bharati O. Sharma
**BARROWAY TOPAZ KESSLER**
 **MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
myarnoff@btkmc.com
jkehoe@btkmc.com
bsharma@btkmc.com

*Co-Lead Counsel*

Joseph C. Kohn (admitted *Pro Hac Vice*)
Denis F. Sheils (admitted *Pro Hac Vice*)
William E. Hoese (admitted *Pro Hac Vice*)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Facsimile: (215) 238-1968
jkohn@kohnswift.com
dsheils@kohnswift.com
whoese@kohnswift.com

*Co-Lead Counsel*
[Additional counsel appear on signature page]

Joseph J. Tabacco, Jr. (Bar No. 75484)
Nicole Lavallee (Bar No. 165755)
Julie J. Bai (Bar No. 227047)
**BERMAN DeVALERIO**
425 California Street, Suite 2025
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com
jbai@bermandevalerio.com

*Liaison Counsel*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
#### SAN JOSE DIVISION

| | |
|---|---|
| In re Marvell Technology Group Ltd. Securities Litigation | Master File No. C-06-06286 RMW |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: | **STIPULATION AND AGREEMENT OF SETTLEMENT** |
| All Actions | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted in the above-captioned case, *In re Marvell Technology, Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW (the "Action"), pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the Northern District of California (the "Court"), this Stipulation is entered into by plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System (collectively, the "Lead Plaintiffs"), on behalf of themselves and the Class (as hereinafter defined), and defendants Marvell Technology Group Ltd. ("Marvell" or the "Company"), Sehat Sutardja ("Sutardja"), Weili Dai ("Dai") and George Hervey ("Hervey") (collectively, the "Defendants"). Lead Plaintiffs and Defendants shall be referred to herein collectively as the "Parties." This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions herein.

WHEREAS:

A.      Beginning on October 5, 2006, the following four putative securities class actions were filed in the Court against Marvell and certain of the Company's officers and directors: *Harriet Goldstein v. Sehat Sutardja, et al.*, Case No. 5:06-cv-06286-RMW; *Carter Brantner v. Marvell Technology Group Ltd., et al.*, Case No. 5:06-cv-06441-SI; *Timothy Mahrt v. Sehat Sutardja, et al.*, Case No. 5:06-cv-06731-SBA; and *Shawn M. Perry v. Marvell Technology Group Ltd., et al.*, Case No. 5:06-cv-07039-JSW.

B.      By Stipulation and Order dated February 7, 2007, the Court consolidated the above cases under the caption *In re Marvell Technology Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW. By the same Order, the Court appointed Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System as Lead Plaintiffs to prosecute the Action on behalf of the Class, and appointed Lead Plaintiffs' choice of counsel, Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin Barroway Topaz & Kessler, LLP) and Kohn, Swift & Graf,

1   P.C. as lead counsel ("Co-Lead Counsel") and Berman DeValerio (formerly, Berman DeValerio

2   Pease Tabacco Burt & Pucillo) as liaison counsel ("Liaison Counsel") for the Class.

3       C.      On August 16, 2007, Lead Plaintiffs filed the Consolidated Class Action

4   Complaint (the "Complaint"), asserting claims under Sections 10(b), 14(a) and 20(a) of the

5   Securities Exchange Act of 1934 (the "Exchange Act"), and the rules and regulations

6   promulgated thereunder, including Rule 10b-5, against the Defendants.[1]

7       D.      Defendants moved to dismiss the Complaint beginning on October 18, 2007.

8       E.      Shortly thereafter, on November 14, 2007, the parties engaged in their first of two

9   formal mediations with the Hon. Layn R. Phillips (Ret.) in an attempt to resolve the Action. The

10  parties did not reach an agreement at the November 14, 2007 mediation, and opted to continue

11  litigating the Action.

12      F.      On December 21, 2007, Lead Plaintiffs filed an omnibus memorandum in

13  opposition to Defendants' motions to dismiss, and on January 22, 2008, Defendants filed reply

14  memoranda in further support of their motions.[2]  On February 15, 2008, the Court heard oral

15  argument on Defendants' motions to dismiss.

16      G.      By Order dated September 29, 2008, the Court granted in part and denied in part

17  the motions to dismiss filed by Marvell, Sutardja, Dai and Hervey, and granted the motion to

18  dismiss filed by Cioffi.  Specifically, the Court (i) denied the motions of Marvell, Sutardja, Dai

19  and Hervey as to Count I of the Complaint (Section 10(b) of the Exchange Act and Rule 10b-5

20  thereunder); (i) denied the motions of Sutardja, Dai and Hervey as to Count II of the Complaint

21  (Section 20(a) of the Exchange Act); (iii) granted the motions of Sutardja, Dai and Hervey as to

22  Counts III and IV (Section 14(a) of the Exchange Act and Rule 14a-9 thereunder); and (iv)

23  granted the motion of Cioffi in its entirety.

24      H.      On January 12, 2009, Defendants answered the Complaint.

25

26  [1]  John M. Cioffi ("Cioffi") was also named as a defendant in the Complaint, but was
    subsequently dismissed and is no longer a defendant in the Action. *See* ¶ G below.

27
    [2]  Defendants Sutardja and Dai originally moved to dismiss the Complaint jointly.  However, Dai
28  subsequently retained separate counsel from Sutardja and submitted a separate reply brief.

1      I.      The Parties agreed to participate in a second formal mediation with Judge Phillips
2   on March 2, 2009.  Although the Parties did not reach an agreement at the March 2, 2009
3   mediation, they continued their intensive negotiations telephonically through Judge Phillips,
4   ultimately reaching this agreement to settle the Action for a cash payment of $72,000,000.

5      J.      Those Defendants that have responded to the allegations have denied and continue
6   to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Action.
7   Those Defendants have expressly denied and continue to deny all charges of wrongdoing or
8   liability against them arising out of any conduct, statements, acts or omissions alleged, or that
9   could have been alleged, in the Action, and have also denied and continue to deny, *inter alia,* the
10  allegations that Lead Plaintiffs or the Class have suffered damages, that the price of Marvell
11  securities was artificially inflated by reason of alleged misrepresentations, non-disclosures or
12  otherwise, and that Lead Plaintiffs or the Class were harmed by the conduct alleged in the
13  Complaint.  This Stipulation shall in no event be construed or deemed to be evidence of, or an
14  admission or concession on the part of any Defendant with respect to, any claim of any fault or
15  liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that any
16  Defendant has asserted or could assert in the Action or any other action.  Nonetheless, Defendants
17  have concluded that further litigation of the Action would be protracted and expensive, and
18  Defendants are entering into this Settlement solely to eliminate the burden, expense, and risk of
19  further litigation.  Therefore, Defendants have determined that it is desirable and beneficial that
20  the Action be fully, finally and forever settled in the manner and upon the terms and conditions
21  set forth in this Stipulation.

22     K.      Co-Lead Counsel have conducted an extensive investigation into the allegations of
23  wrongdoing asserted and the alleged damages suffered by the Class.   Co-Lead Counsel's
24  investigation has included, *inter alia*: (i) review of filings made by Marvell with the SEC; (ii)
25  review of press releases, public statements, news articles, securities analysts' reports and other
26  publications disseminated by or concerning Marvell; (iii) interviews with former Marvell
27  employees; (iv) review of publicly available information regarding the investigations by the SEC
28  and the DOJ of Marvell's stock option grants and practices; (v) review of documents filed in

STIPULATION AND AGREEMENT OF SETTLEMENT        - 3 -              CASE NO.: C-06-06286 RMW

1    certain legal proceedings regarding Marvell's stock option grants and practices;[3] (vi) review of

2    other publicly available information about Marvell; and (vii) extensive consultation with damage

3    experts with regard to the claims asserted in the Complaint.  Co-Lead Counsel have also

4    conducted substantial formal discovery, including the review and analysis of approximately

5    20,000 pages of documents previously produced by Defendants to the SEC and DOJ in

6    connection with their investigations.

7          L.      Based upon their investigation and discovery as set forth above, Co-Lead Counsel

8    have recommended and Lead Plaintiffs have concluded that the terms and conditions of this

9    Stipulation are fair, reasonable, adequate to, and in the best interests of, Lead Plaintiffs and the

10   Class.  Furthermore, after considering (i) the benefits that Class Members will receive from the

11   Settlement; (ii) the attendant risks of further litigation; and (iii) the desirability of permitting the

12   Settlement (as hereinafter defined) to be consummated as provided by the terms of this

13   Stipulation, Co-Lead Counsel and Lead Plaintiffs have agreed to settle the claims that were raised

14   or could have been raised in the Action, subject to the terms and provisions of this Stipulation.

15   This Stipulation shall not be construed or deemed to be evidence of, or considered an admission

16   or concession by any Lead Plaintiff or Class Member of, any infirmity in the claims asserted in

17   the Action.

18         M.      Notwithstanding the Parties' respective positions about the merits of the Action,

19   the Parties recognize that the Action has been litigated by Lead Plaintiffs and defended by

20   Defendants vigorously and in good faith, that the Action is being voluntarily settled following

21   arm's-length bargaining and upon advice of competent counsel, and Co-Lead Counsel and Lead

22   Plaintiffs believe that the terms of the Settlement and this Stipulation are fair, reasonable, and

23   adequate to the Class.

24         N.      NOW THEREFORE, in consideration of the foregoing recitals and the benefits

25   flowing to the Parties from the Settlement, it is hereby STIPULATED AND AGREED by and

26

27   [3] A derivative action, *In re Marvell Technology, Ltd. Derivative Litigation*, Case No. 5:06-cv-
     03894-RMW, was filed on June 22, 2006.  A settlement of the derivative action is awaiting final
28   approval.

1   among the Parties, through their respective counsel, subject to approval of the Court pursuant to

2   Rule 23(e) of the Federal Rules of Civil Procedure, that all Released Claims (defined below in

3   ¶1(dd)) and all Settled Defendants' Claims (defined below in ¶1(ff)) shall be compromised,

4   settled, released, and dismissed with prejudice, upon and subject to the following terms and

5   conditions:

### DEFINITIONS

7      1.    As used in this Stipulation, and any exhibits attached hereto and made a part

8   hereof, the following terms shall have the following meanings:

9         (a)    "Action" means the above-styled case, *In re Marvell Technology Group*

10   *Ltd. Securities Litigation*, Master File No. C-06-06286 RMW, including any and all consolidated

11   actions, pending in the United States District Court for the Northern District of California.

12         (b)    "Alternative Judgment" has the meaning set forth in ¶29(e) hereof.

13         (c)    "Authorized Claimant" means a Class Member who submits a valid Proof

14   of Claim form to the Claims Administrator.

15         (d)    "Claims Administrator" means Epiq Systems ("Epiq"), which shall

16   administer the Settlement subject to approval and appointment by the Court.

17         (e)    "Class" shall be defined as all persons and entities who purchased or

18   acquired Marvell securities between February 27, 2003 and October 2, 2006, inclusive. Excluded

19   from the Class are (i) the Defendants; (ii) members of the immediate family of each Individual

20   Defendant; (iii) any person who was an officer or director of Marvell during the Class Period; (iv)

21   any firm, trust, corporation, officer or other entity in which any Defendant has a controlling

22   interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns

23   of any such excluded party. Also excluded from the Class are all persons and entities who

24   exclude themselves from the Settlement by timely requesting exclusion in accordance with the

25   requirements set forth in the Notice.

26         (f)    "Class Distribution Order" has the meaning set forth in ¶10 hereof.

27         (g)    "Class Member" means a member of the Class.

28

1    (h)    "Class Period" means the period of time between February 27, 2003 and
2    October 2, 2006, inclusive.

3    (i)    "Complaint" means the Consolidated Class Action Complaint dated
4    August 16, 2007 and described in ¶C hereof.

5    (j)    "Co-Lead Counsel" means the law firms of Barroway Topaz Kessler
6    Meltzer & Check, LLP and Kohn, Swift & Graf, P.C.

7    (k)    "Court" means the United States District Court for the Northern District of
8    California.

9    (l)    "Defendants" means Marvell Technology Group Ltd., Sehat Sutardja,
10    Weili Dai and George Hervey.

11    (m)    "Defense Counsel" means the law firms of Wilson Sonsini Goodrich &
12    Rosati, PC; Paul, Weiss, Rifkind, Wharton & Garrison LLP; Quinn Emanuel Urquhart Oliver &
13    Hedges, LLP; Bergeson, LLP and Taylor & Co. Law Offices, LLP.

14    (n)    "Effective Date" means the date upon which the Settlement contemplated
15    by this Stipulation shall become effective, as set forth in ¶29 hereof.

16    (o)    "Escrow Agents" means the law firms of Barroway Topaz Kessler Meltzer
17    & Check, LLP and Kohn, Swift & Graf, P.C.

18    (p)    "Final" or "Finality," with respect to any Judgment or Alternative
19    Judgment (both defined herein), means: (a) if no appeal is filed, the expiration date provided for
20    under the corresponding rules of the applicable court or statute for filing or noticing any appeal
21    from the judgment; or (b) if there is an appeal from the judgment, the date of (i) final dismissal of
22    such appeal from the judgment, or the final dismissal of any proceeding on certiorari or otherwise
23    to review the judgment; or (ii) the date of final affirmance of the judgment, the expiration of the
24    time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of
25    certiorari or other form of review of the judgment, and, if certiorari or other form of review is
26    granted, the date of final affirmance of the judgment following review pursuant to that grant.
27    Any proceeding or order, or any appeal or petition for a writ of certiorari or other form of review

28

1    pertaining solely to (i) any application for attorneys' fees, costs or expenses, and/or (ii) the plan

2    of allocation, shall not in any way delay or preclude the judgment from becoming Final.

3              (q)    "Individual Defendants" means Sehat Sutardja, Weili Dai and George

4    Hervey.

5              (r)    "Judgment" or "Order and Final Judgment" means the judgment approving

6    the Settlement, to be entered by the Court substantially in the form attached hereto as Exhibit B.

7              (s)    "Lead Plaintiffs" means Police and Fire Retirement System of the City of

8    Detroit, Monte Paschi Asset Management S.G.R. S.p.A., and Puerto Rico Government

9    Employees Retirement System.

10             (t)    "Marvell" or the "Company" means Marvell Technology Group Ltd.

11             (u)    "Net Settlement Fund" has the meaning set forth in ¶5(a) hereof.

12             (v)    "Notice" means the Notice of Pendency of Class Action and Proposed

13    Settlement, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness

14    Hearing, which is to be sent to members of the Class substantially in the form attached hereto as

15    Exhibit A(1).

16             (w)    "Parties" means Lead Plaintiffs and Defendants.

17             (x)    "Person" means a natural person, individual, corporation, partnership,

18    limited partnership, association, joint venture, joint stock company, estate, custodian, legal

19    representative, trust, unincorporated association, government or any political subdivision or

20    agency thereof, and any business or legal entity and their/its heirs, executors, administrators,

21    predecessors, successors, representatives, or assignees.

22             (y)    "Plaintiffs' Additional Counsel" means the law firm of Nix Patterson &

23    Roach, LLP.

24             (z)    "Plaintiffs' Counsel" means Co-Lead Counsel, Liaison Counsel, Plaintiffs'

25    Additional Counsel and any other counsel representing Class Members.

26             (aa)   "Plan of Allocation" has the meaning set forth in ¶11 hereof.

27

28

1    (bb)    "Preliminary Approval Order" means the order preliminarily approving the

2    Settlement and directing notice thereof to the Class, to be entered by the Court substantially in the

3    form attached hereto as Exhibit A.

4    (cc)    "Proof of Claim" means the proof of claim and release form substantially

5    in the form attached hereto as Exhibit A(2).

6    (dd)    "Released Claims" means any and all claims, debts, demands, rights or

7    causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or

8    common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

9    accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class,

10    and/or individual in nature, including both known claims and Unknown Claims (as defined

11    herein), (i) that have been asserted in this Action by Lead Plaintiffs and/or the members of the

12    Class or any of them against any of the Released Parties, or (ii) that could have been asserted in

13    this Action, or in any other action or forum by Lead Plaintiffs and/or the members of the Class or

14    any of them against any of the Released Parties which arise out of or are based upon or relate in

15    any way to the allegations, transactions, facts, matters or occurrences, representations or

16    omissions involved, set forth, or referred to in the Action and which relate to the purchase or

17    acquisition of Marvell securities between February 27, 2003 and October 2, 2006, inclusive.

18    Released Claims does not include any claims asserted in the derivative action, *In re: Marvell*

19    *Technology Ltd. Derivative Litigation*, Case No. 5:06-cv-03894-RMW, filed on June 22, 2006.

20    (ee)    "Released Parties" means Defendants, their parents, subsidiaries,

21    controlling persons, affiliates, and acquirers, and their respective current and former officers,

22    directors, partners, members, employees, agents, attorneys, advisors, auditors, underwriters,

23    insurers, reinsurers, representatives, heirs, predecessors, successors-in-interest, and assigns.

24    (ff)    "Settled Defendants' Claims" means any and all claims, debts, demands,

25    rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory

26    or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

27    accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class

28    and/or individual in nature, including both known claims and Unknown Claims (as defined

STIPULATION AND AGREEMENT OF SETTLEMENT        - 8 -        CASE NO.: C-06-06286 RMW

1   herein), that have been or could have been asserted in the Action or in any other action or forum

2   by the Defendants or any of them or the successors and assigns of any of them against the Lead

3   Plaintiffs, any Class Member or their attorneys, which arise out of or relate in any way to the

4   institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

5               (gg)   "Settlement" means the settlement contemplated by this Stipulation.

6               (hh)   "Settlement    Amount"   means   Seventy   Two   Million   Dollars

7   ($72,000,000.00).

8               (ii)   "Settlement Fund" or "Gross Settlement Fund" means the Settlement

9   Amount (defined herein), plus any interest on, or other income or gains, if any, from the

10   investment of the Settlement Amount.

11              (jj)   "Stipulation" means this Stipulation and Agreement of Settlement.

12              (kk)   "Supplemental Agreement" shall have the meaning set forth in ¶23 herein.

13              (ll)   "Summary Notice" means the Summary Notice of Pendency and Proposed

14   Settlement of Class Action and Settlement Fairness Hearing to be published substantially in the

15   form attached hereto as Exhibit A(3).

16           (mm)  "Unknown Claims" means any and all Released Claims that Lead Plaintiffs

17   and/or Class Members do not know or suspect to exist in his, her, or its favor as of the Effective

18   Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in

19   his, her or its favor as of the Effective Date, which if known by him, her or it might have affected

20   his, her or its decision(s) with respect to the Settlement. With respect to any and all Released

21   Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective

22   Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be

23   deemed to have waived, and by operation of the Judgment shall have expressly waived, any and

24   all provisions, rights, and benefits conferred by any law of any state of the United States, or

25   principle of common law or otherwise, which is similar, comparable, or equivalent to California

26   Civil Code § 1542, which provides:

27         **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**

28         **CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**

**FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

### SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as to Defendants and shall be in full and final disposition of any and all Released Claims and Settled Defendants' Claims.

3.      (a)      Upon the Effective Date of this Settlement, the Lead Plaintiffs and members of the Class, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective officers, directors, trustees, elected trustees, ex-officio trustees, Junta de Síndicos, fiduciaries, executive secretaries, portfolio managers, investment advisors, managers, shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

(b)      Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective officers, directors, shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to each and every Settled Defendants' Claim, release and forever discharge, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

### SETTLEMENT CONSIDERATION

4.      In consideration for the release and discharge provided for in ¶3(a) hereof, Marvell, on behalf of the Defendants, shall pay or cause to be paid the sum of Seventy Two Million Dollars ($72,000,000) in cash (the "Settlement Amount") within ten (10) calendar days

1   following the entry of the Preliminary Approval Order. When due to be paid, the Settlement

2   Amount will be deposited into an interest-bearing escrow account with PNC Bank.

3        5.    ·(a)    The Settlement Amount, plus interest accrued thereon, if any, shall be

4   referred to as the Gross Settlement Fund. The Gross Settlement Fund, net of any Taxes (as

5   defined below), shall be used to pay (i) the Notice, Summary Notice, and administration costs

6   referred to in ¶9 hereof, (ii) the attorneys' fees and expense award referred to in ¶24 hereof, and

7   (iii) the remaining administration expenses referred to in ¶10 hereof. The balance of the Gross

8   Settlement Fund after the above payments shall be the "Net Settlement Fund." Following the

9   Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants as provided

10  in ¶¶11-15 hereof, and in accordance with the Plan of Allocation. Any sums required to be held

11  in escrow hereunder shall be held by the Escrow Agents. All funds held by the Escrow Agents

12  shall be deemed to be in the custody of the Court until such time as the funds are distributed to

13  Authorized Claimants or paid to Marvell pursuant to this Stipulation and/or further order of the

14  Court. The Escrow Agents shall invest any funds in excess of $250,000 in short term United

15  States Agency or Treasury Securities (or in money market funds whose portfolio is composed of

16  United States Agency or Treasury Securities) which are backed by the full faith and credit of the

17  United States Government, and shall collect and reinvest all interest accrued thereon. Any funds

18  held in escrow in an amount of less than $250,000 may be held in an interest bearing bank

19  account insured by the Federal Deposit Insurance Corporation ("FDIC"). The Parties agree that

20  the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury

21  Regulation §1.468B-1, and that the Escrow Agents, as administrators of the Settlement Fund

22  within the meaning of Treasury Regulation §1.468B-2(k)(3), shall be responsible for filing tax

23  returns and any other tax reporting for or in respect of the Settlement Fund and paying from the

24  Settlement Fund any Taxes owed with respect to the Settlement Fund. The Parties agree that the

25  Settlement Fund shall be treated as a Qualified Settlement Fund from the earliest date possible,

26  and agree to any relation-back election required to treat the Settlement Fund as a Qualified

27  Settlement Fund from the earliest date possible. Promptly after filing the statement described in

28

1    Treasury Regulation §1.468B-3(e) with the Internal Revenue Service, Marvell shall provide a

2    copy of such statement to the Claims Administrator.

3            (b)    All (i) taxes on the income of the Settlement Fund and (ii) expenses and

4    costs incurred in connection with the taxation of the Settlement Fund (including, without

5    limitation, expenses of tax attorneys and accountants (collectively, the "Taxes")) shall be paid out

6    of the Settlement Fund, shall be considered to be a cost of administration of the Settlement, and

7    shall be timely paid by the Escrow Agents without prior order of the Court.  The Settlement Fund

8    or the Escrow Agents shall, to the extent required by law, withhold from any distributions to

9    Authorized Claimants and other persons or entities entitled thereto pursuant to this Stipulation

10   any funds necessary to pay Taxes, including the establishment of adequate reserves for Taxes as

11   well as any amount that may be required to be withheld under Treasury Reg. §1.468B-(1)(2) or

12   otherwise under applicable law in respect of such distributions.  Further, the Settlement Fund

13   shall indemnify and hold harmless the Released Parties for any Taxes (including without

14   limitation, Taxes payable by reason of such indemnification).

15           (c)    The Released Parties shall not have any responsibility for or liability

16   whatsoever with respect to: (i) any act, omission or determination of Plaintiffs' Counsel, the

17   Escrow Agents or the Claims Administrator, or any of their respective designees or agents, in

18   connection with the administration of the Settlement or otherwise; (ii) the management,

19   investment or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the

20   determination, administration, calculation, or payment of any claims asserted against the

21   Settlement Fund; (v) any losses suffered by, or fluctuations in the value of, the Settlement Fund;

22   or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection

23   with the taxation of the Settlement Fund or the filing of any returns.

24           (d)    This is not a "claims made" settlement.  Following final approval of the

25   Settlement, none of the Settlement Fund shall be returned to Defendants and/or such other

26   persons or entities funding the Settlement.

27

28

1

### CLASS CERTIFICATION

2    6.    In the Order and Final Judgment, the Class shall be certified for purposes of this

3    Settlement only, but in the event that the Settlement does not become effective, the certification

4    shall become null and void and the Parties reserve all their rights on all issues, including whether

5    a class should be certified.  For settlement purposes only, in connection with the Order and Final

6    Judgment, the Defendants shall consent to (i) certification of this Action as a class action pursuant

7    to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, as such Class is defined herein,

8    and (ii) certification of Lead Plaintiffs as the Class Representatives, and (iii) approval of Co-Lead

9    Counsel as Class Counsel.

10

### PRELIMINARY APPROVAL

11    7.    As soon as practicable after this Stipulation has been fully executed, Co-Lead

12    Counsel shall file this Stipulation and ancillary documents with the Court and apply to the Court

13    for entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit

14    A, which shall, among other provisions, preliminarily approve the Settlement, direct notice

15    thereof to the Class and schedule a hearing for consideration of full and final approval of the

16    Settlement (the "Settlement Fairness Hearing").

17

### ADMINISTRATION

18    8.    The Claims Administrator, Epiq, shall administer the Settlement under Co-Lead

19    Counsel's supervision subject to the jurisdiction of the Court for all Class Members.   The

20    Defendants and Released Parties shall have no liability, obligation, or responsibility for the

21    administration of the Settlement, except for the obligation to pay the Settlement Amount, as

22    provided herein, and to provide within five (5) business days following the Court's entry of the

23    Preliminary Approval Order, upon request of the Claims Administrator and without any charge to

24    Lead Plaintiffs or the Class, a copy of Marvell's shareholder lists and transfer record of record

25    transferees of Marvell securities during the Class Period, as Marvell or its transfer agent may

26    possess.

27    9.    The Escrow Agents may pay from the Settlement Fund, without further approval

28    of the Court or Defendants, all reasonable costs and expenses up to the amount of $500,000 (the

STIPULATION AND AGREEMENT OF SETTLEMENT          - 13 -          CASE NO.: C-06-06286 RMW

1   "Notice Expense Cap") associated with (i) identifying and notifying the Class Members, (ii)

2   effecting mailing of the Notice and Proof of Claim, (iii) publishing the Summary Notice, and (iv)

3   administering the Settlement, including without limitation, the actual costs of retrieving the data

4   necessary to determining the amount that each Authorized Claimant shall be paid, printing and

5   mailing the Notice and Proof of Claim, publication of the Summary Notice, any Taxes due,

6   escrow fees, and the reasonable administrative expenses incurred and fees charged by the Claims

7   Administrator in connection with providing notice and processing the submitted claims (the

8   "Notice Expenses"). The Court may increase the Notice Expense Cap prior to the Effective Date

9   if, despite the good faith efforts of the Escrow Agents and Claims Administrator to minimize

10   expenses, it appears that Notice Expenses will be greater than the Notice Expense Cap. In the

11   event that the Settlement is terminated, as provided for herein, Notice Expenses paid or incurred

12   in connection with this paragraph shall not be returned to Defendants or to the persons or entities

13   who paid the Settlement Amount.

14   **CLASS DISTRIBUTION ORDER & ADMINISTRATION EXPENSES**

15   10.   Co-Lead Counsel will apply to the Court for an order (the "Class Distribution

16   Order") approving the Claims Administrator's administrative determinations concerning the

17   acceptance and rejection of submitted claims, approving any fees and expenses relating to the

18   administration of the Settlement not previously paid by the Escrow Agent pursuant to ¶9,

19   including the fees and expenses of the Claims Administrator, and, only if the Effective Date (as

20   defined in ¶29) has occurred, directing payment of the Net Settlement Fund to Authorized

21   Claimants.

22   **DISTRIBUTION TO AUTHORIZED CLAIMANTS**

23   11.   The allocation of the Net Settlement Fund among the members of the Class shall

24   be subject to a plan of allocation to be proposed by Co-Lead Counsel and approved by the Court

25   (the "Plan of Allocation"). Defendants will take no position with respect to such proposed Plan

26   of Allocation or such other plan of allocation as may be approved by the Court and shall have no

27   responsibility or liability whatsoever with respect to the Plan of Allocation. It is understood and

28   agreed by the Parties that the Plan of Allocation, including, but not limited to, any adjustments to

STIPULATION AND AGREEMENT OF SETTLEMENT   - 14 -   CASE No.: C-06-06286 RMW

1    any Authorized Claimant's claim set forth herein, is not part of the Stipulation and is to be

2    considered by the Court separately from the Court's consideration of the fairness, reasonableness,

3    and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation shall

4    not operate to terminate or cancel the Stipulation or affect the Finality of the Court's Judgment

5    approving the Stipulation and the Settlement or any other orders entered pursuant to the

6    Stipulation.

7         12.    No Authorized Claimant shall have any claim against the Lead Plaintiffs,

8    Plaintiffs' Counsel, any Defendant, Released Party, or Defense Counsel based on any distribution

9    made in accordance with or as contemplated by this Stipulation.

10        13.    The Claims Administrator shall determine each Authorized Claimant's *pro rata*

11   share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as

12   defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A(1), or in

13   such other plan of allocation as the Court approves). Each Authorized Claimant shall be allocated

14   a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim compared

15   to the total Recognized Claims of all accepted claimants.

16        14.    Co-Lead Counsel shall be responsible for supervising the administration of the

17   Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Co-Lead

18   Counsel shall have the right, but not the obligation, to waive what they deem to be formal or

19   technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

20        15.    For purposes of determining the extent, if any, to which a Class Member shall be

21   entitled to be treated as an "Authorized Claimant," the following conditions shall apply:

22              (a)    Each Class Member shall be required to submit a Proof of Claim (*see*

23   Exhibit A(2) hereto), supported by such documents as are designated therein, including proof of

24   the transactions claimed and the losses incurred thereon or such other documents or proof as Co-

25   Lead Counsel, in their discretion, may deem acceptable;

26              (b)    All Proofs of Claim must be submitted by the date specified in the Notice

27   unless such period is extended by Order of the Court. Any Class Member who fails to submit a

28   Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this

STIPULATION AND AGREEMENT OF SETTLEMENT     - 15 -          CASE NO.: C-06-06286 RMW

1    Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class

2    Member is approved), but shall in all other respects be bound by all of the terms of this

3    Stipulation and the Settlement including the terms of the Judgment to be entered in the Action

4    and the releases provided for herein, and will be barred from bringing any action against the

5    Released Parties concerning the Released Claims. Provided that it is received before the motion

6    for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been received

7    when posted, if received with a postmark indicated on the envelope and if mailed by first-class

8    mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of

9    Claim shall be deemed to have been submitted when actually received by the Claims

10   Administrator;

11              (c)      Each Proof of Claim shall be submitted to and reviewed by the Claims

12   Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance

13   with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by

14   the Court pursuant to subparagraph (e) below;

15              (d)      Proofs of Claim that do not meet the submission requirements may be

16   rejected. Prior to rejecting a Proof of Claim, the Claims Administrator shall communicate with

17   the claimant in order to allow the claimant to attempt to remedy the curable deficiencies in the

18   Proofs of Claim submitted. The Claims Administrator, under supervision of Co-Lead Counsel,

19   shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim they propose

20   to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice

21   that the claimant whose claim is to be rejected has the right to a review by the Court if the

22   claimant so desires and complies with the requirements of subparagraph (e) below;

23              (e)      If any claimant whose claim has been rejected in whole or in part desires to

24   contest such rejection, the claimant must, within twenty (20) days after the date of mailing of the

25   notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and

26   statement of reasons indicating the claimant's grounds for contesting the rejection along with any

27   supporting documentation, and requesting a review thereof by the Court. If a dispute concerning

28

1    a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for

2    review to the Court; and

3            (f)      The administrative determinations of the Claims Administrator accepting

4    and rejecting claims shall be presented to the Court, on notice to Defense Counsel, for approval

5    by the Court in the Class Distribution Order.

6         16.      Each claimant shall be deemed to have submitted to the jurisdiction of the Court

7    with respect to the claimant's claim, and the claim will be subject to investigation and discovery

8    under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall

9    be limited to that claimant's status as a Class Member and the validity and amount of the

10    claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in

11    connection with processing of the Proofs of Claim.

12         17.      Payment pursuant to this Stipulation shall be deemed final and conclusive against

13    all Class Members. All Class Members whose claims are not approved by the Court shall be

14    barred from participating in distributions from the Net Settlement Fund, but otherwise shall be

15    bound by all of the terms of this Stipulation and the Settlement, including the terms of the

16    Judgment to be entered in the Action and the releases provided for herein, and will be barred from

17    bringing any action against the Released Parties concerning the Released Claims.

18         18.      All proceedings with respect to the administration, processing, and determination

19    of claims described by ¶15 of this Stipulation and the determination of all controversies relating

20    thereto, including disputed questions of law and fact with respect to the validity of claims, shall

21    be subject to the jurisdiction of the Court.

22         19.      The Net Settlement Fund shall be distributed to Authorized Claimants by the

23    Claims Administrator only after the Effective Date and after: (i) all claims have been processed,

24    and all claimants whose claims have been rejected or disallowed, in whole or in part, have been

25    notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii)

26    all objections with respect to all rejected or disallowed claims have been resolved by the Court,

27    and all appeals therefrom have been resolved or the time therefor has expired; and (iii) all costs of

28    administration have been paid.

STIPULATION AND AGREEMENT OF SETTLEMENT      - 17 -         CASE NO.: C-06-06286 RMW

20. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, which were not previously authorized by the Court to be paid, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the Notice, (b) second, to pay any additional settlement administration fees and expenses, including those of Co-Lead Counsel as may be approved by the Court, and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

21. If after six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement Fund to a 501(c)(3) charity chosen by Co-Lead Counsel and approved by the Court.

**FINAL APPROVAL**

22. If the Settlement contemplated by this Stipulation is preliminarily approved by the Court pursuant to the Preliminary Approval Order, then the Parties shall request that a Judgment be entered in all material respects in the form annexed hereto as Exhibit B.

### SUPPLEMENTAL AGREEMENT

23.     Simultaneously herewith, Co-Lead Counsel and the Company's Counsel are executing a "Supplemental Agreement."   Unless otherwise directed by the Court, the Supplemental Agreement will not be filed with the Court.  The Company may, in accordance with the terms set forth in the Supplemental Agreement, elect in writing to terminate the Settlement and this Stipulation if a certain condition (the "Opt-Out Threshold") is met and Co-Lead Counsel are unable to cure this condition in accordance with the terms of the Supplemental Agreement.  If required by the Court, the Supplemental Agreement and/or any of its terms may be disclosed *in camera* to the Court for purposes of approval of the Settlement, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Opt-Out Threshold. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation and Settlement shall become null and void and of no further force and effect, with the exception of the provisions of ¶31 which shall continue to apply.

### ATTORNEYS' FEES AND EXPENSES

24.     Co-Lead Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses payable from the Settlement Amount (plus interest on both sums at the same rate earned by the Settlement Fund).  Such amounts as are approved and awarded by the Court shall be payable to Co-Lead Counsel from the Settlement Fund immediately after the Court signs the Judgment, notwithstanding the existence of any timely filed objections thereto, appeal or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligation of Co-Lead Counsel to promptly make appropriate refunds or repayments to the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is reduced or reversed or for whatever reason the Settlement is terminated pursuant to ¶23 or ¶30 of this Stipulation.  The apportionment and distribution among Plaintiffs' Counsel of any award of attorneys' fees and expenses shall be within Co-Lead Counsel's sole discretion.

25. Defendants shall take no position on Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, except as may be requested by the Court. The procedure for and the allowance or disallowance of any application for attorneys' fees and expenses are not part of the Settlement and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating solely to an award of attorneys' fees and expenses, or any appeal from any order relating thereto, or any reversal or modification thereof, shall have no effect on the Settlement and shall not operate to terminate or cancel this Stipulation or to affect or delay the finality of the Judgment approving this Stipulation. The Parties agree that the actual fee and expense award to be approved by the Court is not a settlement term and will not be grounds for terminating the proposed Settlement.

## RIGHT OF EXCLUSION OR OBJECTION

26. Any putative Class Member may seek to be excluded from the Class and the Settlement provided for in this Stipulation by submitting a written request for exclusion in conformity with the requirements stated in the Notice (see Exhibit A(1) hereto). Any members of the Class so excluded shall not be bound by the terms of the Stipulation, or be entitled to any of its benefits, and shall not be bound by the Judgment and/or other order of the Court herein, whether pursuant to this Stipulation or otherwise.

27. Any member of the Class who does not exclude himself, herself or itself from the Class and the Settlement shall have the right to submit written objections concerning the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses, which objections shall state all of the reasons for the objections (*e.g.*, a mere statement that "I object" shall not be deemed sufficient). All Persons desiring to attend the Settlement Fairness Hearing and be heard as objectors must have filed written objections as provided herein, as a condition of appearing and being heard at such hearing. Any Class Member who does not timely file written objections to the Settlement pursuant to this paragraph and the Notice shall not be permitted to object to the Settlement at the Settlement Fairness Hearing, and shall be

1 | foreclosed from objecting to, challenging, or otherwise seeking review of the Settlement by
2 | appeal or otherwise, in this Action or in any other action.

3 |      28.    To retract or withdraw a request of exclusion, a member of the Class must file a
4 | written notice with the Court stating the Person's desire to retract or withdraw his, her, or its
5 | request for exclusion and that Person's desire to be bound by any judgment or Settlement in this
6 | Action; provided, however, that the filing of such written notice may be effectuated by Co-Lead
7 | Counsel and Co-Lead Counsel shall promptly notify Defense Counsel of any retraction or
8 | withdrawal of a request for exclusion.

9 | **EFFECTIVE DATE OF SETTLEMENT, WAIVER, OR TERMINATION**

10 |      29.    The "Effective Date" of the Settlement shall be the date when all of the following
11 | conditions shall have occurred:

12 |      (a)    payment of the Settlement Amount pursuant to ¶4 herein;

13 |      (b)    entry of the Preliminary Approval Order in all material respects in the form
14 | attached hereto as Exhibit A;

15 |      (c)    approval by the Court of the Settlement, following notice to the Class and a
16 | hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

17 |      (d)    entry by the Court of the Judgment, in all material respects in the form set
18 | forth in Exhibit B annexed hereto;

19 |      (e)    Finality of the Judgment, or, in the event that the Court enters a judgment
20 | that differs from the Judgment in any material respect ("Alternative Judgment") and none of the
21 | Parties hereto elects to terminate this Settlement, such Alternative Judgment becomes Final; and

22 |      (f)    expiration of the time for Defendants to exercise their termination rights
23 | provided in the Supplemental Agreement and ¶30 herein.

24 |      30.    Lead Plaintiffs and the Company shall each have the right to terminate the
25 | Settlement and thereby this Stipulation by providing written notice of their election to do so
26 | ("Termination Notice") to all other Parties within thirty (30) days of any of the following: (i) the
27 | Court declines to enter the Preliminary Approval Order in any material respect; (ii) the Court
28 | declines to approve the Settlement as set forth in this Stipulation in any material respect; (iii) the

1  Court declines to enter the Judgment in any material respect; (iv) the date upon which the

2  Judgment is modified or reversed in any material respect by any level of appellate court; (v) entry

3  by the Court of an Alternative Judgment that differs from the Judgment in any material respect; or

4  (vi) the date upon which any Alternative Judgment is modified or reversed in any material respect

5  by any level of appellate court, excluding any modification with respect to an award of attorneys'

6  fees or reimbursement of expenses. Lead Plaintiffs shall also have the right to terminate the

7  Settlement and thereby this Stipulation if the Settlement Amount is not paid as required by this

8  Stipulation. To be effective, any Termination Notice shall be signed by Co-Lead Counsel, and

9  shall be on behalf of all Lead Plaintiffs. If Lead Plaintiffs or the Company elect to terminate the

10 Settlement pursuant to this paragraph, termination will become effective within two (2) weeks of

11 service of Termination Notice. During these two weeks, Lead Plaintiffs and the Company shall

12 use their best efforts to resolve any existing conflicts and/or deficiencies and reinstate the

13 Settlement.

14       31.    Except as otherwise provided herein, in the event of a withdrawal or the

15 termination of the Settlement as set forth in ¶30: (a) the Settlement shall be without prejudice, and

16 none of its terms shall be effective or enforceable; (b) Co-Lead Counsel shall cause the

17 Settlement Amount (to the extent it has been funded), plus interest, less any amounts incurred for

18 notice, up to the amount of Notice Expense Cap, and/or Taxes, to be returned to the person or

19 entities who paid the same within ten (10) business days following the termination of the

20 Settlement; (c) the Parties shall revert to litigation positions immediately prior to the execution of

21 this Stipulation; and (d) the fact and terms of the Stipulation and this Settlement, as well as any

22 negotiations or statements relating to its provisions, shall in no way be construed as, offered as,

23 received as, used as, or deemed to be evidence of any kind in this Action, or in any other action or

24 proceeding, except to enforce this Stipulation.

25                        **NO ADMISSION OF WRONGDOING**

26       32.    This Stipulation and all negotiations, statements, and proceedings in connection

27 herewith shall not, in any event, be construed or deemed to be evidence of an admission or

28 concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any

STIPULATION AND AGREEMENT OF SETTLEMENT        - 22 -              CASE NO.: C-06-06286 RMW

1   other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or

2   received in evidence in any action or proceeding (except an action to enforce this Stipulation and

3   settlement contemplated hereby), or be used in any way as an admission, concession, or evidence

4   of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be

5   evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any

6   other Person, has or has not suffered any damage. The Released Parties may file the Stipulation

7   and/or the Judgment in any action that may be brought against them in order to support a defense

8   or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit,

9   release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion

10  or issue preclusion or similar defense or counterclaim.

11                          **MISCELLANEOUS PROVISIONS**

12          33.     All of the exhibits attached hereto are hereby incorporated by reference as though

13  fully set forth herein.

14          34.     The Parties intend the Settlement to be a final and complete resolution of all

15  disputes asserted or which could be asserted by the Class Members against the Released Parties or

16  any of them with respect to the Released Claims. Accordingly, Lead Plaintiffs, on behalf of

17  themselves and the Class, and Defendants agree not to assert in any forum that the Action was

18  brought by Lead Plaintiffs or any Class Member, or defended by Defendants, in bad faith or

19  without a reasonable basis. The Parties shall not assert any claims of any violation of Rule 11 of

20  the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the

21  Action, and Lead Plaintiffs, Defendants and their counsel shall not make any applications for

22  fees, costs or sanctions pursuant to Rule 11, Rule 37, Rule 45, or any other court rule or statute

23  with respect to any claims or defenses in this Action or to any aspect of the institution,

24  prosecution or defense of this Action. The Parties agree that the amount paid and the other terms

25  of the Settlement were negotiated at arm's-length in good faith by the Parties, and reflect a

26  settlement that was reached voluntarily after consultation with experienced legal counsel and an

27  experienced mediator. The Parties shall request that the Court, in connection with its entry of the

28  Judgment, make specific findings of fact that Lead Plaintiffs and Co-Lead Counsel initiated,

1   maintained, and prosecuted the Action in good faith and in accordance with Co-Lead Counsel's

2   obligations under Rule 11 of the Federal Rules of Civil Procedure.

3       35.     After the filing of this Stipulation but before distribution of any portion of the

4   Settlement Fund, if a case is commenced with respect to Marvell under Title 11 of the United

5   States Code (Bankruptcy), or a trustee, receiver, or conservator is appointed under any similar

6   law, and if a court of competent jurisdiction enters a final order determining that the transfer of

7   money to the Settlement Fund or any portion thereof by or on behalf of such Defendant is a

8   preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is

9   required to be returned, and if such amount is not promptly deposited to the Settlement Fund by

10  other Defendants, then, at the election of Co-Lead Counsel, the Parties shall jointly move the

11  Court to vacate and set aside the releases given and Judgment entered in favor of the Defendants

12  pursuant to this Stipulation, which releases and Judgment shall be null and void, and the Parties

13  shall be restored to their respective positions in the Action immediately prior to the execution of

14  this Stipulation and any cash amounts in the Settlement Fund shall be returned to the persons or

15  entities that paid such amounts as provided in ¶31 above.

16      36.     This Stipulation may not be modified or amended, nor may any of its provisions

17  be waived, except by a writing signed by all Parties hereto or their successors-in-interest.

18      37.     The headings herein are used for the purpose of convenience only and are not

19  meant to have legal effect.

20      38.     No later than ten (10) days following the Court's entry of the Order Preliminarily

21  Approving Settlement and Providing For Notice, and pursuant thereto, Defendants shall serve

22  upon the appropriate State official of each State in which a Class Member resides, and the

23  Attorney General of the United States, a notice of the proposed settlement in compliance with the

24  requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq.

25      39.     The administration and consummation of the Settlement as embodied in this

26  Stipulation shall be under the authority of the Court, and that Court shall retain jurisdiction for the

27  purpose of entering orders providing for awards of attorneys' fees and expenses and enforcing the

28

1    terms of this Stipulation, and resolving any disputes that may arise in connection with this

2    Stipulation or the Settlement.

3          40.    The waiver by one party of any breach of this Stipulation by any other party shall

4    not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

5          41.    This Stipulation and its exhibits, and the Supplemental Agreement constitute the

6    entire agreement concerning the Settlement of the Action, and no representations, warranties, or

7    inducements have been made by or on behalf of any party hereto concerning this Stipulation, its

8    exhibits, and the Supplemental Agreement other than those contained and memorialized in such

9    documents.

10         42.    This Stipulation may be executed in one or more counterparts, including by

11    signature transmitted by facsimile or electronic mail. Each counterpart when so executed shall be

12    deemed to be an original, and all such counterparts together shall constitute the same instrument.

13    All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any

14    related Settlement documents, warrant and represent that they have the full authority to do so and

15    that they have the authority to take appropriate action required or permitted to be taken pursuant

16    to the Stipulation to effectuate its terms.

17         43.    This Stipulation shall be binding upon, and inure to the benefit of, the successors

18    and assigns of the Parties hereto.

19         44.    The construction and interpretation of this Stipulation and the Supplemental

20    Agreement shall be governed by the laws of the State of California without regard to conflicts of

21    laws, except to the extent that federal law of the United States requires that federal law governs.

22         45.    This Stipulation shall not be construed more strictly against one party than another

23    merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

24    the Parties, it being recognized that it is the result of arm's-length negotiations between the

25    Parties and all Parties have contributed substantially and materially to the preparation of this

26    Stipulation.

27

28

1          46.     The undersigned signatories represent that they have full authority from their

2   respective client(s) to execute this Stipulation and any of the exhibits hereto, or any related

3   settlement documents.

4          47.     The Parties agree to reasonably cooperate with one another in seeking Court

5   approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly

6   agree upon and execute all such other documentation as may be reasonably required to obtain

7   final approval by the Court of the Settlement and entry of Judgment substantially in the form

8   attached hereto as Exhibit B.

9          48.     The Parties and their counsel agree that they will refrain from disparaging the

10  Settlement or each other with respect to the Action in any press releases or statements to the

11  media, or in any other communications.

12      DATED: June 9, 2009                    **BARROWAY TOPAZ KESSLER**
                                               **MELTZER & CHECK, LLP**
13

14                                             By: _Michael K. Yarnoff_

15                                                 Michael K. Yarnoff
                                                   John A. Kehoe
16                                                 Bharati O. Sharma
                                                   280 King of Prussia Rd.
17                                                 Radnor, PA  19087

18
                                               *Co-Lead Counsel for Lead Plaintiffs*
19                                             *and the Class*

20

21      DATED: June ___, 2009                  **KOHN, SWIFT & GRAF, LLP**

22
                                               By: _____
23                                                 Joseph C. Kohn
                                                   Denis F. Sheils
24                                                 William E. Hoese
                                                   One South Broad Street, Suite 2100
25                                                 Philadelphia, PA  19107

26
                                               *Co-Lead Counsel for Lead Plaintiffs*
27                                             *and the Class*

28

46.   The undersigned signatories represent that they have full authority from their respective client(s) to execute this Stipulation and any of the exhibits hereto, or any related settlement documents.

47.   The Parties agree to reasonably cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement and entry of Judgment substantially in the form attached hereto as Exhibit B.

48.   The Parties and their counsel agree that they will refrain from disparaging the Settlement or each other with respect to the Action in any press releases or statements to the media, or in any other communications.

DATED: June __, 2009

**BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP**

By: _____

Michael K. Yarnoff
John A. Kehoe
Bharati O. Sharma
280 King of Prussia Rd.
Radnor, PA 19087

*Co-Lead Counsel for Lead Plaintiffs and the Class*

DATED: June 9, 2009

**KOHN, SWIFT & GRAF, LLP**

By: _____

Joseph C. Kohn
Denis F. Sheils
William E. Hoese
One South Broad Street, Suite 2100
Philadelphia, PA 19107

*Co-Lead Counsel for Lead Plaintiffs and the Class*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BERMAN DeVALERIO
Joseph J. Tabacco, Jr. (Bar No. 75484)
Nicole Lavallee (Bar No. 165755)
Julie J. Bai (Bar No. 227047)
425 California Street, Suite 2100
San Francisco, CA 94104

*Liaison Counsel for Lead Plaintiffs
and the Class*

NIX PATTERSON & ROACH, LLP
Jeffrey J. Angelovich
Bradley E. Beckworth
Susan Whatley
205 Linda Drive
Daingerfield, TX 75638

*Additional Counsel for Lead Plaintiffs
and the Class*

DATED: June 9, 2009

WILSON SONSINI GOODRICH &
ROSATI PC

By: _Boris Feldman_____

Steven M. Schatz
Boris Feldman
Rodney G. Strickland
Gregory L. Watts
650 Page Mill Road
Palo Alto, CA 94304-1050

*Counsel for Defendant Marvell Technology
Group Ltd.*

1    DATED: June 4, 2009          QUINN EMANUEL URQUHART
2                                 OLIVER & HEDGES, LLP

3                                 By:
4                                     John M. Potter (Bar No. 165843)
                                      50 California Street, 22nd Floor
5                                     San Francisco, CA  94111

6                                 *Counsel for Defendant Sehat Sutardja*

7

8    DATED: June ___, 2009         PAUL, WEISS, RIFKIND,
                                   WHARTON & GARRISON LLP
9

10                                 By: _____
11                                     Theodore V. Wells, Jr.
                                       Michele Hirshman
12                                     Charles E. Davidow
                                       1285 Avenue of the Americas
13                                     New York, NY  10019

14                                 *Counsel for Defendant Weili Dai*
15

16   DATED: June ___, 2009         TAYLOR & COMPANY LAW
                                   OFFICES, LLP
17

18                                 By: _____
19                                     Stephen E. Taylor (Bar No. 58452)
                                       Jonathan A. Patchen (Bar No. 237346)
20                                     One Ferry Building, Suite 355
                                       San Francisco, CA  94111
21

22                                 *Counsel for Defendant Weili Dai*

23

24

25

26

27

28

STIPULATION AND AGREEMENT OF SETTLEMENT          - 28 -          CASE NO.: C-06-06286 RMW

1   DATED: June ___, 2009              QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
2

3                                      By: _____
4                                          John M. Potter (Bar No. 165843)
                                           50 California Street, 22nd Floor
5                                          San Francisco, CA 94111

6                                      *Counsel for Defendant Sehat Sutardja*

7

8   DATED: June 4, 2009                PAUL, WEISS, RIFKIND,
                                       WHARTON & GARRISON LLP
9

10                                     By: *[signature]*
11                                         Theodore V. Wells, Jr.
                                           Michele Hirshman
12                                         Charles E. Davidow
                                           1285 Avenue of the Americas
13                                         New York, NY 10019

14                                     *Counsel for Defendant Weili Dai*
15

16  DATED: June ___, 2009              TAYLOR & COMPANY LAW
                                       OFFICES, LLP
17

18                                     By: _____
19                                         Stephen E. Taylor (Bar No. 58452)
                                           Jonathan A. Patchen (Bar No. 237346)
20                                         One Ferry Building, Suite 355
                                           San Francisco, CA 94111
21

22                                     *Counsel for Defendant Weili Dai*

23

24

25

26

27

28

1    DATED: June __, 2009        QUINN EMANUEL URQUHART

2                                OLIVER & HEDGES, LLP

3

4                                By: _____

5                                    John M. Potter (Bar No. 165843)
                                    50 California Street, 22nd Floor
                                    San Francisco, CA 94111

6                                *Counsel for Defendant Sehat Sutardja*

7

8    DATED: June __, 2009        PAUL, WEISS, RIFKIND,

9                                  WHARTON & GARRISON LLP

10                                 By: _____

11                                   Theodore V. Wells, Jr.
                                  Michele Hirshman

12                                   Charles E. Davidow

13                                   1285 Avenue of the Americas
                                  New York, NY 10019

14

15

16    DATED: June 7, 2009        *Counsel for Defendant Weili Dai*

17

18    DATED: June 7, 2009        TAYLOR & COMPANY LAW
                                  OFFICES, LLP

19                                 By: _____
                                   Stephen E. Taylor (Bar No. 58452)

20                                   Jonathan A. Patchen (Bar No. 237346)
                                   One Ferry Building, Suite 355

21                                   San Francisco, CA 94111

22                                  *Counsel for Defendant Weili Dai*

23

24

25

26

27

28

DATED: June 3, 2009

**BERGESON, LLP**

By: _Caroline McIntyre_
 Daniel J. Bergeson, (Bar No. 105439)
 Caroline McIntyre (Bar No. 159005)
 Elizabeth D. Lear (Bar No. 122922)
 303 Almaden Blvd., Suite 500
 San Jose, CA. 95110-2712

*Counsel for Defendant George Hervey*

# EXHIBIT A

1   Michael K. Yarnoff (admitted *Pro Hac Vice*)
    John A. Kehoe (admitted *Pro Hac Vice*)
2   Bharati O. Sharma
    **BARROWAY TOPAZ KESSLER**
3      **MELTZER & CHECK, LLP**
    280 King of Prussia Road
4   Radnor, PA 19087
    Telephone: (610) 667-7706
5   Facsimile: (610) 667-7056
    myarnoff@btkmc.com
6   jkehoe@btkmc.com
    bsharma@btkmc.com
7
    *Co-Lead Counsel*
8
9   Joseph C. Kohn (admitted *Pro Hac Vice*)      Joseph J. Tabacco, Jr. (Bar No. 75484)
    Denis F. Sheils (admitted *Pro Hac Vice*)     Nicole Lavallee (Bar No. 165755)
    William E. Hoese (admitted *Pro Hac Vice*)    Julie J. Bai (Bar No. 227047)
10  **KOHN, SWIFT & GRAF, P.C.**                  **BERMAN DeVALERIO**
    One South Broad Street, Suite 2100            425 California Street, Suite 2025
11  Philadelphia, PA 19107                        San Francisco, CA 94104
    Telephone: (215) 238-1700                     Telephone: (415) 433-3200
12  Facsimile: (215) 238-1968                     Facsimile: (415) 433-6382
    jkohn@kohnswift.com                           jtabacco@bermandevalerio.com
13  dsheils@kohnswift.com                         nlavallee@bermandevalerio.com
    whoese@kohnswift.com                          jbai@bermandevalerio.com
14
    *Co-Lead Counsel*                             *Liaison Counsel*
15  [Additional counsel appear on signature page]
16
17                  **UNITED STATES DISTRICT COURT**
18                **NORTHERN DISTRICT OF CALIFORNIA**
                           **SAN JOSE DIVISION**
19
20  In re Marvell Technology Group Ltd.           Master File No. C-06-06286 RMW
    Securities Litigation
21                                                **CLASS ACTION**

22  THIS DOCUMENT RELATES TO:                     **[PROPOSED] ORDER**
                                                  **PRELIMINARILY APPROVING**
23  All Actions                                   **CLASS ACTION SETTLEMENT**
24
25
26
27
28

1    WHEREAS, on June 9, 2009, plaintiffs Police and Fire Retirement System of the City of

2  Detroit, Monte Paschi Asset Management S.G.R. S.p.A and Puerto Rico Government Employees

3  Retirement System (collectively, the "Lead Plaintiffs"), on behalf of the Class (as herein defined),

4  and defendants Marvell Technology Group Ltd. ("Marvell" or the "Company"), Sehat Sutardja,

5  Weili Dai and George Hervey (collectively, the "Defendants," and together with Lead Plaintiffs,

6  the "Parties") in the above-captioned class action (the "Action"), by and through their respective

7  counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is

8  subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with

9  the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims

10  alleged in the Consolidated Class Action Complaint dated August 16, 2007 (the "Complaint") on

11  the merits and dismissal with prejudice as against Defendants; and

12    WHEREAS, upon consent of the Parties, after review and consideration of the Stipulation

13  filed with the Court and the exhibits annexed thereto, and after due deliberation,

14    IT IS HEREBY ORDERED that:

15    1.    The Court, for purposes of this order (the "Preliminary Approval Order"), adopts

16  all defined terms as set forth in the Stipulation.

17    2.    The Court hereby certifies, for purposes of effectuating this Settlement, a class

18  pursuant to FED. R. CIV. P. 23 consisting of all persons and entities who purchased or acquired

19  Marvell securities between February 27, 2003 and October 2, 2006, inclusive (the "Class").

20  Excluded from the Class are (i) the Defendants; (ii) members of the immediate family of each

21  Individual Defendant; (iii) any person who was an officer or director of Marvell during the Class

22  Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling

23  interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns

24  of any such excluded party.  Also excluded from the Class are all persons and entities who

25  exclude themselves from the Settlement by timely requesting exclusion in accordance with the

26  requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement,

27  Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the

28  "Notice").

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT                1                CASE NO.: C-06-06286 RMW

3.   Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Lead Plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A and Puerto Rico Government Employees Retirement System are appointed as Class Representatives.

4.   For purposes of a settlement Class only, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of Lead Plaintiffs are typical of the claims of the Class; Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5.   Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6.   The Court preliminarily approves: (i) the settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

7.   Co-Lead Counsel are hereby authorized to retain Epiq Systems as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT                           2                    CASE NO.: C-06-06286 RMW

8. The Escrow Agents are authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

9. Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on _____, 2009, at _____ ___.m., in the United States District Court for the Northern District of California, the Honorable Ronald M. Whyte presiding, for the following purposes:

a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

c. to determine whether the Class should be finally certified for settlement purposes only;

d. to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

e. to rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and

f. to rule on such other matters as the Court may deem appropriate.

10. The Court reserves the right to adjourn the Settlement Fairness Hearing or any portion thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice of any kind to Class Members.

11. The Court reserves the right to approve the Settlement (and any related exhibits and documents) at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

1    12.    The Claims Administrator shall make reasonable efforts to identify all Persons

2    who are members of the Class, including beneficial owners whose Marvell securities are held by

3    banks, brokerage firms, or other nominees.  Marvell shall provide to the Claims Administrator,

4    within five (5) business days following the Court's entry of this Order, and without any charge to

5    Lead Plaintiffs or the Class, a copy of Marvell's shareholder lists and transfer record of record

6    transferees of Marvell securities during the Class Period.

7    13.    Within twenty (20) calendar days after the entry of this Order, the Claims

8    Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof

9    of Claim"), substantially in the forms of Exhibits A(1) and A(2) to the Stipulation, to be mailed

10    by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known

11    address appearing in the transfer records maintained by or on behalf of the Company (the "Notice

12    Date").

13    14.    Pursuant to the Notice, each nominee shall either: (i) send the Notice and Proof of

14    Claim to Class Members for whom they act as nominee by first class mail within ten (10)

15    calendar days after the nominee receives the Notice; or (ii) send a list of the names and addresses

16    of such beneficial owners to the Claims Administrator within ten (10) calendar days after the

17    nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by

18    first class mail the Notice and Proof of Claim to all Class Members who are on the list received

19    from the nominee.  The Claims Administrator shall, if requested, reimburse banks, brokerage

20    houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing

21    notice to beneficial owners who are Class Members, which expenses would not have been

22    incurred except for the sending of such notice, subject to further order of this Court with respect

23    to any dispute concerning such compensation.  Co-Lead Counsel shall file with the Court and

24    serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Settlement

25    Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order

26    and stating that the mailings have been completed in accordance with the terms of this Order.

27    15.    Within ten (10) calendar days of the Notice Date, the Claims Administrator shall

28    publish the Summary Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in

1   *The Wall Street Journal* and once over the *PR Newswire*. Co-Lead Counsel shall file with the

2   Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the

3   Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been

4   published in accordance with the terms of this Order.

5       16.    The form and content of the Notice, the Proof of Claim, and the Summary Notice,

6   attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the methods set

7   forth herein of notifying the Class of the Settlement and its terms and conditions, meet the

8   requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

9   Securities Exchange Act of 1934, as amended, 15 U.S.C. §78u-4(a)(7), including by the Private

10  Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best

11  notice practicable under the circumstances, and shall constitute due and sufficient notice to all

12  Persons entitled thereto.

13      17.    Any member of the Class who wishes to object to the Settlement, the Plan of

14  Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses

15  must, no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing, file with

16  the Court and serve on counsel (listed below) a written statement of objection in the manner set

17  forth herein and in the Notice. Any member of the Class who objects to the Settlement, the Plan

18  of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses,

19  or who otherwise wishes to be heard regarding the foregoing, may appear in person or by his, her,

20  or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and present

21  evidence or argument that may be proper or relevant; *provided, however*, that no Person other

22  than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other

23  documents submitted by any Person shall be considered by the Court unless, within fourteen (14)

24  calendar days prior to the Settlement Fairness Hearing, such Person files with the Court and

25  serves upon counsel listed below:  (1) a written notice of intention to appear containing the

26  Person's name, address, telephone number and signature; (2) a statement of such Person's

27  objection(s) to any matters before the Court concerning this Settlement; (3) the grounds or the

28  reasons that such Person desires to appear and be heard, as well as all documents or writings such

1  Person desires the Court to consider; (4) whether that Person intends to present any witnesses;

2  and (5) proof of the Person's membership in the Class, which proof shall include the Person's

3  purchase(s)/acquisition(s) of Marvell securities, including the type and amount of Marvell

4  securities purchased/acquired, the dates of such purchase(s)/acquisition(s), and the price(s)

5  received for any sale, and whether such Person continues to hold such Marvell securities at the

6  time the statement of objection is served.   Such filings shall be served upon the Court and the

7  following counsel:

8  ***Co-Lead Counsel for Lead Plaintiffs and the Class:***
   Michael K. Yarnoff

9  John A. Kehoe
   **BARROWAY TOPAZ KESSLER**

10     **MELTZER & CHECK, LLP**
   280 King of Prussia Road

11  Radnor, PA  19087

12  Joseph C. Kohn
   Denis F. Sheils

13  **KOHN, SWIFT & GRAF, P.C.**
   One South Broad Street, Suite 2100

14  Philadelphia, PA  19107

15  ***Counsel for Defendant Marvell Technology Group Ltd.:***

16  Steven M. Schatz
   Rodney G. Strickland, Jr.

17  **WILSON SONSINI GOODRICH**
      **& ROSATI PC**

18  650 Page Mill Road
   Palo Alto, CA  94304-1050

19

20  ***Counsel for Defendant Sehat Sutardja:***
   John M. Potter

21  Diane Doolittle
   **QUINN EMANUEL URQUHART**

22     **OLIVER & HEDGES, LLP**
   50 California Street, 22nd Floor

23  San Francisco, CA  94111

24  ***Counsel for Defendant Weili Dai:***
   Theodore V. Wells, Jr.

25  Michele Hirshman

26  **PAUL, WEISS, RIFKIND,**
      **WHARTON & GARRISON LLP**

27  1285 Avenue of the Americas
   New York, NY  10019

28

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT                          6                    CASE NO.: C-06-06286 RMW

1    **_Counsel for Defendant George Hervey:_**
   Daniel J. Bergeson

2    Caroline McIntyre

3    **BERGESON, LLP**
   303 Almaden Blvd., Suite 500

4    San Jose, CA 95110-2712

5        18.   Any Person falling within the definition of the Class may, upon request, be

6 excluded from the Class. Any such Person must submit to the Claims Administrator a request for

7 exclusion ("Request for Exclusion") no later than fourteen (14) calendar days prior to the date of

8 the Settlement Fairness Hearing. A Request for Exclusion must be signed by the Person

9 requesting exclusion and: (1) state the name, address, and telephone number of the Person

10 requesting exclusion; (2) identify the Person's purchase(s)/acquisition(s) of Marvell securities

11 during the Class Period and any sale(s) thereof, including the dates, the number of shares, and

12 price(s) received per share for each such sale; and (3) state that the Person wishes to be excluded

13 from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner

14 set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not

15 share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or

16 by the Order and Final Judgment.

17        19.   Any Class Member who wishes to participate in the Net Settlement Fund must

18 submit a valid Proof of Claim to the Claims Administrator, to the address indicated in the Notice,

19 postmarked no later than one hundred and twenty (120) calendar days following the Notice Date.

20 Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have

21 been submitted when postmarked, if mailed by first class, or registered or certified mail, with

22 postage prepaid and addressed in accordance with the instructions given in the Proof of Claim.

23 All other Proofs of Claim shall be deemed to have been submitted at the time they are actually

24 received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a

25 manner that permits the Claims Administrator to determine the eligibility of the claim as set forth

26 in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in

27 the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As

28 part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT              7                CASE NO.: C-06-06286 RMW

1    respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in

2    the Stipulation) agree and enter into the release as provided in the Stipulation.   All Class

3    Members who do not submit valid and timely Proofs of Claim shall be forever barred from

4    receiving any payments from the Net Settlement Fund, but will in all other respects be subject to

5    and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered,

6    whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such

7    Persons request exclusion from the Class in a timely and proper manner, as provided herein.

8          20.    If this Settlement, including any amendment made in accordance with the

9    Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever,

10   the Settlement (including any modification thereof) made with the consent of the Parties as

11   provided for in the Stipulation, and any actions taken or to be taken in connection therewith

12   (including this Order, the certification of a settlement Class, and any judgment entered herein),

13   shall be terminated and shall become void and of no further force and effect except as set forth in

14   the Stipulation.  Notwithstanding the foregoing, the allowance or disallowance of any application

15   for attorneys' fees and expenses are not part of the Settlement and will be considered by the Court

16   separately from the Court's consideration of the fairness, reasonableness, and adequacy of the

17   Settlement.  The actual fee and expense award to be approved by the Court is not a settlement

18   term and will not be grounds for terminating the proposed Settlement.

19         21.    All proceedings in the Action, other than such proceedings as may be necessary to

20   carry out the terms and conditions of the Settlement, are hereby stayed and suspended until

21   further order of this Court.   Pending final determination whether the Settlement should be

22   approved, Lead Plaintiffs and all members of the Class are barred and enjoined from

23   commencing, prosecuting, continuing, or asserting any action or any claims against the Released

24   Parties that are or relate in any way to the Released Claims as defined in the Stipulation.

25         22.    The contents of the Settlement Fund held by the Escrow Agents shall be deemed

26   and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of

27   the Court, until such time as the contents of those funds shall be distributed pursuant to the

28   Stipulation and/or further order(s) of the Court.

23.   This Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other Person, has or has not suffered any damage.  The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24.   All motions and papers in support of the Settlement and Plan of Allocation, and any application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses, shall be filed and served no later than twenty-one (21) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.   The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

26.   The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the release provided for in the Stipulation.

27.   The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms of the Stipulation is approved.  No Person who is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

1    28.    The Court may, for good cause, extend any of the deadlines set forth in this order

2  without further notice to Class Members.

3        SIGNED this _____ day of _____ 2009.

4

5                                    _____
                                    **THE HONORABLE RONALD M. WHYTE**
                                    **UNITED STATES DISTRICT JUDGE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A(1)

1

2  Michael K. Yarnoff (admitted *Pro Hac Vice*)
   John A. Kehoe (admitted *Pro Hac Vice*)
3  Bharati O. Sharma
   **BARROWAY TOPAZ KESSLER**
4  **MELTZER & CHECK, LLP**
   280 King of Prussia Road
5  Radnor, PA  19087
   Telephone: (610) 667-7706
6  Facsimile:  (610) 667-7056
   myarnoff@btkmc.com
7  jkehoe@btkmc.com
   bsharma@btkmc.com
8  *Co-Lead Counsel*

9  Joseph C. Kohn (admitted *Pro Hac Vice*)        Joseph J. Tabacco, Jr. (Bar No. 75484)
   Denis F. Sheils (admitted *Pro Hac Vice*)       Nicole Lavallee (Bar No. 165755)
10 William E. Hoese (admitted *Pro Hac Vice*)      Julie J. Bai (Bar No. 227047)
   **KOHN, SWIFT & GRAF, P.C.**                    **BERMAN DeVALERIO**
11 One South Broad Street, Suite 2100             425 California Street, Suite 2025
   Philadelphia, PA  19107                         San Francisco, CA  94104
12 Telephone: (215) 238-1700                       Telephone: (415) 433-3200
   Facsimile:  (215) 238-1968                      Facsimile:  (415) 433-6382
13 jkohn@kohnswift.com                             jtabacco@bermandevalerio.com
   dsheils@kohnswift.com                           nlavallee@bermandevalerio.com
14 whoese@kohnswift.com                            jbai@bermandevalerio.com

15 *Co-Lead Counsel*                               *Liaison Counsel*
   [Additional counsel appear on signature page]
16

17

18                       **UNITED STATES DISTRICT COURT**
                         **NORTHERN DISTRICT OF CALIFORNIA**
19                              **SAN JOSE DIVISION**

20                                                 Master File No. C-06-06286 RMW
   In re Marvell Technology Group Ltd.
21 Securities Litigation                           **CLASS ACTION**

22 ————————————————————

23 THIS DOCUMENT RELATES TO:                       **NOTICE OF PENDENCY OF**
                                                   **CLASS ACTION AND PROPOSED**
24 All Actions                                     **SETTLEMENT, MOTION FOR**
                                                   **ATTORNEYS' FEES AND**
25                                                 **LITIGATION EXPENSES, AND**
                                                   **SETTLEMENT FAIRNESS HEARING**
26

27

28

1

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT,
MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES,
AND SETTLEMENT FAIRNESS HEARING**

2

3    *IF YOU PURCHASED OR ACQUIRED MARVELL TECHNOLOGY GROUP LTD. SECURITIES*

4    *BETWEEN FEBRUARY 27, 2003 AND OCTOBER 2, 2006, INCLUSIVE (THE "CLASS"), YOU*

5    *COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

6        *A federal court authorized this Notice. This is not a solicitation from a lawyer.*

7        **Securities and Time Period:**   Marvell Technology Group Ltd. ("Marvell" or the

8    "Company") securities purchased or acquired between February 27, 2003 and October 2, 2006,

9    inclusive (the "Class Period").

10        **Settlement Amount and Statement of Recovery:**  The proposed Settlement consists of

11    $72,000,000 in cash (the "Settlement Amount").   The Class will also receive interest on the

12    Settlement Amount (the "Settlement Fund").  Based on Lead Plaintiffs' estimate of the number of

13    shares of Marvell common stock entitled to participate in the Settlement,[1] and assuming that all

14    such shares entitled to participate do so, Lead Plaintiffs estimate that the average recovery per

15    damaged share of Marvell common stock would be approximately $0.19 per share before

16    deduction of Court-awarded attorneys' fees and litigation expenses and payments that would be

17    paid to damaged purchasers of Marvell options[2] during the Class Period. **Please Note: This**

18    **average is only an estimate, and is before deduction of Court-approved fees and expenses.**

19    A Class Member's actual recovery will depend on: (1) the number of claims filed; (2) when Class

20    Members purchased and/or acquired their Marvell securities during the Class Period; (3) whether

21    Class Members either sold their Marvell securities during the Class Period, or held their Marvell

22    securities past the end of the Class Period; (4) administrative costs, including the costs of notice,

23    for the Action; and (5) the amount awarded by the Court for attorneys' fees, costs, and expenses.

24    Distributions to Class Members will be made based on the Plan of Allocation set forth in this

25

26    [1]  Lead Plaintiffs estimate that approximately 374 million shares of Marvell common stock were
purchased and/or acquired and **potentially damaged** during the Class Period.

27

28    [2]   The total payout for damaged purchasers of Marvell options will not exceed 8% of the Net
Settlement Fund. *See* the Plan of Allocation on page __.

NOTICE OF PENDENCY OF CLASS ACTION
AND PROPOSED SETTLEMENT                    1                    CASE NO.: C-06-06286 RMW

1 Notice. *See* the Plan of Allocation on pages ___-___.

2 **The Lawsuit:** The Settlement resolves class action litigation over whether Marvell and

3 certain of the Company's officers and directors, Sehat Sutardja, Weili Dai and George Hervey

4 (collectively, the "Defendants") violated the federal securities laws by making materially false

5 and misleading statements and omissions regarding the Company's stock option practices and

6 their effect on Marvell's financial statements. *See* Question ___ below for more information.

7 **Attorneys' Fees and Litigation Expenses:** Co-Lead Counsel have litigated this Action

8 on a contingent basis and have conducted this litigation and advanced the expenses of litigation

9 with the expectation that if they were successful in recovering money for the Class, they would

10 receive fees and be reimbursed for their litigation expenses from the Settlement Fund, as is

11 customary in this type of litigation. Court-appointed Co-Lead Counsel will apply to the court for

12 attorneys' fees not to exceed 20.5% of the Settlement Amount and reimbursement of litigation

13 expenses not to exceed $325,000, plus interest on both amounts, all to be paid from the

14 Settlement Fund. If the above amounts are requested and approved by the Court, the average cost

15 per share of common stock will be $0.04. **Please note that this amount is only an estimate.**

16 **Deadlines:**

17 Submit Proof of Claim: _____
   Request Exclusion: _____
18 File Objection: _____

19 **Court Hearing on Fairness of Settlement:** _____

20 **More Information:**

21 Claims Administrator:                     Co-Lead Counsel:

22 Epiq Systems                              Michael K. Yarnoff, Esq.
   P.O. Box 5270                             John A. Kehoe, Esq.
23 Portland, OR 97208-5270                   **Barroway Topaz Kessler**
   (877) 271-1389                              **Meltzer & Check, LLP**
24                                           280 King of Prussia Road
                                             Radnor, PA 19087
25                                           Telephone: (610) 667-7706

26                                           Joseph C. Kohn, Esq.
                                             Denis F. Sheils, Esq.
27                                           **Kohn, Swift & Graf, P.C.**
                                             One South Broad Street, Suite 2100
28                                           Philadelphia, PA 19107
                                             Telephone: (215) 238-1700

1   • Your legal rights are affected whether you act or do not act. Please read this Notice

2   carefully.

### The Circumstances of the Settlement

4   Those Defendants that have responded to the allegations have denied and continue to deny

5   each and every allegation of liability made against them in this Lawsuit. Those Defendants

6   expressly have denied and continue to deny all charges of wrongdoing or liability against them

7   arising out of the conduct, statements, acts or omissions alleged, or that could have been alleged,

8   in this Lawsuit. Defendants assert that they have meritorious defenses to those claims and that

9   judgment should be entered dismissing all claims against them with prejudice. Nonetheless,

10  Defendants have concluded that further conduct of the Lawsuit would be protracted and

11  expensive, and that it is desirable that the Lawsuit be fully and finally settled in the manner and

12  upon the terms set forth in the Stipulation and Settlement. The Defendants have thus entered into

13  the Stipulation and Settlement without admitting any wrongdoing or liability whatsoever.

14  The principal reason for Lead Plaintiffs' consent to the Settlement is to provide an

15  immediate benefit to the Class. This benefit must be compared to the risk that a lesser recovery,

16  or even no recovery at all, might be achieved after contested motions, a trial and likely appeals,

17  possibly years into the future. While Co-Lead Counsel believe their claims would survive a

18  motion for summary judgment and ultimately result in a verdict for the Class, they also recognize

19  that a trial is a risky proposition and that Lead Plaintiffs and the Class might not prevail on all

20  their claims. The claims advanced by the Class involve numerous complex legal and factual

21  issues, including issues pertaining to the Company's historical stock option granting practices and

22  the proper accounting treatment, which would require voluminous discovery and extensive expert

23  discovery and testimony, and would add considerably to the expenses and duration of the

24  litigation. If the Action were to proceed, Lead Plaintiffs would have to overcome significant

25  defenses to scienter, causation and damages. Lead Plaintiffs also face the risk that the Class

26  would not be certified as plead. The parties disagree about: (1) the method for determining

27  whether the securities of Marvell traded at artificially inflated prices during the relevant period;

28  (2) the amount of any such inflation; (3) the extent that various facts alleged by Lead Plaintiffs

influenced the trading price of Marvell securities during the relevant period; (4) whether the Defendants acted with scienter and are liable under the federal securities laws; and (5) the length of the Class Period.  If the Action went to trial, the extent of Defendants' liability, to the extent a jury found them liable, and the measure of the Class' damages, would be contested.   This Settlement therefore enables the Class to recover $72,000,000 without incurring any additional risk or costs. As a result, Lead Plaintiffs believe this Settlement is a fair, reasonable, and adequate recovery for the Class.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM** ............The only way to receive a payment from the Settlement Fund.

**EXCLUDE YOURSELF** .....Receive no payment from the Settlement Fund.  This is the only option that allows you to participate in another lawsuit against the Defendants or the Released Parties concerning the Released Claims.

**OBJECT**...............................You may write to the Court if you do not like this Settlement, the Plan of Allocation, or Co-Lead Counsel's request for attorneys' fees and litigation expenses.

**GO TO A HEARING**...........You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING** .....................Receive no payment from the Settlement Fund and give up your rights with regard to the claims in this lawsuit.

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.  Please note the date of the Settlement Fairness Hearing – currently scheduled for _____ __, 2009 – is subject to change without further notice.  If you plan to attend the hearing, you should check the website, www._____.com, or with Co-Lead Counsel as set forth above to be sure that no change to the date and time of the hearing has been made.

- The Court in charge of this Action still has to decide whether to approve the Settlement.  Payments will be made to Class Members if the Court approves the Settlement and that approval is upheld if any appeals are filed.  Please be patient.

BASIC INFORMATION                                                     **PAGE**

1.  Why did I receive this Notice package? ...................................................................

2.  What is this lawsuit about? ....................................................................................

3.  Why is this Action a class action? ...........................................................................

4.  Why is there a settlement? ....................................................................................

5.  How do I know if I am part of the Settlement? ..........................................................

6.  What are the exceptions to being included? .............................................................

7.  I am still not sure if I am included? ........................................................................

8.  What does the Settlement provide? .........................................................................

9.  How much will my payment be? .............................................................................

10. How will I receive a payment? ...............................................................................

11. When will I receive my payment? ...........................................................................

12. What am I giving up by staying in the Class? ............................................................

13. How do I exclude myself from the Settlement? ..........................................................

14. If I do not exclude myself, can I sue the Defendants for the same thing later? .............

15. If I exclude myself, can I receive a payment from this Settlement? ...............................

16. Do I have a lawyer in this case? .............................................................................

17. How will the lawyers be paid? ................................................................................

18. How do I tell the Court that I do not like the Settlement? ...........................................

19. What is the difference between objecting and excluding? ............................................

20. When and where will the Court decide whether to approve the Settlement? ..................

21. Do I have to come to the Settlement Fairness Hearing? ...............................................

22. May I speak at the Settlement Fairness Hearing? .......................................................

23. What happens if I do nothing at all? ........................................................................

24. Are there more details about the Settlement? ...........................................................

Special Notice to Securities Brokers and other Nominees .................................................

**BASIC INFORMATION**

**1.     Why Did I Receive This Notice Package?**

You or someone in your family may have purchased or acquired Marvell securities between February 27, 2003 and October 2, 2006, inclusive.

If this description applies to you, you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to receive them.

**2.     What Is This Lawsuit About?**

On or after October 5, 2006, four securities class actions were filed in the United States District Court for the Northern District of California against Marvell and certain of the Company's officers and directors.  These actions were consolidated by Stipulation and Order dated February 7, 2007.  By the same Order, the Court appointed Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System as Lead Plaintiffs to prosecute the Action on behalf of the Class, and appointed Lead Plaintiffs' choice of counsel, Barroway Topaz Kessler Meltzer & Check, LLP (formerly, Schiffrin Barroway Topaz & Kessler, LLP) and Kohn, Swift & Graf, P.C. as lead counsel ("Co-Lead Counsel") and Berman DeValerio (formerly, Berman DeValerio Pease Tabacco Burt & Pucillo) as liaison counsel ("Liaison Counsel") for the Class.

On August 16, 2007, Lead Plaintiffs filed the Consolidated Class Action Complaint (the "Complaint"), asserting claims under Sections 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and the rules and regulations promulgated thereunder, including Rule 10b-5, against the Defendants.[3]  The Complaint alleged, among other things, that

---

[3]   John M. Cioffi was also named as a defendant in the Complaint, but was subsequently dismissed and is no longer a defendant in the Action.

1    during the Class Period Defendants improperly backdated certain of the Company's stock option

2    grants and made materially false and misleading statements to the public concerning the

3    Company's financial results and accounting for stock options.  Lead Plaintiffs further alleged that,

4    as a direct result of Defendants' improper stock option practices, the financial statements that

5    Marvell disseminated during the Class Period materially understated the Company's

6    compensation expenses and materially overstated the Company's reported earnings.  Lead

7    Plaintiffs alleged that, as a result of Defendants' material misrepresentations, Marvell securities

8    were purchased at artificially inflated prices throughout the Class Period.

9        Defendants moved to dismiss the Complaint beginning on October 18, 2007.  Shortly

10   thereafter, on November 14, 2007, the parties engaged in their first of two formal mediations

11   before a retired United States District Judge in an attempt to resolve the Action.  The parties did

12   not reach an agreement at the November 14, 2007 mediation, and opted to continue litigating the

13   Action.

14       After the parties fully briefed Defendants' motions to dismiss, the Court, by Order dated

15   September 29, 2008, granted in part and denied in part the motions to dismiss filed by Marvell,

16   Sehat Sutardja, Weili Dai and George Hervey, and granted the motion to dismiss filed by John M.

17   Cioffi in its entirety.  On January 12, 2009, Defendants answered the Complaint.

18       On March 2, 2009, the parties participated in a second formal mediation.  Although they

19   did not reach an agreement at the March 2, 2009 mediation, the parties continued their intensive

20   negotiations telephonically, through the mediator, ultimately reaching a tentative agreement to

21   settle the Action for a cash payment of $72,000,000.  Thereafter, the parties negotiated the terms

22   of their proposed settlement and executed a Stipulation and Agreement of Settlement on June 9,

23   2009 (the "Stipulation").

24       **3.     Why Is This Action a Class Action?**

25       In a class action, one or more people called class representatives (in this case the court-

26   appointed lead plaintiffs, Police and Fire Retirement System of the City of Detroit, Monte Paschi

27

28

Asset Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System (collectively, the "Lead Plaintiffs")) sue on behalf of individuals and entities who have similar claims. All of these individuals and entities who have similar claims are referred to collectively as a Class, or individually as a Class Member. One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement. The United States District Court for the Northern District of California, the Honorable Ronald M. Whyte, is in charge of this Action.

**4. Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, in order to avoid the risks and costs of further litigation and trial, all Parties agreed to a settlement. As explained above, Lead Plaintiffs and their attorneys believe the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

**5. How Do I Know if I Am Part of the Settlement?**

The Class includes: all those who purchased and acquired Marvell securities between February 27, 2003 and October 2, 2006, inclusive, *except those persons and entities that are excluded, as described below.*

**6. What Are the Exceptions to Being Included?**

Excluded from the Class are (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of Marvell during the Class Period; (iv) any firm, trust, corporation, officer or other entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth herein.

**7.     I Am Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can call the Claims Administrator, Epiq Systems, at 1-877-271-1389, for more information.  Or you can fill out and return the Proof of Claim and Release form described in Question __, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU RECEIVE**

**8.     What Does the Settlement Provide?**

Defendants have agreed to create a $72,000,000 cash settlement fund.  The balance of this fund, after payment of court-approved attorneys' fees and litigation expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing notice (the "Net Settlement Fund"), will be divided among all Class Members who submit timely and valid Proof of Claim and Release forms.

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

**9.     How Much Will My Payment Be?**

The proposed Plan of Allocation provides for distribution of the Net Settlement Fund to Authorized Claimants as follows:

Each person or entity claiming to be an Authorized Claimant shall be required to submit a separate Proof of Claim and Release form ("Proof of Claim") signed under penalty of perjury and supported by such documents as specified in the Proof of Claim as are reasonably available to the Authorized Claimant. If you are entitled to a payment, your share of the Net Settlement Fund will depend on the number of valid Proofs of Claim that Class Members submit, the amount and type of Marvell securities you purchased and/or acquired during the Class Period, and when you purchased/acquired and sold your Marvell securities. By following the Plan of Allocation described herein, you can calculate your "Recognized Claim." The Claims Administrator will distribute the Net Settlement Fund according to the Plan of Allocation after the deadline for submission of Proofs of Claim has passed.

All Proofs of Claim must be postmarked or received by _____, **2009**, addressed as follows:

*In re Marvell Technology Group Ltd. Securities Litigation*
c/o Epiq Systems
Claims Administrator
P.O. Box 5270
Portland, OR 97208-5270

Unless otherwise ordered by the Court, any Class Member who fails to submit a properly completed and signed Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will in all other respects be subject to the provisions of the Stipulation and the final judgment entered by the Court.

The Net Settlement Fund will be distributed to Authorized Claimants pursuant to the terms of the Plan of Allocation described below. An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member has a net loss, after all profits from transactions in Marvell securities during the Class Period are subtracted from all losses. However, the proceeds from sales of securities which have been matched against securities held at the beginning of the Class Period will not be used in the calculation of such net loss.

The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date. All profits will be subtracted from all losses to determine the net Recognized Claim of each Class Member. For Class Members who held the securities of Marvell at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a Recognized Claim. Under the FIFO method, sales during the Class Period will be matched, in chronological order, first against your holdings at the beginning of the Class Period and thereafter, in chronological order, against subsequent purchases and/or acquisitions during the Class Period.

## I.    THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM

An Authorized Claimant's total "Recognized Claim" shall constitute the sum of such claimant's "Recognized Claims" for each of the classes of Marvell securities set forth below:

## A.   Marvell Common Stock

(i)     For each share of Marvell common stock purchased or otherwise acquired during the Class Period that an Authorized Claimant sold prior to May 22, 2006, the Authorized Claimant shall have no Recognized Claim.

(ii)    For each share of Marvell common stock purchased or otherwise acquired during the Class Period, which an Authorized Claimant sold between May 22, 2006 and October 2, 2006, the Recognized Claim per share shall be equal to **the lesser of** (a) the difference between (x) purchase price paid per share (excluding commissions) and (y) the proceeds received on sale per share (excluding commissions) **or** (b) the estimated economic loss per share, as calculated in Figure 1 below.

(iii)   For each share of Marvell common stock purchased or otherwise acquired during the Class Period, which an Authorized Claimant sold between October 3, 2006 and December 29, 2006, the Recognized Claim per share shall be equal to **the lesser of** (a) the difference between (x) purchase price paid per share (excluding commissions) and (y) the price per share on the sale date listed in Figure 2 **or** (b) the estimated economic loss per share, as calculated in Figure 1 below.

(iv)    For each share of Marvell common stock purchased or otherwise acquired during the Class Period, which an Authorized Claimant **did not sell by** the close of trading on December 29, 2006, the Recognized Claim per share shall be equal to **the lesser of** (a) the difference between (x) purchase price paid per share (excluding commissions) and (y) $18.86 **or** (b) the estimated economic loss per share, as calculated in Figure 1 below.

### Figure 1: Economic Loss Per Share

| Purchase Date | Sale Date | | | |
| --- | --- | --- | --- | --- |
| | 2/27/03 - 5/19/06 | 5/22/06 - 7/3/06 | 7/5/06 - 10/2/06 | 10/3/06 and After* |
| 2/27/03 - 5/19/06 | | $ 1.37 | $ 2.47 | $ 3.45 |
| 5/22/06 - 7/3/06 | | | 1.10 | 2.08 |
| 7/5/06 - 10/2/06 | | | | 0.98 |
| * Also applies to shares purchased during the Class Period and never sold | | | | |

**Figure 2: Statutory Sale Prices for Marvell Common Stock (10/3/06 – 12/29/06)**

| Date | Price | Date | Price | Date | Price | Date | Price |
|------|-------|------|-------|------|-------|------|-------|
| 10/3/06 | $ 16.80 | 10/25/06 | $ 17.03 | 11/16/06 | $ 17.78 | 12/11/06 | $ 18.66 |
| 10/4/06 | $ 16.61 | 10/26/06 | $ 17.02 | 11/17/06 | $ 17.82 | 12/12/06 | $ 18.69 |
| 10/5/06 | $ 16.71 | 10/27/06 | $ 17.05 | 11/20/06 | $ 17.91 | 12/13/06 | $ 18.71 |
| 10/6/06 | $ 16.78 | 10/30/06 | $ 17.08 | 11/21/06 | $ 17.97 | 12/14/06 | $ 18.74 |
| 10/9/06 | $ 16.84 | 10/31/06 | $ 17.13 | 11/22/06 | $ 18.05 | 12/15/06 | $ 18.76 |
| 10/10/06 | $ 16.91 | 11/1/06 | $ 17.17 | 11/24/06 | $ 18.12 | 12/18/06 | $ 18.78 |
| 10/11/06 | $ 17.01 | 11/2/06 | $ 17.22 | 11/27/06 | $ 18.17 | 12/19/06 | $ 18.80 |
| 10/12/06 | $ 17.06 | 11/3/06 | $ 17.27 | 11/28/06 | $ 18.22 | 12/20/06 | $ 18.82 |
| 10/13/06 | $ 17.09 | 11/6/06 | $ 17.32 | 11/29/06 | $ 18.27 | 12/21/06 | $ 18.83 |
| 10/16/06 | $ 17.18 | 11/7/06 | $ 17.40 | 11/30/06 | $ 18.33 | 12/22/06 | $ 18.84 |
| 10/17/06 | $ 17.20 | 11/8/06 | $ 17.46 | 12/1/06 | $ 18.37 | 12/26/06 | $ 18.84 |
| 10/18/06 | $ 17.19 | 11/9/06 | $ 17.49 | 12/4/06 | $ 18.42 | 12/27/06 | $ 18.85 |
| 10/19/06 | $ 17.17 | 11/10/06 | $ 17.53 | 12/5/06 | $ 18.46 | 12/28/06 | $ 18.86 |
| 10/20/06 | $ 17.16 | 11/13/06 | $ 17.59 | 12/6/06 | $ 18.52 | 12/29/06 | $ 18.86 |
| 10/23/06 | $ 17.11 | 11/14/06 | $ 17.66 | 12/7/06 | $ 18.57 | | |
| 10/24/06 | $ 17.06 | 11/15/06 | $ 17.72 | 12/8/06 | $ 18.62 | | |

**B.     Marvell Call Options**

(i)     The Recognized Claim for each call option contract on Marvell common stock purchased or otherwise acquired during the Class Period shall be twenty-five percent (25%) of the lesser of (x) the difference between (a) the amount paid per call option contract and (b) the sale price received per option contract received when said call options were subsequently sold (if the option expired worthless while still owned by the Authorized Claimant, the sales price shall be deemed to be zero ($0.00)) **or** (y) the estimated economic loss per share for all shares covered by the call option contract, as calculated in Figure 1 above.

(ii)     Shares of Marvell common stock acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Recognized Claim arising from such transaction shall be computed as provided for other purchases of Marvell common stock, as set forth above.

C.    **Marvell Put Options**

(i)    The Recognized Claim for each put option contract on Marvell common stock sold or written during the Class Period shall be twenty-five percent (25%) of the lesser of (x) the difference between (a) the amount received per put option contract and (b) the purchase price paid per put option contract when said put options were subsequently repurchased at any time (including after the Class Period) **or** (y) the estimated economic loss per share for all shares covered by the call option contract, as calculated in Figure 1 above. For put options sold or written during the Class Period that expired worthless and unexercised, the Authorized Claimant's Recognized Claim shall be zero ($0.00).

(ii)    For Marvell put options that were sold or written during the Class Period that were "put" to the Authorized Claimant (*i.e.* exercised) at any time, the Authorized Claimant's Recognized Claim shall be calculated as a purchase of Marvell common stock, and as if the sale of the put option were instead a purchase of Marvell common stock on the date of the sale or writing of the put option, and the "purchase price paid" shall be the strike price of the put option less the proceeds received from the sale or the put option.

The total recovery payable to Authorized Claimants from transactions in call and put options shall not exceed 8% of the Net Settlement Fund.

The Released Parties do not have any responsibility or liability with respect to claims administration, the management, investment or distribution of the Settlement Fund, or the Plan of Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement if approved by the Court. The Plan of Allocation may be modified in connection with, among other things, a ruling by the Court, or an objection filed by a Class Member, without further notice to the Class.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to

1    Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis

2    upon which the Net Settlement Fund will be proportionately allocated to the Authorized

3    Claimants. No distribution will be made on a claim where the potential distribution amount is

4    $10.00 or less in cash.

5        Each Authorized Claimant shall be paid the percentage that each Authorized Claimant's

6    claim bears to the total of the claims of all Authorized Claimants. The Court has reserved

7    jurisdiction to allow, disallow, or adjust the claim of any Class Member. Each claimant is deemed

8    to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the

9    claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure,

10   provided that such investigation and discovery shall be limited to the claimant's status as a Class

11   Member and the validity and amount of the claimant's claim under the Plan of Allocation. No

12   discovery shall be allowed on the merits of the Action.

13       Payments will be final and conclusive against all Class Members. All Class Members

14   whose claims are not approved by the Court will be barred from participating in distributions

15   from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement,

16   including the terms of the Order and Final Judgment to be entered in the Action and will be

17   barred from bringing any Released Claim against any Released Parties, including Unknown

18   Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the

19   Stipulation, which is available on the Internet at www._____.com, or through the mail

20   upon request).

21          **HOW YOU RECEIVE A PAYMENT – SUBMITTING A CLAIM FORM**

22       **10.    How Will I Receive a Payment?**

23       To qualify for payment, you must be an eligible Class Member and you must submit a

24   Proof of Claim. A Proof of Claim is enclosed with this Notice. Read the instructions carefully,

25   fill out the Proof of Claim, include all the documents requested, sign it, and mail it in an envelope

26   postmarked no later than _____, 2009. Please retain a copy of everything you mail, in case

27   the materials are lost or destroyed during shipping.

28

1

**11.   When Will I Receive My Payment?**

2   The Court will hold a hearing on _____, 2009, to decide whether to approve

3 the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain

4 whether appeals, if any, can be resolved, and resolving them can take time, perhaps several years.

5 In addition, the Claims Administrator must process all of the Proofs of Claim. The processing is

6 complicated and will take many months. Please be patient.

7

**12.   What Am I Giving Up By Staying in the Class?**

8   Unless you exclude yourself, you are staying in the Class, and that means that you cannot

9 sue, continue to sue, or be part of any other lawsuit against the Defendants or the Released Parties

10 about the Released Claims. It also means that all of the Court's orders will apply to you and

11 legally bind you, and you will release your claims in this Action against the Defendants. The

12 terms of the release are included in the Proof of Claim that is enclosed.

13

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

14   If you do not want a payment from this Settlement, but you want to keep the right to sue

15 or continue to sue the Defendants on your own about the same claims being released in this

16 Settlement, then you must take steps to exclude yourself from the Settlement. This is referred to

17 as opting out of the Class.

18

**13.   How Do I Exclude Myself from the Settlement?**

19   To exclude yourself from the Settlement, you must send a letter by mail stating that you

20 want to be excluded from the Settlement in *In re Marvell Technology Group Ltd. Securities*

21 *Litigation*, Master File No. C-06-06286 RMW. You must include your name, address, telephone

22 number, signature, and information concerning your purchase(s) and acquisition(s) of Marvell

23 securities during the Class Period, including the amount and type of Marvell securities and the

24 dates of each purchase, acquisition and sale of Marvell securities. You must mail your exclusion

25 request so that it is received no later than _____, 2009 to:

26

27

28

*In re Marvell Technology Group Ltd. Securities Litigation*
c/o Epiq Systems
**Claims Administrator**
**P.O. Box 5270**
**Portland, OR 97208-5270**

1    Please keep a copy of everything you send by mail, in case it is lost or destroyed during

2    shipping.

3    You cannot exclude yourself over the phone or by e-mail. If you ask to be excluded from

4    the Settlement, you are not eligible to receive any payment from the Net Settlement Fund, and

5    you cannot object to the Settlement. You will not be legally bound by anything that happens in

6    this lawsuit and you will be able to pursue the claims that are being released in this Settlement.

7    **14.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing**

8    **Later?**

9    No. Unless you exclude yourself, you give up any right to sue the Defendants or the

10   Released Parties for the claims being released by this Settlement. If you have a pending lawsuit

11   relating to the claims being released in this Action against any of the Defendants, speak to your

12   lawyer in that case immediately. Remember, the exclusion deadline is _____, 2009.

13   **15.    If I Exclude Myself, Can I Receive a Payment from This Settlement?**

14   No. If you exclude yourself, do not send in a Proof of Claim. But, you may sue, continue

15   to sue, or be part of a different lawsuit asserting the claims being released in this Settlement

16   against the Defendants or the Released Parties.

17                          **THE LAWYERS REPRESENTING YOU**

18   **16.    Do I Have a Lawyer in This Case?**

19   The Court appointed the law firms of Barroway Topaz Kessler Meltzer & Check, LLP and

20   Kohn, Swift & Graf, P.C. to represent you and the other Class Members. These lawyers are

21   called Co-Lead Counsel. You will not be individually charged for the services of these lawyers

22   beyond your *pro rata* share of any attorneys' fees and expenses awarded by the Court that will be

23   paid from the Settlement Amount. If you want to be represented by your own lawyer, you may

24   hire one at your own expense.

25   **17.    How Will the Lawyers Be Paid?**

26   Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 20.5% of the

27   Settlement Amount and for reimbursement of their litigation expenses advanced in connection

28   with the Action up to an amount of $325,000, plus interest on both amounts at the same rate as

1   earned by the Settlement Fund. *Such sums as may be approved by the Court will be paid from the*

2   *Settlement Fund.* Class Members are not personally liable for any such fees or expenses.

3        The attorneys' fees and litigation expenses requested will be the only payments to Co-

4   Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this

5   representation on a wholly contingent basis and advancing the money necessary to pursue the

6   Action.   To date, Co-Lead Counsel have not been paid for their services for conducting this

7   Action on behalf of Lead Plaintiffs and the Class or for their substantial litigation expenses.  The

8   fee requested will compensate Co-Lead Counsel for their work in achieving the Settlement and

9   Co-Lead Counsel believe that it is well within the range of fees awarded to class counsel under

10  similar circumstances in other cases of this type.  The Court has discretion, however, award less

11  than this amount.

12  **OBJECTING TO THE SETTLEMENT**

13       You can tell the Court that you do not agree with the Settlement or some part of it.

14      **18.   How Do I Tell the Court that I Do Not Like the Settlement?**

15       If you are a Class Member, you can object to the Settlement if you do not like any part of

16  it.  To object, you must send a letter saying that you object to the Settlement in *In re Marvell*

17  *Technology Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW, and the reasons

18  why you object to the Settlement.  Be sure to include your name, address, telephone number and

19  signature.  You must also include information concerning your purchase(s), acquisition(s) and

20  sale(s) of Marvell securities during the Class Period, including the amount and type of Marvell

21  securities and the dates of each purchase, acquisition and sale of Marvell securities.   Any

22  objection to the Settlement must be received by *each of the following* by _____, 2009:

| COURT | CO-LEAD COUNSEL | MARVELL'S COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court Northern District of California Robert F. Peckham Courthouse & Federal Building 280 South First Street San Jose, CA 95113 | Michael K. Yarnoff, Esq. John A. Kehoe, Esq. **BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP** 280 King of Prussia Road Radnor, PA 19087 <br><br>Joseph C. Kohn, Esq. | Steven M. Schatz, Esq. Rodney G. Strickland, Jr., Esq. **WILSON SONSINI GOODRICH & ROSATI PC** 650 Page Mill Road Palo Alto, CA 94304-1050 |

Denis F. Sheils, Esq.
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street,
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700

**19.   What is the Difference Between Objecting and Excluding?**

Objecting means telling the Court that you do not like something about the Settlement, the Plan of Allocation, or the application for attorneys' fees and litigation expenses, and want the Court to disapprove of the Settlement or modify it in some way. You can object *only if* you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

**20.   When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _:__ __.m., on _____, 2009, at the United States District Court for the Northern District of California, Robert F. Peckham Courthouse & Federal Building, 280 South First Street, San Jose, CA 95113, Courtroom 6. At this hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have requested in writing by _____, **2009** to speak at the hearing. The Court may also consider Co-Lead Counsel's application for attorneys' fees and reimbursement of litigation expenses.

**21.   Do I Have to Come to the Settlement Fairness Hearing?**

No. Co-Lead Counsel will answer any questions Judge Whyte may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection so that it is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

**22.   May I Speak at the Settlement Fairness Hearing?**

Yes, but you must first ask the Court for permission to speak at the Settlement Fairness

Hearing.  To do so, you must send a letter stating your intention to appear in *In re Marvell Technology Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW.  Be sure to include your name, address, telephone number, signature, and also identify the date(s), price(s) and amount(s) of all purchases and acquisitions of Marvell securities you made during the Class Period.  Your notice of intention to appear must be received no later than _____, 2009, and be sent to the Clerk of the Court, Co-Lead Counsel, and Defendants' Counsel, at the addresses listed in Question __.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

### 23.    What Happens if I Do Nothing at All?

If you do nothing, you will receive no money from this Settlement but nonetheless will be bound by its terms.  But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or the Released Parties about the same claims being released in this Settlement.

## OBTAINING MORE INFORMATION

### 24    Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Stipulation and Agreement of Settlement dated June 9, 2009.  All terms used in this Notice shall have the same meanings as in the Stipulation.  You can obtain a copy of the Stipulation or more information about the Settlement by visiting www._____.com or by writing to one of Co-Lead Counsel listed above in Question __.  You can also obtain a copy of the Agreement from the Clerk's office at the United States District Court for the Northern District of California, Robert F. Peckham Courthouse & Federal Building, 280 South First Street, San Jose, California  95113, during regular business hours.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE

## SPECIAL NOTICE TO NOMINEES

If you purchased Marvell securities between February 27, 2003 and October 2, 2006, inclusive as nominee for a beneficial owner, then within ten (10) days after you receive this

1    Notice, you must either: (1) send a copy of the Notice and Proof of Claim by first class mail to all

2    such beneficial owners; or (2) provide a list of the name and addresses of such beneficial owners

3    to the Claims Administrator:

4    ***In re Marvell Technology Group Ltd. Securities Litigation***
      **c/o Epiq Systems**
5    **Claims Administrator**
      **P.O. Box 5270**
6    **Portland, OR 97208-5270**

7       If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

8    Claims Administrator (without cost to you) as many additional copies of these documents as you

9    will need to complete the mailing.

10       Regardless of whether you choose to complete the mailing yourself or elect to have the

11    mailing performed for you, you may obtain reimbursement for reasonable administrative costs

12    actually incurred in connection with forwarding the Notice and Proof of Claim and which would

13    not have been incurred but for the obligation to forward the Notice and Proof of Claim, upon

14    submission of appropriate documentation to the Claims Administrator.

15

16    DATED:_____, 2009       BY ORDER OF THE COURT
      UNITED STATES DISTRICT COURT
17       NORTHERN DISTRICT OF CALIFORNIA

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A(2)

1  Michael K. Yarnoff (admitted *Pro Hac Vice*)
   John A. Kehoe (admitted *Pro Hac Vice*)
2  Bharati O. Sharma
   **BARROWAY TOPAZ KESSLER**
3    **MELTZER & CHECK, LLP**
   280 King of Prussia Road
4  Radnor, PA  19087
   Telephone: (610) 667-7706
5  Facsimile:  (610) 667-7056
   myarnoff@btkmc.com
6  jkehoe@btkmc.com
   bsharma@btkmc.com
7
   *Co-Lead Counsel*
8
   Joseph C. Kohn (admitted *Pro Hac Vice*)          Joseph J. Tabacco, Jr. (Bar No. 75484)
9  Denis F. Sheils (admitted *Pro Hac Vice*)         Nicole Lavallee (Bar No. 165755)
   William E. Hoese (admitted *Pro Hac Vice*)        Julie J. Bai (Bar No. 227047)
10 **KOHN, SWIFT & GRAF, P.C.**                      **BERMAN DeVALERIO**
   One South Broad Street, Suite 2100               425 California Street, Suite 2025
11 Philadelphia, PA  19107                          San Francisco, CA  94104
   Telephone: (215) 238-1700                        Telephone: (415) 433-3200
12 Facsimile:  (215) 238-1968                       Facsimile:  (415) 433-6382
   jkohn@kohnswift.com                              jtabacco@bermandevalerio.com
13 dsheils@kohnswift.com                            nlavallee@bermandevalerio.com
   whoese@kohnswift.com                             jbai@bermandevalerio.com
14
   *Co-Lead Counsel*                                *Liaison Counsel*
15 [Additional counsel appear on signature page]
16
17                        **UNITED STATES DISTRICT COURT**
18                       **NORTHERN DISTRICT OF CALIFORNIA**
                                 **SAN JOSE DIVISION**
19
                                                     Master File No. C-06-06286 RMW
20 In re Marvell Technology Group Ltd.
   Securities Litigation                             **CLASS ACTION**
21
22 ─────────────────────────────                     **PROOF OF CLAIM AND**
                                                     **RELEASE FORM**
23 THIS DOCUMENT RELATES TO:

   All Actions
24
25
26
27
28

### PROOF OF CLAIM AND RELEASE FORM

I.     **GENERAL INSTRUCTIONS**

A.     To recover as a member of the Class based on your claims in the action entitled *In re Marvell Technology Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW (the "Action"), you must complete this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a Proof of Claim by the deadline, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

B.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement Fund created in this Action.

C.     YOU MUST COMPLETE AND SUBMIT YOUR PROOF OF CLAIM VIA MAIL POSTMARKED **ON OR BEFORE** _____, **2009**, ADDRESSED TO THE CLAIMS ADMINISTRATOR AS FOLLOWS:

> ***In re Marvell Technology Group Ltd.  Securities Litigation***
> **c/o Epiq Systems**
> **Claims Administrator**
> **P.O. Box 5270**
> **Portland, OR  97208-5270**

If you are NOT a member of the Class, as defined in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice"), DO NOT submit a Proof of Claim.

D.     If you are a member of the Class (meaning you have not chosen to exclude yourself), you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

II.    **INSTRUCTIONS FOR CLAIMANT IDENTIFICATION SCHEDULE**

A.     If you purchased or acquired Marvell securities between February 27, 2003 and October 2, 2006, inclusive (the "Class"), and held the security(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, the security(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

1    B.      Use Part I of this form entitled "Claimant Identification" to identify each owner of record

2    ("nominee"), if different from the beneficial owner of Marvell securities which form the basis of

3    this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR

4    THE LEGAL REPRESENTATIVE OF SUCH OWNER(S) OF MARVELL SECURITIES

5    UPON WHICH THIS CLAIM IS BASED.

6    C.      All joint purchasers must sign this claim.  Executors, administrators, guardians,

7    conservators and trustees must complete and sign this claim on behalf of persons or entities

8    represented by them and their authority to act must accompany this claim and their titles or

9    capacities must be stated. The Social Security (or taxpayer identification) number and telephone

10    number of the beneficial owner may be used in verifying the claim.  Failure to provide the

11    foregoing information could delay verification of your claim or result in rejection of the claim.

12    **III.    INSTRUCTIONS FOR SCHEDULE OF TRANSACTIONS**

13    A.      In the space provided below, supply all required details of your transaction(s) in Marvell

14    securities. If you need more space, attach separate sheets giving all of the required information in

15    substantially the same form. Sign and print or type your name on each additional sheet.

16    B.      Please provide all of the requested information with respect to *all* of your purchases

17    and/or acquisitions of Marvell securities between February 27, 2003 and October 2, 2006,

18    inclusive, and sales of these Marvell securities, if any, whether such transactions resulted in a

19    profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

20    C.      List each transaction separately and in chronological order, by trade date, beginning with

21    the earliest. You must accurately provide the month, day, and year of each transaction you list.

22    D.      Broker confirmations or other documentation of your transactions in Marvell securities

23    should be attached to your claim. Failure to provide this documentation could delay verification

24    of your claim or result in rejection of your claim.

25    E.      The requests are designed to obtain the minimum amount of information necessary to

26    process the most simple claims. The Claims Administrator may request additional information as

27    required to efficiently and reliably calculate your losses.  In some cases where the Claims

28    Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with

1 | the information provided, the Claims Administrator may condition acceptance of the claim upon
2 | the production of additional information and/or the hiring of an accounting expert at the
3 | claimant's cost.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

*In re Marvell Technology Group Ltd. Securities Litigation*

Master File No. C-06-06286 RMW

PROOF OF CLAIM AND RELEASE

**Must be Postmarked No Later Than:** _____, 2009

**Please Type or Print**

**PART I:**   **CLAIMANT IDENTIFICATION**

| | |
|---|---|
| Beneficial Owner's Name (First, Middle, Last) | |
| Street Address | |
| City | State | Postal / Zip Code |
| Foreign Province | Foreign Country |

Social Security Number or Taxpayer Identification Number (if U.S. Citizen / Resident)

| | | |
|---|---|---|
| Country / Area Code | Telephone Number | (work) |
| Country / Area Code | Telephone Number | (home) |

Record Owner's Name (if different from beneficial owner listed above)

Check One:

| Individual | Corporation |
|---|---|
| Joint Owners | IRA |
| Estate | Other            (specify) |

**PART II:**   **SCHEDULE OF TRANSACTIONS IN MARVELL COMMON STOCK**

    A. **BEGINNING HOLDINGS**: Number of shares of Marvell common stock held at the opening of trading on **February 27, 2003** (If none, write 0) (Must be documented): _____.

    B. **PURCHASES/ACQUISITIONS**: Purchases/Acquisitions of Marvell common stock between **February 27, 2003 and October 2, 2006, inclusive** (Must be documented):

| Date(s) of Purchase / Acquisition (List Chronologically) Month/Day/Year | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Aggregate Cost (excluding commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

**C.  SALES:**  Sales of Marvell common stock between **February 27, 2003 and October 2, 2006, inclusive** (Must be documented).

| Date(s) of Sale (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | $_____ | $_____ |

**D.  UNSOLD HOLDINGS:**  Number of shares of Marvell common stock held at the close of trading on **October 2, 2006** (If none, write 0) (Must be documented): _____.

**PART III:**     **SCHEDULE OF TRANSACTIONS IN CALL OPTIONS ON MARVELL COMMON STOCK**

**A. BEGINNING POSITION:**  At the opening of trading on **February 27, 2003**, I owned the following call options on Marvell common stock (Must be documented):

| Date(s) of Purchase / Acquisition (List Chronologically) Month/Day/Year | Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Purchase / Acquisition Price Per Contract | Amount Paid (excluding commissions, taxes and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/ Day/Year) |
|---|---|---|---|---|---|---|
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |

PROOF OF CLAIM AND RELEASE FORM

5

CASE NO.: C-06-06286 RMW

**B. PURCHASES/ACQUISITIONS:** I made the following purchases/acquisitions of call options on Marvell common stock between **February 27, 2003 and October 2, 2006, inclusive** (Must be documented):

| Date(s) of Purchase / Acquisition (List Chronologically) Month/Day/Year | Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Purchase / Acquisition Price Per Contract | Amount Paid (excluding commissions, taxes and fees) | Insert an "E" if Exercised or an "X" if Expired | Exercise Date (Month/ Day/Year) |
|---|---|---|---|---|---|---|
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |

**C. SALES:** I made the following sales of the above call options on Marvell common stock **(include all such sales no matter when they occurred)** (Must be documented):

| Date(s) of Sale (List Chronologically) Month/Day/Year | Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes and fees) |
|---|---|---|---|---|
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |

**PART IV: <u>SCHEDULE OF TRANSACTIONS IN PUT OPTIONS ON MARVELL COMMON STOCK</u>**

**A. BEGINNING POSITION:** At the opening of trading on **February 27, 2003**, I was obligated on the following put options on Marvell common stock (Must be documented):

| Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/ Day/Year) |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |

B. **SALES (WRITING) OF PUT OPTIONS**:  I wrote (sold) put options on Marvell common stock between **February 27, 2003 and October 2, 2006, inclusive**, as follows (Must be documented):

| Date(s) of Writing (Sale) (List Chronologically) Month/Day/Year | Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Sale Price Per Contract | Amount Received (excluding commissions, taxes and fees) | Insert an "A" if Assigned or an "X" if Expired | Assign Date (Month/ Day/Year) |
|---|---|---|---|---|---|---|
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |
| ___/___/___ | _____ | _____ | $_____ | $_____ | _____ | ___/___/___ |

C. **COVERING TRANSACTIONS (REPURCHASES)**:  I made the following repurchases of the above put options on Marvell common stock **(include all repurchases no matter when they occurred)** (Must be documented):

| Date(s) of Purchase (List Chronologically) Month/Day/Year | Number of Contracts | Expiration Month and Year & Strike Price of Options (*i.e.* May 2003/$40) | Price Paid Per Contract | Amount Paid (excluding commissions, taxes and fees) |
|---|---|---|---|---|
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |
| ___/___/___ | _____ | _____ | $_____ | $_____ |

If you require additional space, attach extra schedules in the same format as above. Copies of broker's confirmations or other documentation evidencing your transactions in Marvell securities should be attached.

YOU MUST READ THE RELEASE BELOW ON PAGE __ AND SIGN IT.  YOU MUST ALSO COMPLETE THE SUBSTITUTE W-9 FORM BELOW.  FAILURE TO PROVIDE THIS INFORMATION OR SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

**SUBSTITUTE W-9 – ALL CLAIMANTS MUST COMPLETE THIS SECTION.**

On the appropriate line, enter the Social Security Number or Employee Identification Number of the claimant whose name will appear on any check and related Form-1099. For individuals, this is your Social Security Number (SSN). For business groups or organizations, this is your Employee Identification Number (EIN).

\_\_\_ \_ \_\_\_ \_ _____      OR      \_\_\_ \_ \_\_\_ \_ _____

Social Security Number (SSN)                 Employee Identification Number (EIN)

By signing this Proof of Claim form, I certify that:

1.  The number shown on this form above is the correct Social Security Number or Employee Identification Number for this claimant;

2.  The claimant is not subject to backup withholding because the claimant: (a) is exempt from backup withholding, or (b) has not been notified by the Internal Revenue Service (IRS) that the claimant is subject to backup withholding as a result of failure to report all interest or dividends, or (c) the IRS has notified the claimant that the claimant is no longer subject to backup withholding; and

3.  The claimant is a US person.

Please Note:  Backup withholding is extra tax withholding that occurs when a taxpayer has underreported interest or dividends in a previous year.  The IRS notifies taxpayers who are subject to backup withholding.  If you (the claimant) have been notified by the IRS that you are subject to backup withholding because you have failed to report all interest and dividends on your tax return, you must cross out item 2 above by placing a line through the section.

**PART V:   SUBMISSION TO JURISDICTION OF COURT AND**

**ACKNOWLEDGEMENTS**

1.      I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California with respect to my claim as a Class Member and for purposes of enforcing the release set forth herein and any Judgment which may be entered in the Action.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any Judgment that may be entered in the Action.

2.      I (We) agree to furnish additional information to the Claims Administrator to support this claim if asked to do so.

**PART VI:    DEFINITIONS AND RELEASE**

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, discharge and release all "Released Claims" against all "Released Parties," including "Unknown Claims," as defined below.

(a)    "Released Parties" means Defendants, their parents, subsidiaries, controlling persons, affiliates, and acquirers, and their respective current and former officers, directors, partners, members, employees, agents, attorneys, advisors, auditors, underwriters, insurers, reinsurers, representatives, heirs, predecessors, successors-in-interest, and assigns.

(b)    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and Unknown Claims (as defined herein), (i) that have been asserted in this Action by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties, or (ii) that could have been asserted in this Action, or in any other action or forum by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which relate to the purchase or acquisition of Marvell securities between February 27, 2003 and October 2, 2006, inclusive.  Released Claims does not include any claims asserted in the derivative action, *In re Marvell Technology Ltd. Derivative Litigation*, Case No. 5:06-cv-03894-RMW, filed on June 22, 2006.

(c)    "Unknown Claims" means any and all Released Claims that Lead Plaintiffs and/or Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his,

1   her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims

2   and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Lead

3   Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have

4   waived, and by operation of the Judgment shall have expressly waived, any and all provisions,

5   rights, and benefits conferred by any law of any state of the United States, or principle of

6   common law or otherwise, which is similar, comparable, or equivalent to California Civil Code §

7   1542, which provides:

8   **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
     CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER**

9   **FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
     KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS**

10  **OR HER SETTLEMENT WITH THE DEBTOR.**

11  Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be

12  deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

13  Released Claims and Settled Defendants' Claims was separately bargained for and was a key

14  element of the Settlement.

15      2.      This release shall be of no force or effect unless and until the Court gives final

16  approval to the Settlement and the Effective Date occurs.

17  **PART VII:    REPRESENTATIONS**

18      1.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

19  purported to assign or transfer, voluntarily or involuntarily, any claim released pursuant to this

20  release or any other part or portion thereof.

21      2.      I (We) hereby warrant and represent that I (we) have included information about

22  all of my (our) purchase(s) and/or acquisition(s) and sale(s) transactions in Marvell securities

23  during the Class Period and the number of shares of Marvell common stock held by me (us) at the

24  opening of trading on February 27, 2003 and the close of trading on October 2, 2006. I (We)

25  agree to furnish additional information to the Claims Administrator if requested to do so to

26  support this claim.

27

28

1    I declare under penalty of perjury under the laws of the State of California and the United

2    States of America that the foregoing information supplied by the undersigned is true and correct

3    and that this Proof of Claim and Release form was executed this _____ day of _____

4    in _____.                              (month, year)

5         (City, State, Country)

6                                             _____

7                                             (Sign your name here)

8

9                                             _____

10                                            (Type or print your name here)

11

12                                            _____

                                              (Capacity of persons signing, e.g., Beneficial
13                                            Purchaser, Executor or Administrator)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ACCURATE CLAIMS PROCESSING TAKES A**

**SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1.  Please sign the Certification section of the Proof of Claim on Page _____.

2.  If this claim is being made on behalf of joint claimants, both must sign.

3.  Remember to attach supporting documentation, if available.

4.  Do not send original stock certificates.

5.  Keep a copy of your Proof of Claim and all documents submitted for your records.

6.  If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

7.  If you move, please send the Claims Administrator your new address.

**These forms and your supporting documentation must be postmarked**

**no later than _____, 2009.**

# EXHIBIT A(3)

1  Michael K. Yarnoff (admitted *Pro Hac Vice*)
   John A. Kehoe (admitted *Pro Hac Vice*)
2  Bharati O. Sharma
   **BARROWAY TOPAZ KESSLER**
3     **MELTZER & CHECK, LLP**
   280 King of Prussia Road
4  Radnor, PA  19087
   Telephone: (610) 667-7706
5  Facsimile:  (610) 667-7056
   myarnoff@btkmc.com
6  jkehoe@btkmc.com
   bsharma@btkmc.com
7
   *Co-Lead Counsel*
8
9  Joseph C. Kohn (admitted *Pro Hac Vice*)      Joseph J. Tabacco, Jr. (Bar No. 75484)
   Denis F. Sheils (admitted *Pro Hac Vice*)       Nicole Lavallee (Bar No. 165755)
10 William E. Hoese (admitted *Pro Hac Vice*)   Julie J. Bai (Bar No. 227047)
   **KOHN, SWIFT & GRAF, P.C.**             **BERMAN DeVALERIO**
11 One South Broad Street, Suite 2100     425 California Street, Suite 2025
   Philadelphia, PA  19107               San Francisco, CA  94104
12 Telephone: (215) 238-1700          Telephone: (415) 433-3200
   Facsimile:  (215) 238-1968           Facsimile:  (415) 433-6382
13 jkohn@kohnswift.com                 jtabacco@bermandevalerio.com
   dsheils@kohnswift.com               nlavallee@bermandevalerio.com
14 whoese@kohnswift.com              jbai@bermandevalerio.com
15 *Co-Lead Counsel*                           *Liaison Counsel*
   [Additional counsel appear on signature page]
16
17               **UNITED STATES DISTRICT COURT**
18           **NORTHERN DISTRICT OF CALIFORNIA**
                    **SAN JOSE DIVISION**
19

20 In re Marvell Technology Group Ltd.      Master File No. C-06-06286 RMW
   Securities Litigation
21                             **CLASS ACTION**
22 ————————————————
   THIS DOCUMENT RELATES TO:      **SUMMARY NOTICE OF PENDENCY**
23                            **AND PROPOSED SETTLEMENT**
   All Actions                    **OF CLASS ACTION AND**
24                           **SETTLEMENT FAIRNESS HEARING**
25
26
27
28

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
**OF CLASS ACTION AND SETTLEMENT FAIRNESS HEARING**

TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED MARVELL TECHNOLOGY GROUP LTD. SECURITIES BETWEEN FEBRUARY 27, 2003 AND OCTOBER 2, 2006, INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action and that a cash settlement of Seventy Two Million Dollars ($72,000,000) has been proposed. A hearing will be held before the Honorable Ronald M. Whyte in the United States District Court for the Northern District of California, Robert F. Peckham Courthouse & Federal Building, 280 South First Street, San Jose, California 95113, Courtroom 6, at ____:____ ___.m., on _____, 2009 to determine whether: (1) the proposed Settlement should be approved by the Court as fair, reasonable and adequate; (2) the Plan of Allocation should be approved; (3) Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved; (4) the claims against Defendants should be dismissed with prejudice; and (5) the Court should rule on such other matters as the Court deems appropriate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice") and Proof of Claim and Release form ("Proof of Claim"), you may obtain copies of these documents by contacting:

*In re Marvell Technology Group Ltd. Securities Litigation*
**c/o Epiq Systems**
**Claims Administrator**
**P.O. Box 5270**
**Portland, OR 97208-5270**
**(877) 271-1389**

Inquiries, other than requests for the Notice and Proof of Claim, may be made to Co-Lead Counsel:

Michael K. Yarnoff, Esq.              Joseph C. Kohn, Esq.
John A. Kehoe, Esq.                   Denis F. Sheils, Esq.
**Barroway Topaz Kessler**            **Kohn, Swift & Graf, P.C.**
**Meltzer & Check, LLP**              One South Broad Street

280 King of Prussia Road                    Suite 2100
Radnor, PA 19087                            Philadelphia, PA 19107

To participate in the Settlement, you must submit a Proof of Claim no later than

_____, 2009. If you are a member of the Class and do not submit a valid Proof of Claim,

you will not share in the settlement, but you nevertheless will be bound by the Order and Final

Judgment entered by the Court in this litigation.  As more fully described in the Notice, the

deadline for submitting objections and requests for exclusion is _____, 2009.

Further information may also be obtained by directing your inquiry in writing to the

Claims Administrator, Epiq Systems, at the address listed above, or by visiting the website

www._____.com.

By Order of the Court

# EXHIBIT B

1    Michael K. Yarnoff (admitted *Pro Hac Vice*)
     John A. Kehoe (admitted *Pro Hac Vice*)
2    Bharati O. Sharma
     **BARROWAY TOPAZ KESSLER**
3      **MELTZER & CHECK, LLP**
     280 King of Prussia Road
4    Radnor, PA  19087
     Telephone: (610) 667-7706
5    Facsimile:  (610) 667-7056
     myarnoff@btkmc.com
6    jkehoe@btkmc.com
     bsharma@btkmc.com
7
     *Co-Lead Counsel*
8
     Joseph C. Kohn (admitted *Pro Hac Vice*)        Joseph J. Tabacco, Jr. (Bar No. 75484)
9    Denis F. Sheils (admitted *Pro Hac Vice*)        Nicole Lavallee (Bar No. 165755)
     William E. Hoese (admitted *Pro Hac Vice*)       Julie J. Bai (Bar No. 227047)
10   **KOHN, SWIFT & GRAF, P.C.**                      **BERMAN DeVALERIO**
     One South Broad Street, Suite 2100               425 California Street, Suite 2025
11   Philadelphia, PA  19107                          San Francisco, CA  94104
     Telephone: (215) 238-1700                        Telephone: (415) 433-3200
12   Facsimile: (215) 238-1968                        Facsimile:  (415) 433-6382
     jkohn@kohnswift.com                              jtabacco@bermandevalerio.com
13   dsheils@kohnswift.com                            nlavallee@bermandevalerio.com
     whoese@kohnswift.com                             jbai@bermandevalerio.com
14
     *Co-Lead Counsel*                                *Liaison Counsel*
15   [Additional counsel appear on signature page]

16

17              **UNITED STATES DISTRICT COURT**
18              **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN JOSE DIVISION**
19
                                              Master File No. C-06-06286 RMW
20   In re Marvell Technology Group Ltd.
     Securities Litigation                    **CLASS ACTION**
21

22   THIS DOCUMENT RELATES TO:                **[PROPOSED] ORDER AND**
                                              **FINAL JUDGMENT**
23   All Actions

24

25

26

27

28

1    WHEREAS, a consolidated class action is pending in this Court against Defendants,

2    captioned *In re Marvell Technology Group Ltd. Securities Litigation*, Master File No. C-06-

3    06286 RMW (the "Action"); and

4    WHEREAS, this matter came before the Court for hearing pursuant to the Order

5    Preliminarily Approving Class Action Settlement dated _____, 2009 (the "Preliminary

6    Approval Order"), on the application of the parties for approval of the Settlement set forth in the

7    Stipulation and Agreement of Settlement dated June 9, 2009 (the "Stipulation") entered into by

8    plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset

9    Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System

10   (collectively, the "Lead Plaintiffs"), on behalf of themselves and the Class (as defined herein),

11   and defendants Marvell Technology Group Ltd. ("Marvell" or the "Company"), Sehat Sutardja,

12   Weili Dai and George Hervey (collectively, the "Defendants" and together with Lead Plaintiffs,

13   the "Parties"), by and through their respective counsel; and

14   WHEREAS, due and adequate notice having been given to the Class, which was

15   preliminarily certified by the Court for settlement purposes, as required in the Preliminary

16   Approval Order, and the Court having considered all papers filed and proceedings had herein and

17   otherwise being fully informed in the premises and good cause appearing therefore;

18   IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

19   1.   This Order and Final Judgment (the "Judgment") incorporates by reference the

20   definitions in the Stipulation and all terms used herein shall have the same meanings as set forth

21   in the Stipulation.

22   2.   This Court has jurisdiction over the subject matter of the Action, and over all

23   Parties to the Action, including all members of the Class.

24   3.   The Notice of Pendency of Class Action and Proposed Settlement, Motion for

25   Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing ("Notice") has been

26   given to the Class (as defined hereinafter), pursuant to and in the manner directed by the

27   Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-

28   Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and all

1   interested persons and entities. The form and manner of the Notice and Summary Notice are

2   hereby determined to have been the best notice practicable under the circumstances and to have

3   been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further

4   determined that all members of the Class are bound by the Judgment herein.

5       4.      Each of the provisions of FED. R. CIV. P. 23 has been satisfied and the Action has

6   been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically,

7   this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of

8   all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the

9   claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their

10  counsel have fairly and adequately protected the interests of the Class; (e) the questions of law

11  and fact common to members of the Class predominate over any questions affecting only

12  individual members of the Class; and (f) a class action is superior to other available methods for

13  the fair and efficient adjudication of the controversy.

14      5.      The Action is hereby certified as a class action for purposes of settlement only

15  pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons and

16  entities who purchased or acquired Marvell securities between February 27, 2003 and October 2,

17  2006, inclusive (the "Class"). Excluded from the Class are (i) the Defendants; (ii) members of

18  the immediate family of each Individual Defendant; (iii) any person who was an officer or

19  director of Marvell during the Class Period; (iv) any firm, trust, corporation, officer or other

20  entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents,

21  affiliates, heirs, successors-in-interest or assigns of any excluded party. Also excluded from the

22  Class are all persons and entities who have excluded themselves from the Settlement by timely

23  requesting exclusion in accordance with the requirements set forth in the Notice, as listed on

24  Exhibit 1 annexed hereto.

25      6.      The Settlement in the amount of $72,000,000 in cash is found to be fair,

26  reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties

27  to the Stipulation are hereby authorized and directed to comply with and to consummate the

28  Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to

1    enter and docket this Judgment in the Action.

2        7.    The Action and all claims included therein, as well as all of the Released Claims

3    (defined in the Stipulation and in Paragraph 8(b) below) are dismissed with prejudice as to the

4    Lead Plaintiffs and the other members of the Class, and as against each and all of the Released

5    Parties (defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own

6    costs, except as otherwise provided in the Stipulation.

7        8.    As used in this Judgment, the terms "Released Claims," "Released Parties,"

8    "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the

9    Stipulation, and specified below:

10            (a)    "Released Claims" means any and all claims, debts, demands, rights or

11   causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or

12   common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

13   accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class,

14   and/or individual in nature, including both known claims and Unknown Claims (as defined

15   herein), (i) that have been asserted in this Action by Lead Plaintiffs and/or the members of the

16   Class or any of them against any of the Released Parties, or (ii) that could have been asserted in

17   this Action, or in any other action or forum by Lead Plaintiffs and/or the members of the Class or

18   any of them against any of the Released Parties which arise out of or are based upon or relate in

19   any way to the allegations, transactions, facts, matters or occurrences, representations or

20   omissions involved, set forth, or referred to in the Action and which relate to the purchase or

21   acquisition of Marvell securities between February 27, 2003 and October 2, 2006, inclusive.

22   Released Claims does not include any claims asserted in the derivative action, *In re Marvell*

23   *Technology Ltd. Derivative Litigation*, Case No. 5:06-cv-03894-RMW, filed on June 22, 2006.

24            (b)    "Released Parties" means Defendants, their parents, subsidiaries,

25   controlling persons, affiliates, and acquirers, and their respective current and former officers,

26   directors, partners, members, employees, agents, attorneys, advisors, auditors, underwriters,

27   insurers, reinsurers, representatives, heirs, predecessors, successors-in-interest, and assigns.

28            (c)    "Settled Defendants' Claims" means any and all claims, debts, demands,

1  rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory

2  or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-

3  accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class

4  and/or individual in nature, including both known claims and Unknown Claims (as defined

5  herein), that have been or could have been asserted in the Action or in any other action or forum

6  by the Defendants or any of them or the successors and assigns of any of them against the Lead

7  Plaintiffs, any Class Member or their attorneys, which arise out of or relate in any way to the

8  institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

9        (d)     "Unknown Claims" means any and all Released Claims that Lead Plaintiffs

10  and/or Class Members do not know or suspect to exist in his, her, or its favor as of the Effective

11  Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in

12  his, her or its favor as of the Effective Date, which if known by him, her or it might have affected

13  his, her or its decision(s) with respect to the Settlement. With respect to any and all Released

14  Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective

15  Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be

16  deemed to have waived, and by operation of the Judgment shall have expressly waived, any and

17  all provisions, rights, and benefits conferred by any law of any state of the United States, or

18  principle of common law or otherwise, which is similar, comparable, or equivalent to California

19  Civil Code § 1542, which provides:

20  **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

21

22

23  Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be

24  deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

25  Released Claims and Settled Defendants' Claims was separately bargained for and was a key

26  element of the Settlement.

27        9.     Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the

28  Class, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents,

1  successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and

2  the respective officers, directors, trustees, elected trustees, ex-officio trustees, Junta de Síndicos,

3  fiduciaries, executive secretaries, portfolio managers, investment advisors, managers,

4  shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to

5  each and every Released Claim, release and forever discharge, and shall forever be enjoined from

6  prosecuting, any Released Claims against any of the Released Parties.

7       10.    Upon the Effective Date of this Settlement, each of the Defendants, on behalf of

8  themselves and each of their past or present subsidiaries, affiliates, parents, successors, and

9  predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective

10  officers, directors, shareholders, agents, legal representatives, and any Persons they represent,

11  shall, with respect to each and every Settled Defendants' Claim, release and forever discharge,

12  and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

13       11.    The Stipulation and all negotiations, statements, and proceedings in connection

14  herewith shall not, in any event, be construed or deemed to be evidence of an admission or

15  concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any

16  other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or

17  received in evidence in any action or proceeding (except an action to enforce this Stipulation and

18  settlement contemplated hereby), or be used in any way as an admission, concession, or evidence

19  of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be

20  evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any

21  other Person, has or has not suffered any damage. The Released Parties may file the Stipulation

22  and/or the Judgment in any action that may be brought against them in order to support a defense

23  or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit,

24  release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion

25  or issue preclusion or similar defense or counterclaim.

26       12.    The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel

27  and the Claims Administrator are directed to administer the Settlement in accordance with the

28  terms and provisions of the Stipulation.

13.     The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14.     Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15.     No Authorized Claimant shall have any claim against Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and any further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

16.     Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and litigation expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

17.     Co-Lead Counsel are hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund, which sum the Court finds to be fair and reasonable. Co-Lead Counsel are hereby awarded a total of $_____ in reimbursement of litigation expenses. The foregoing awards of fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Settlement Amount was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund. The award of attorneys' fees and expenses

1  shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead

2  Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the

3  prosecution of the Action.

4          18.    In making this award of attorneys' fees and reimbursement of litigation expenses

5  to be paid from the Settlement Fund, the Court has considered and found that:

6          (a)    the Settlement has created a fund of $72,000,000 in cash that is already on

7  deposit, plus interest thereon, and that numerous Class Members who submit valid Proofs

8  of Claim will benefit from the Settlement;

9          (b)    Over _____ copies of the Notice were disseminated to putative Class

10  Members indicating that Co-Lead Counsel were moving for attorneys' fees not to exceed

11  20.5% of the Settlement Amount and reimbursement of litigation expenses from the

12  Settlement Fund not to exceed $325,000, plus interest on both amounts, and [__]

13  objections were filed against the terms of the proposed Settlement or the amount of the

14  fees and expenses contained in the Notice;

15          (c)    Co-Lead Counsel have conducted the litigation and achieved the

16  Settlement with skill, perseverance and diligent advocacy;

17          (d)    The Action involves complex factual and legal issues and was actively

18  prosecuted for nearly three years and, in the absence of a settlement, would involve

19  further lengthy proceedings with uncertain resolution of the complex factual and legal

20  issues;

21          (e)    Had Co-Lead Counsel not achieved the Settlement there would remain a

22  significant risk that Lead Plaintiffs and the Class may have recovered less or nothing at

23  all from the Defendants; and

24          (f)    The amount of attorneys' fees awarded and expenses reimbursed from the

25  Settlement Fund are fair and reasonable and consistent with awards in similar cases.

26          19.    Without affecting the finality of the Judgment in any way, the Court reserves

27  exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the

28  Released Parties for the purposes of: (1) supervising the implementation, enforcement,

1   construction, and interpretation of the Stipulation, the Plan of Allocation, and the Judgment; (2)

2   hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees and

3   expenses if such determination is not made at the final hearing; and (3) supervising the

4   distribution of the Net Settlement Fund.

5          20.    In the event that the Settlement does not become effective in accordance with the

6   terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is

7   returned to the Defendants, then this Judgment shall be rendered null and void to the extent

8   provided by and in accordance with the Stipulation and shall be vacated and, in such event, all

9   orders entered, including those certifying a settlement Class, and releases delivered in connection

10  herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

11         21.    There is no reason for delay in the entry of this Judgment and immediate entry by

12  the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil

13  Procedure.

14

15         IT IS SO ORDERED, this _____ day of _____, 2009

16

17                                      _____
                                        **THE HONORABLE RONALD M. WHYTE**
18                                      **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28