Michael K. Yarnoff (admitted *Pro Hac Vice*)
John A. Kehoe (admitted *Pro Hac Vice*)
Bharati O. Sharma
**BARROWAY TOPAZ KESSLER**
  **MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
myarnoff@btkmc.com
jkehoe@btkmc.com
bsharma@btkmc.com

*Co-Lead Counsel*

Joseph C. Kohn (admitted *Pro Hac Vice*)
Denis F. Sheils (admitted *Pro Hac Vice*)
William E. Hoese (admitted *Pro Hac Vice*)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700
Facsimile:  (215) 238-1968
jkohn@kohnswift.com
dsheils@kohnswift.com
whoese@kohnswift.com

*Co-Lead Counsel*
[Additional counsel appear on signature page]

E-Filed: July 31, 2009

Joseph J. Tabacco, Jr. (Bar No. 75484)
Nicole Lavallee (Bar No. 165755)
Julie J. Bai (Bar No. 227047)
**BERMAN DeVALERIO**
425 California Street, Suite 2025
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com
jbai@bermandevalerio.com

*Liaison Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re Marvell Technology Group Ltd. Securities Litigation | Master File No. C-06-06286 RMW |
| | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO: | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| All Actions | |

WHEREAS, on June 9, 2009, plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A and Puerto Rico Government Employees Retirement System (collectively, the "Lead Plaintiffs"), on behalf of the Class (as herein defined), and defendants Marvell Technology Group Ltd. ("Marvell" or the "Company"), Sehat Sutardja, Weili Dai and George Hervey (collectively, the "Defendants," and together with Lead Plaintiffs, the "Parties") in the above-captioned class action (the "Action"), by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Consolidated Class Action Complaint dated August 16, 2007 (the "Complaint") on the merits and dismissal with prejudice as against Defendants; and

WHEREAS, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court hereby certifies, for purposes of effectuating this Settlement, a class pursuant to FED. R. CIV. P. 23 consisting of all persons and entities who purchased or acquired Marvell securities between February 27, 2003 and October 2, 2006, inclusive (the "Class"). Excluded from the Class are (i) the Defendants; (ii) members of the immediate family of each Individual Defendant; (iii) any person who was an officer or director of Marvell during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are all persons and entities who exclude themselves from the Settlement by timely requesting exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing (the "Notice").

3. Pursuant to FED. R. CIV. P. 23 and for purposes of settlement only, Lead Plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A and Puerto Rico Government Employees Retirement System are appointed as Class Representatives.

4. For purposes of a settlement Class only, this Court expressly finds and concludes that the requirements of FED. R. CIV. P. 23(a) and 23(b)(3) are satisfied as: the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; there are questions of law and fact common to the Class which predominate over any individual questions; the claims of Lead Plaintiffs are typical of the claims of the Class; Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Class Members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: the interests of the members of the Class in individually controlling the prosecution of the separate actions, the extent and nature of any litigation concerning the controversy already commenced by members of the Class, the desirability or undesirability of continuing the litigation of these claims in this particular forum, and the difficulties likely to be encountered in the management of the class action.

5. Co-Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The Court preliminarily approves: (i) the settlement of the Action as set forth in the Stipulation, and (ii) the proposed Plan of Allocation described in the Notice, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation or the proposed Plan of Allocation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

7. Co-Lead Counsel are hereby authorized to retain Epiq Systems as the Claims Administrator in connection with the Settlement to supervise and administer the notice and claims procedures.

1    8.    The Escrow Agents are authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

9.    Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on  November 6 , 2009, at 9:00 a.m., in the United States District Court for the Northern District of California, the Honorable Ronald M. Whyte presiding, for the following purposes:

    a.    to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

    b.    to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

    c.    to determine whether the Class should be finally certified for settlement purposes only;

    d.    to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Defendants with prejudice and extinguishing and releasing all Released Claims (as defined in the Stipulation);

    e.    to rule on Co-Lead Counsel's application for an award of attorneys' fees and the reimbursement of litigation expenses; and

    f.    to rule on such other matters as the Court may deem appropriate.

10.    The Court reserves the right to adjourn the Settlement Fairness Hearing or any portion thereof, including the consideration of the application for attorneys' fees and reimbursement of litigation expenses, without further notice of any kind to Class Members.

11.    The Court reserves the right to approve the Settlement (and any related exhibits and documents) at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

12. The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class, including beneficial owners whose Marvell securities are held by banks, brokerage firms, or other nominees. Marvell shall provide to the Claims Administrator, within five (5) business days following the Court's entry of this Order, and without any charge to Lead Plaintiffs or the Class, a copy of Marvell's shareholder lists and transfer record of record transferees of Marvell securities during the Class Period.

13. Within twenty (20) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release form ("Proof of Claim"), substantially in the forms of Exhibits A(1) and A(2) to the Stipulation, to be mailed by first class mail, postage pre-paid, to all identifiable members of the Class, at their last known address appearing in the transfer records maintained by or on behalf of the Company (the "Notice Date").

14. Pursuant to the Notice, each nominee shall either: (i) send the Notice and Proof of Claim to Class Members for whom they act as nominee by first class mail within ten (10) calendar days after the nominee receives the Notice; or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days after the nominee receives the Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the Notice and Proof of Claim to all Class Members who are on the list received from the nominee. The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration describing the efforts taken to comply with this Order and stating that the mailings have been completed in accordance with the terms of this Order.

15. Within ten (10) calendar days of the Notice Date, the Claims Administrator shall publish the Summary Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in

1  *The Wall Street Journal* and once over the *PR Newswire*. Co-Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than seven (7) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating that the Summary Notice has been published in accordance with the terms of this Order.

16. The form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. §78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

17. Any member of the Class who wishes to object to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses must, no later than fourteen (14) calendar days prior to the Settlement Fairness Hearing, file with the Court and serve on counsel (listed below) a written statement of objection in the manner set forth herein and in the Notice. Any member of the Class who objects to the Settlement, the Plan of Allocation, and/or the application for attorneys' fees and reimbursement of litigation expenses, or who otherwise wishes to be heard regarding the foregoing, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court unless, within fourteen (14) calendar days prior to the Settlement Fairness Hearing, such Person files with the Court and serves upon counsel listed below: (1) a written notice of intention to appear containing the Person's name, address, telephone number and signature; (2) a statement of such Person's objection(s) to any matters before the Court concerning this Settlement; (3) the grounds or the reasons that such Person desires to appear and be heard, as well as all documents or writings such

ORDER PRELIMINARILY
APPROVING SETTLEMENT            5                CASE NO.: C-06-06286 RMW

Person desires the Court to consider; (4) whether that Person intends to present any witnesses; and (5) proof of the Person's membership in the Class, which proof shall include the Person's purchase(s)/acquisition(s) of Marvell securities, including the type and amount of Marvell securities purchased/acquired, the dates of such purchase(s)/acquisition(s), and the price(s) received for any sale, and whether such Person continues to hold such Marvell securities at the time the statement of objection is served.  Such filings shall be served upon the Court and the following counsel:

*Co-Lead Counsel for Lead Plaintiffs and the Class:*
Michael K. Yarnoff
John A. Kehoe
**BARROWAY TOPAZ KESSLER
    MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087

Joseph C. Kohn
Denis F. Sheils
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107

*Counsel for Defendant Marvell Technology Group Ltd.:*
Steven M. Schatz
Rodney G. Strickland, Jr.
**WILSON SONSINI GOODRICH
    & ROSATI PC**
650 Page Mill Road
Palo Alto, CA  94304-1050

*Counsel for Defendant Sehat Sutardja:*
John M. Potter
Diane Doolittle
**QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP**
50 California Street, 22nd Floor
San Francisco, CA  94111

*Counsel for Defendant Weili Dai:*
Theodore V. Wells, Jr.
Michele Hirshman
**PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019

*Counsel for Defendant George Hervey:*
Daniel J. Bergeson
Caroline McIntyre
**BERGESON, LLP**
303 Almaden Blvd., Suite 500
San Jose, CA  95110-2712

18. Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion") no later than fourteen (14) calendar days prior to the date of the Settlement Fairness Hearing. A Request for Exclusion must be signed by the Person requesting exclusion and: (1) state the name, address, and telephone number of the Person requesting exclusion; (2) identify the Person's purchase(s)/acquisition(s) of Marvell securities during the Class Period and any sale(s) thereof, including the dates, the number of shares, and price(s) received per share for each such sale; and (3) state that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation and shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or by the Order and Final Judgment.

19. Any Class Member who wishes to participate in the Net Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, to the address indicated in the Notice, postmarked no later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, with postage prepaid and addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with

1   respect to the claim submitted, and shall (subject to the effectuation of the Settlement reflected in
2   the Stipulation) agree and enter into the release as provided in the Stipulation. All Class
3   Members who do not submit valid and timely Proofs of Claim shall be forever barred from
4   receiving any payments from the Net Settlement Fund, but will in all other respects be subject to
5   and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered,
6   whether favorable or unfavorable and whether or not they submit a Proof of Claim, unless such
7   Persons request exclusion from the Class in a timely and proper manner, as provided herein.

8       20.  If this Settlement, including any amendment made in accordance with the
9   Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever,
10  the Settlement (including any modification thereof) made with the consent of the Parties as
11  provided for in the Stipulation, and any actions taken or to be taken in connection therewith
12  (including this Order, the certification of a settlement Class, and any judgment entered herein),
13  shall be terminated and shall become void and of no further force and effect except as set forth in
14  the Stipulation. Notwithstanding the foregoing, the allowance or disallowance of any application
15  for attorneys' fees and expenses are not part of the Settlement and will be considered by the Court
16  separately from the Court's consideration of the fairness, reasonableness, and adequacy of the
17  Settlement. The actual fee and expense award to be approved by the Court is not a settlement
18  term and will not be grounds for terminating the proposed Settlement.

19      21.  All proceedings in the Action, other than such proceedings as may be necessary to
20  carry out the terms and conditions of the Settlement, are hereby stayed and suspended until
21  further order of this Court. Pending final determination whether the Settlement should be
22  approved, Lead Plaintiffs and all members of the Class are barred and enjoined from
23  commencing, prosecuting, continuing, or asserting any action or any claims against the Released
24  Parties that are or relate in any way to the Released Claims as defined in the Stipulation.

25      22.  The contents of the Settlement Fund held by the Escrow Agents shall be deemed
26  and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of
27  the Court, until such time as the contents of those funds shall be distributed pursuant to the
28  Stipulation and/or further order(s) of the Court.

ORDER PRELIMINARILY
APPROVING SETTLEMENT                         8                      CASE NO.: C-06-06286 RMW

23. This Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other Person, has or has not suffered any damage. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. All motions and papers in support of the Settlement and Plan of Allocation, and any application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses, shall be filed and served no later than twenty-one (21) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25. The Court authorizes payment out of the Settlement Fund of notice and administration expenses in accordance with the Stipulation.

26. The Court further retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the release provided for in the Stipulation.

27. The passage of title and ownership of the Settlement Fund to the Escrow Agents in accordance with the terms of the Stipulation is approved. No Person who is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

28. The Court may, for good cause, extend any of the deadlines set forth in this order without further notice to Class Members.

SIGNED this 31st day of July, 2009.

*Ronald M. Whyte*
**THE HONORABLE RONALD M. WHYTE**
**UNITED STATES DISTRICT JUDGE**