Michael K. Yarnoff (admitted *Pro Hac Vice*)
John A. Kehoe (admitted *Pro Hac Vice*)
Bharati O. Sharma
**BARROWAY TOPAZ KESSLER**
   **MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
myarnoff@btkmc.com
jkehoe@btkmc.com
bsharma@btkmc.com

*Co-Lead Counsel*

| | |
|---|---|
| Joseph C. Kohn (admitted *Pro Hac Vice*) | Joseph J. Tabacco, Jr. (Bar No. 75484) |
| Denis F. Sheils (admitted *Pro Hac Vice*) | Nicole Lavallee (Bar No. 165755) |
| William E. Hoese (admitted *Pro Hac Vice*) | Julie J. Bai (Bar No. 227047) |
| **KOHN, SWIFT & GRAF, P.C.** | **BERMAN DeVALERIO** |
| One South Broad Street, Suite 2100 | 425 California Street, Suite 2025 |
| Philadelphia, PA  19107 | San Francisco, CA  94104 |
| Telephone: (215) 238-1700 | Telephone: (415) 433-3200 |
| Facsimile:  (215) 238-1968 | Facsimile:  (415) 433-6382 |
| jkohn@kohnswift.com | jtabacco@bermandevalerio.com |
| dsheils@kohnswift.com | nlavallee@bermandevalerio.com |
| whoese@kohnswift.com | jbai@bermandevalerio.com |
| | |
| *Co-Lead Counsel* | *Liaison Counsel* |

[Additional counsel appear on signature page]

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In re Marvell Technology Group Ltd. Securities Litigation | Master File No. C-06-06286 RMW |
| | **CLASS ACTION** |
| THIS DOCUMENT RELATES TO: | **ORDER AND FINAL JUDGMENT** |
| All Actions | |

1    WHEREAS, a consolidated class action is pending in this Court against Defendants, captioned *In re Marvell Technology Group Ltd. Securities Litigation*, Master File No. C-06-06286 RMW (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Action Settlement dated July 31, 2009 (the "Preliminary Approval Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated June 9, 2009 (the "Stipulation") entered into by plaintiffs Police and Fire Retirement System of the City of Detroit, Monte Paschi Asset Management S.G.R. S.p.A. and Puerto Rico Government Employees Retirement System (collectively, the "Lead Plaintiffs"), on behalf of themselves and the Class (as defined herein), and defendants Marvell Technology Group Ltd. ("Marvell" or the "Company"), Sehat Sutardja, Weili Dai and George Hervey (collectively, the "Defendants" and together with Lead Plaintiffs, the "Parties"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes, as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Litigation Expenses, and Settlement Fairness Hearing ("Notice") has been given to the Class (as defined hereinafter), pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Co-Lead Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and all

1    interested persons and entities. The form and manner of the Notice and Summary Notice are
2    hereby determined to have been the best notice practicable under the circumstances and to have
3    been given in full compliance with each of the requirements of FED. R. CIV. P. 23, and it is further
4    determined that all members of the Class are bound by the Judgment herein.

5          4.   Each of the provisions of FED. R. CIV. P. 23 has been satisfied and the Action has
6    been properly maintained according to the provisions of Rules 23(a) and 23(b)(3). Specifically,
7    this Court finds, for purposes of settlement only, that (a) the Class is so numerous that joinder of
8    all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the
9    claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their
10   counsel have fairly and adequately protected the interests of the Class; (e) the questions of law
11   and fact common to members of the Class predominate over any questions affecting only
12   individual members of the Class; and (f) a class action is superior to other available methods for
13   the fair and efficient adjudication of the controversy.

14         5.   The Action is hereby certified as a class action for purposes of settlement only
15   pursuant to FED. R. CIV. P. 23(a) and 23(b)(3), on behalf of a class composed of all persons and
16   entities who purchased or acquired Marvell securities between February 27, 2003 and October 2,
17   2006, inclusive (the "Class"). Excluded from the Class are (i) the Defendants; (ii) members of
18   the immediate family of each Individual Defendant; (iii) any person who was an officer or
19   director of Marvell during the Class Period; (iv) any firm, trust, corporation, officer or other
20   entity in which any Defendant has a controlling interest; and (v) the legal representatives, agents,
21   affiliates, heirs, successors-in-interest or assigns of any excluded party. Also excluded from the
22   Class are all persons and entities who have excluded themselves from the Settlement by timely
23   requesting exclusion in accordance with the requirements set forth in the Notice, as listed on
24   Exhibit 1 annexed hereto.

25         6.   The Settlement in the amount of $72,000,000 in cash is found to be fair,
26   reasonable, adequate, and in the best interests of the Class, and it is hereby approved. The Parties
27   to the Stipulation are hereby authorized and directed to comply with and to consummate the
28   Settlement in accordance with its terms and provisions; and the Clerk of this Court is directed to

ORDER AND FINAL JUDGMENT       2       CASE NO. C-06-06286 RMW

1 | enter and docket this Judgment in the Action.

2 |     7.    The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 8(b) below) are dismissed with prejudice as to the Lead Plaintiffs and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 8(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

    8.    As used in this Judgment, the terms "Released Claims," "Released Parties," "Settled Defendants' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

    (a)    "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and Unknown Claims (as defined herein), (i) that have been asserted in this Action by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties, or (ii) that could have been asserted in this Action, or in any other action or forum by Lead Plaintiffs and/or the members of the Class or any of them against any of the Released Parties which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action and which relate to the purchase or acquisition of Marvell securities between February 27, 2003 and October 2, 2006, inclusive. Released Claims does not include any claims asserted in the derivative action, *In re Marvell Technology Ltd. Derivative Litigation*, Case No. 5:06-cv-03894-RMW, filed on June 22, 2006.

    (b)    "Released Parties" means Defendants, their parents, subsidiaries, controlling persons, affiliates, and acquirers, and their respective current and former officers, directors, partners, members, employees, agents, attorneys, advisors, auditors, underwriters, insurers, reinsurers, representatives, heirs, predecessors, successors-in-interest, and assigns.

    (c)    "Settled Defendants' Claims" means any and all claims, debts, demands,

1 rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class and/or individual in nature, including both known claims and Unknown Claims (as defined herein), that have been or could have been asserted in the Action or in any other action or forum by the Defendants or any of them or the successors and assigns of any of them against the Lead Plaintiffs, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(d) "Unknown Claims" means any and all Released Claims that Lead Plaintiffs and/or Class Members do not know or suspect to exist in his, her, or its favor as of the Effective Date and any Settled Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Lead Plaintiffs and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

9. Upon the Effective Date of this Settlement, Lead Plaintiffs and members of the Class, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents,

successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective officers, directors, trustees, elected trustees, ex-officio trustees, Junta de Síndicos, fiduciaries, executive secretaries, portfolio managers, investment advisors, managers, shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to each and every Released Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against any of the Released Parties.

10. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and each of their past or present subsidiaries, affiliates, parents, successors, and predecessors, estates, heirs, executors, administrators, successors and assigns, and the respective officers, directors, shareholders, agents, legal representatives, and any Persons they represent, shall, with respect to each and every Settled Defendants' Claim, release and forever discharge, and shall forever be enjoined from prosecuting the Settled Defendants' Claims.

11. The Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiffs, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, or any other Person, has or has not suffered any damage. The Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. The Plan of Allocation is approved as fair and reasonable, and Co-Lead Counsel and the Claims Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Stipulation.

13. The Court finds that all Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Only those Class Members filing valid Proof of Claim and Release forms ("Proofs of Claim") shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

15. No Authorized Claimant shall have any claim against Co-Lead Counsel, the Claims Administrator, or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and any further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of claims, the administration of the Escrow Account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

16. Any order approving or modifying the Plan of Allocation set forth in the Notice, or the application for attorneys' fees and litigation expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein.

17. Co-Lead Counsel are hereby awarded attorneys' fees in the amount of 20.5% of the Settlement Amount, net of litigation expenses, which sum the Court finds to be fair and reasonable. Co-Lead Counsel are hereby awarded a total of $257,144.07 in reimbursement of litigation expenses. The foregoing awards of fees and expenses shall be paid to Co-Lead Counsel from the Settlement Fund, and such payment shall be made at the time and in the manner provided in the Stipulation, with interest from the date the Settlement Amount was funded to the date of payment at the same net rate that interest is earned by the Settlement Fund. The award of

attorneys' fees and expenses shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

18.   In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)   the Settlement has created a fund of $72,000,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit valid Proofs of Claim will benefit from the Settlement;

(b)   Over 408,000 copies of the Notice were disseminated to putative Class Members indicating that Co-Lead Counsel were moving for attorneys' fees not to exceed 20.5% of the Settlement Amount, net of expenses, and reimbursement of litigation expenses from the Settlement Fund not to exceed $325,000, plus interest on both amounts, and not a single objection was filed against the terms of the proposed Settlement or the amount of the fees and expenses contained in the Notice;

(c)   Co-Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d)   The Action involves complex factual and legal issues and was actively prosecuted for nearly three years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)   Had Co-Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing at all from the Defendants; and

(f)   The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

19.   Without affecting the finality of the Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiffs, the Class, and the Released Parties for the purposes of: (1) supervising the implementation, enforcement,

1  construction, and interpretation of the Stipulation, the Plan of Allocation, and the Judgment; (2) hearing and determining any application by Co-Lead Counsel for an award of attorneys' fees and expenses if such determination is not made at the final hearing; and (3) supervising the distribution of the Net Settlement Fund.

20.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying a settlement Class, and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

21.   There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, this 13th day of November, 2009

*Ronald M. Whyte*
**THE HONORABLE RONALD M. WHYTE**
**UNITED STATES DISTRICT JUDGE**