Michael K. Yarnoff (admitted *Pro Hac Vice*)
Jennifer L. Enck
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
myarnoff@ktmc.com
jenck@ktmc.com

*Co-Lead Counsel*

Joseph C. Kohn (admitted *Pro Hac Vice*)
Denis F. Sheils (admitted *Pro Hac Vice*)
William E. Hoese (admitted *Pro Hac Vice*)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700
Facsimile:  (215) 238-1968
jkohn@kohnswift.com
dsheils@kohnswift.com
whoese@kohnswift.com

*Co-Lead Counsel*

Joseph J. Tabacco, Jr. (Bar No. 75484)
Nicole Lavallee (Bar No. 165755)
**BERMAN DeVALERIO**
One California Street
Suite 900
San Francisco, CA  94111
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
jtabacco@bermandevalerio.com
nlavallee@bermandevalerio.com

*Liaison Counsel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

|  |  |
|---|---|
| In re Marvell Technology Group Ltd. Securities Litigation<br><br>―――――――――――――――――<br>THIS DOCUMENT RELATES TO:<br><br>All Actions | Master File No. C-06-06286 RMW<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] ORDER APPROVING FINAL DISTRIBUTION PLAN<br><br>DATE: APRIL 24, 2015<br>TIME:  9:00 A.M.<br>PLACE: COURTROOM 6<br>**THE HONORABLE RONALD M. WHYTE** |

WHEREAS, on November 13, 2009, this Court entered the Final Judgment and Order approving the Settlement of the above-captioned action ("Action"), as embodied in the Stipulation and Agreement of Settlement dated June 9, 2009 ("Stipulation"), ECF No. 281;[1]

WHEREAS, the Court-approved claims administrator for the Action, Epiq Class Action & Claims Solutions ("Epiq"), processed all Proofs of Claim submitted in connection with the Settlement in accordance with the terms of the Stipulation and the Plan of Allocation set forth in the Notice disseminated to the Class;

WHEREAS, upon completion of the processing of Proofs of Claim and pursuant to the Court's Order re: Distribution of Class Settlement Fund dated August 8, 2011, ECF No. 301, Epiq conducted an initial distribution of the Net Settlement Fund to Authorized Claimants ("Initial Distribution");

WHEREAS, following the Initial Distribution and Epiq's efforts to encourage Authorized Claimants to cash their checks, there remained unclaimed and returned funds in the Net Settlement Fund;

WHEREAS, Epiq conducted a second distribution of the unclaimed and returned funds remaining in the Net Settlement Fund to eligible Authorized Claimants ("Second Distribution");

WHEREAS, following the Second Distribution and Epiq's efforts to encourage Authorized Claimants to cash their checks, there currently remains $631,678.50 in unclaimed or returned funds in the Net Settlement Fund; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund.

---

[1] Unless otherwise noted, capitalized terms used herein shall have those meanings contained in the Stipulation or in the Affidavit of Stephanie Thurin in Support of Lead Plaintiffs' Motion for Approval of Final Distribution Plan ("Thurin Affidavit") dated March 11, 2015.

NOW, THEREFORE, upon reading the Thurin Affidavit, submitted on behalf of Epiq, and the accompanying motion and memorandum in support, and upon all prior proceedings herein and after due deliberation, it is hereby:

ORDERED that all Authorized Claimants whose Second Distribution checks are stale-dated and who have not requested a check reissue prior to the entry of this Order will irrevocably forfeit any additional recovery from the Settlement, and the funds allocated to all such stale-dated checks will be available for re-distribution to other Authorized Claimants; and it is further

ORDERED that Epiq be paid up to $56,952 from the remaining balance of the Net Settlement Fund for its fees and expenses incurred, and to be incurred, in connection with its services provided, and to be provided, through the completion of this Action; and it is further

ORDERED that Epiq will conduct a third distribution of the Net Settlement Fund ("Third Distribution"), pursuant to which the remaining balance of the Net Settlement Fund, after deducting the payment to Epiq, and after deducting any payments for estimated taxes and the costs of preparing appropriate tax returns and escrow fees, will be distributed to all eligible Authorized Claimants (*i.e.*, Authorized Claimants who have cashed their checks from the Second Distribution, or have submitted a check reissue request prior to the date of entry of this Order) and who would receive at least $10.00 from such re-distribution); and it is further

ORDERED that all checks issued in the Third Distribution will bear a notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN SIXTY (60) DAYS OF DATE OF ISSUE"; and it is further

ORDERED that Authorized Claimants who do not cash their checks within the time allotted will irrevocably forfeit all recovery from the Third Distribution; and it is further

ORDERED that if after six (6) months after the Third Distribution any funds remain in the Net Settlement Fund from uncashed or returned checks after Epiq has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the Third Distribution cash their checks, and after payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, such remaining funds shall be donated to Bay Area

1  Legal Aid, a 501(c)(3) charitable organization selected by Lead Plaintiffs through their Counsel and
2  agreed to by Marvell Technology Group Ltd; and it is further
3      ORDERED that all persons involved in the review, verification, calculation, tabulation, or
4  any other aspect of the processing of the claims submitted herein, or otherwise involved in the
5  administration or taxation of the Settlement Fund or the Net Settlement Fund are released and
6  discharged from any and all claims arising out of such involvement, and all Class Members,
7  whether or not they are to receive payment from the Net Settlement Fund, are barred from making
8  any further claim against the Net Settlement Fund or the released persons beyond the amount
9  allocated to them pursuant to this Order; and it is further
10      ORDERED that this Court retain jurisdiction over any further application or matter which
11  may arise in connection with this Action.
12      SO ORDERED.

DATED: April 13, 2015

                          *Ronald M. Whyte*
                      THE HONORABLE RONALD M. WHYTE
                      UNITED STATES DISTRICT JUDGE